172

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

Mark E. Schaefer,

                 Plaintiff

VS                                  Case:   2:06cv12824

Cari M. Dominquez, Chair of the EEOC       Honorable Bernard A. Friedman

Equal Employment Opportunity Commission (EEOC)    Magistrate Judge Donald A. Scheer

                 Defendant          Filed on 06-26-2006 at 01:55 PM

## PLAINTIFF'S RESPONSE

## TO DEFENDANTS MOTION TO DISMISS

      NOW COMES, Mark E. Schaefer the plaintiff, and states the following;

The Plaintiff has included enough material in his brief and affidavit to establish plaintiff's claim and the right to continue with these proceeding pursuant 28 U.S.C. § 1346; 28 U.S.C. § 2675; 28 U.S.C. § 2401.

      The grounds and basis for Plaintiff's Response To Defendants Motion To Dismiss are more specifically set forth in the following Plaintiff's Brief and Affidavit.

      I hereby certify that I, Mark E. Schaefer signed this the above captioned Plaintiff's Response To Defendants Motion To Dismiss And/Or For Summary Judgment.

Subscribed and sworn to before me this

30 Day of _October_ , 20 06 .

Notary Public, _Wayne_ County, Michigan.

My Commision Expires: _12-3-2007_

Signature: _Colleen M. LaFavors_

COLLEEN M. LaFAVORS
Notary Public, Wayne County, MI
My Commission Expires Dec. 3, 2007

Date: 10-30-2006

Appreciatively,

_Mark E. Schaefer_

Mark E. Schaefer

6864 Stahelin

Detroit Michigan 48228

Tel:    313-441-0056

## Table of Contents - General Outline

1. Plaintiff's Response to Defendants Motion to Dismiss and/or for Summary Judgment (1page) ............................ 1

2. Table of Contents - General Outline ................................................................................................ 2

3. Plaintiff's Brief in Response to Defendants Motion to Dismiss and/or for Summary Judgment ................... 3-18

4. Plaintiff's Notice of Hearing (1 page) ............................................ 19

5. Plaintiff's Proof of Service/Certificate of Service (2 pages) ............................ 20-21

6. Plaintiff's Affidavit in Support for Plaintiff's Response to Defendants Motion to Dismiss.., ....................... 22-109

7. Plaintiff'sSummary of Exhibits used in Affidavit - Index of Exhibits ................................ 110

8. Plaintiff's Appendices - Exhibits in support of Plaintiff's Affidavit for Plaintiff's Response to Defendants Motion to Dismiss and/or for Summary Judgment. ......................... 111-172

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

Mark E. Schaefer,

Plaintiff

VS

Cari M. Dominquez, Chair of the EEOC

Equal Employment Opportunity Commission (EEOC)

Defendant

Case:   2:06cv12824

Honorable Bernard A. Friedman

Magistrate Judge Donald A. Scheer

Filed on 06-26-2006 at 01:55 PM

---

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF RESPONSE

## TO DEFENDANTS MOTION TO DISMISS

### ISSUES PRESENTED

1.   WHETHER THE COURT SHOLD DISMISS THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION?

2.   WHETHER THE COURT SHOULD DISMISS THIS CASE FOR FAILURE TO STATE A CLAIM?

This court has Jurisdiction over this claim pursuant 28 U.S.C. § 1346 because the plaintiff placed the correct law pertaining to jurisdiction and the United States as the Defendant Name. See plaintiff's Complaint dated 06-26-06 page 10. This court has Jurisdiction over this claim pursuant 28 U.S.C. § 2675 and 28 U.S.C. § 2401.

The Defendants state that it is unclear as to whether the plaintiff is suing both the EEOC Chair and the EEOC or just the chair on page 1 of the Defendants Motion to Dismiss.

The plaintiff made it very clear on page 10 of his compliant:

1. that the United States is the Defendant pursuant 28 USC § 1346.
2. that any action against the United States under section 1346 shall be tried by the court without a jury pursuant 28 U.S.C. § 2402.

Plaintiff is not an attorney and if a form is incorrectly filled out by the plaintiff being ignorant and mislead by the court clerk but the meaning of the plaintiff is clear in the complaint then easy correction is made in the caption of a complaint.

Example plaintiff stated the agency head as Cari M. Dominquez and the agency the EEOC.

Example the defendants change the caption to Naomi Churchill Earp and the agency the EEOC.

Example the magistrate listed in the caption the Equal Employment Opportunity Commission et al.,

On 03-24-06 Plaintiff received the EEOC Final decision with specific orders to follow it's procedure to file a Civil Suit concerning the issues contained in that final denial, in the District Court and to state the agency head on the filing of the civil claim by order of the EEOC. On 06-26-06 and 08-4-06 Plaintiff would have placed the UNITED STATES as defendants: (See plaintiff's affidavit)

1. But on 05-22-06 Plaintiff was told by the court clerk to place the agency name in the Box "defendants name"
2. But on 06-26-06 Plaintiff was told by the court clerk that he had fill out the summons and cover sheet correctly.

Plaintiff sent the summons and complaint to the EEOC (Federal Agency) on 08-04-06 in which the chair was vacated. Then on 08-31-06 the chair was assumed by Noami C. Earp and on 10-26-06 she was appointed to the chair. On 09-22-06 the defendants motioned to dismiss this claim with a vacated chair. Therefore the EEOC operates in quorum pursuant 42 U.S.C. § 2000e-4(c).

On 06-26-06 on page 2 of the complaint, Plaintiff accidentally erased the words *"Defendants are not excluded"*. The first sentence was intended as to read " Tort law: *Defendants are not excluded* pursuant 28 USC § 2680(h) the EEOC has committed Abuse of Process with misrepresentation, deceit, and interference with contract rights as the USPS called it: "problems with EEOC processing" against the plaintiff rights pursuant 42 USC § 2000e-17..," This is consistent with the plaintiff's complaint and re-sponse brief and is acknowledge by the defendants on page 3 of their Motion to dismiss as to jurisdic-tion. No where nor at any time has the plaintiff stated in this claim, that these issues AROSE out of misrepresentation, deceit or abuse of process. This claim directly involves the EEOC **responsibility of implementing** under law pursuant 42 U.S.C § 2000e14 and not the processing of a claim because the processing of the claim was done by the USPS EEO processing department and has been brought forth in its own separate claim. As seen in this claim the EEOC condones and rewards the USPS for violation of Statutes in which the EEOC is responsible for implementing and by intentionally allowing the USPS abuse the EEOC Polices and EEOC orders and EEOC Regulations, thereby the EEOC them-selves are in violation of 42 U.S.C § 2000e14

Minus the unintentional errors by the plaintiff in filling out the cover sheet and summons the plaintiff still got it right on page 10 of his complaint that is the United States is the Defendant (stated twice) and this court has jurisdiction over it (28 U.S.C. § 1346).

All the allegations in the complaint are taken to be true. No where nor at any time has the plaintiff stated in his complaint, that these issues AROSE out of misrepresentation, deceit or abuse of process. But the plaintiff was trying to describe the EEOC intentional refusal to their **responsibility of implementing** pursuant 42 U.S.C § 2000e14 every time he wrote the word **because**...., (then the brief explanation how the EEOC intentionally refused their responsibility of implementing. See plaintiff complaint pages 2-9. See Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993). However, a court need not accept legal conclusions as true or make baseless factual inferences. See in re Sofamor Danck Group, Inc., 123 F.3d 394 (6th Cir. 1997).

### Plaintiff Exhausted His Administrative Requirements

A tort "action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been fully denied by the agency." Pursuant 28 U.S.C. § 2675 and 28 U.S.C. § 2401

The tort issues specifically brought forth in this claim are not barred because plaintiff made contact with the EEOC on 10-24-05 within the time period allowed pursuant  28 U.S.C. § 2401. See Plaintiff Exhibit The Omission and wrongful act for the EEOC to ignore issues specifically brought forth in this claim is the burden of the EEOC and not the plaintiff. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section pursuant 28 USC § 2675(a). Therefore the EEOC has waived its sovereign immunity pursuant 28 USC § 2675(a).See Arigo v.U.S., 980 F.2d 1159 (8th Cir. 1992); See McKenith v. U.S., 771 F. Supp. 670 (D.N.J. 1991); See United States v. Shaw, 309 U.S. 495 (1940).; See Richards v. United States, 369 U.S. 1 (1962); See Rayonier, inc. v. United states 652 U.S. 315 (1957); See Yeary v. United States, 754 F. Supp. 546 (E.D. Mich. 1991).

Plaintiff has thus demonstrated right of action against the EEOC. See Warth v. Seldin, 422 U.S. 490 (1975)

Honorable Bernard A. Friedman     Case:  2:06cv12824      6 of 172

This FTCA suit arises out of the 09-19-05 EEOC decision when the EEOC made a "operational action" and not a "policy decision" and violated 42 U.S.C § 2000e14 and 28 U.S.C. § 1346 and 42 U.S.C § 2000e-16 and 29 U.S.C § 971 and 5 U.S.C. § 8151 and 39 U.S.C. § 1209(c) and 9 U.S.C. § 7 and 5 U.S.C. § 7121 and 5 U.S.C. § 2301 and 29 U.S.C. § 206 and 18 U.S.C. § 1341 and 39 U.S.C. § 1001(e)(1) and 39 U.S.C. § 1001(b) and and 39 U.S.C. § 1003(d) and 39 U.S.C. § 1005(f) and 39 U.S.C. § 1006 and all items that apply under title 5 of the U.S.C and 29 C.F.R. § 1614 and 29 C.F.R. § 1630 is enacted with 29 C.F.R. § 1614.203(b) and the Notification and the Federal Employee Anti Discrimination and Retaliations Act of 2002 and Executive Order 13164 and the Zero Tolerance Policy and etc.

The EEOC was and is the federal agency responsible for 42 U.S.C § 2000e14 which plainly states:

> The Equal Employment Opportunity Commission shall have the **responsibility** for developing and **implementing** agreements, policies and practices designed to maximize effort, promote efficiency, and eliminate conflict, competition, duplication and inconsistency among the operations, functions and jurisdictions of the various departments, agencies and branches of the Federal Government responsible for the implementation and enforcement of equal employment opportunity legislation, orders, and policies.

The EEOC confirmed their intentional wrongful act in their operational action made in their decision by their 03-24-06 final decision after the plaintiff began this tort proceeding on 10-24-05 with the EEOC. The EEOC operational action made in their decisions allows the USPS to operate in violation of several Federal statutes. Therefore the EEOC's operational action made in both their decisions is contrary to statute, regulation, or policy. See Dalehite v. United States, 346 U.S. 15 (1953);  See Gaubert v. U.S., 499 U.S. 315, 111 S.Ct. 1267 (1991)  See USF&G v. U.S., 837 F.2d 116 (3d Cir. 1988)

See Remanded Claim of 05-31-02; See Decision of 09-19-05; See Final decision of 03-24-06

Honorable Bernard A. Friedman          Case:   2:06cv12824          7 of 172

The discretionary function exception to the Federal Tort Claims Act (FTCA) does not protect all governmental activities involving an element of choice. See Berkovitz v. United States, 486 U.S. 531, 536-537 (1988). The choice must be "grounded in social, economic, [or] political policy, See United States v. Varig Airlines, 467 U.S. 797, 814 (1984), or, more briefly, must represent a "policy judgment," Berkovitz, supra, at 537. Moreover, while a government program may be discretionary, not every act in carrying it out is. See Prescott v. U.S., 959 F.2d 793 (9th Cir. 1992).

The EEOC operational action made in their decisions allows the USPS to operate in violation of several Federal statutes that directly had an adverse affect on plaintiff to include but not limited to:

1.  Implementation and enforcement of EEOC legislation, orders, and policies  42 U.S.C § 2000e14.

    USPS did not obey the EEOC remanded complaint.

    EEOC did not implement their remanded complaint dated 05-31-02.

2.  Actions of the Employer to place employee - 20 C.F.R. § 10.505 and 20 C.F.R. 10.507 and 5 U.S.C. § 8151(b)(2).

    USPS did not take action when OWCP stated that plaintiff was no longer totally disabled on 06-28-00 and as a result the plaintiff filled an EEOC Claim against the USPS.

3.  Safe Identity 29 C.F.R. § 1614.105(g).

    USPS inform Employees by ordered meetings that plaintiff has disability

    USPS Ms. Gaines is made aware of the plaintiff filing EEOC claim in the pre-counseling stage.

4.  Executive Order 13164

    USPS informed plaintiff of his rights nor allow plaintiff his rights under executive order 13164.

5.  Counselor shall not attempt to restrain the aggrieved from filing complaint. 29 C.F.R. § 1614.105 (g)

    EEOC attempts to restrain plaintiff from filing EEOC Claim against the EEOC. See EEOC letter dated 05-19-06.

Honorable Bernard A. Friedman          Case:   2:06cv12824          8 of 172

6. Federal Government shall become model employer of individuals with handicaps 29 C.F.R. § 1614.203(b).

7. Joint processing and consolidation of complaints 29 C.F.R. § 1614.606

8. Reassignment - 29 C.F.R. § 1614.203(g)

9. Reasonable accommodation 29 C.F.R. § 1614.203(c)

10. Access to building 29 C.F.R. § 1614.203 (f)

   Grievance procedure

   Placing route bid in box

   Discrimination policy of the Postmaster in Livonia.

11. Civil service retention rights - 5 U.S.C. § 8151 that is enacted by 39 U.S.C. § 1001(b).

12. Penalty for making of willfully false statements on report - 29 C.F.R. § 1602.8

13. Termination 29 C.F.R. § 1630.4 (b) that is enacted with 29 C.F.R. § 1614.203(b).

14. Access to public food drive 29 C.F.R. § 1630.4 (h) that is enacted with 29 C.F.R. § 1614.203(b).

15. Denied Freedom of Movement: Infinite restriction to Livonia Postal grounds and all postal facilities - 29 C.F.R. § 1630.4 (h) that is enacted with 29 C.F.R. § 1614.203(b).

16. Problems with the processing of the EEO Complaint. 29 C.F.R. § 1630.4 (i) that is enacted with 29 C.F.R. § 1614.203(b).

17. The 1998 National Agreement pursuant to 29 C.F.R. § 1630.4 (i) that is enacted with 29 C.F.R. § 1614.203(b).

18. Confidentiality 29 CFR 1640.4

19. Continues obstruction of mail - 18 U.S.C. § 1341

20. Violent choking and because of medical conditions plaintiff withdrew EEOC compliant and the EEOC did not allow plaintiff to reopen it in 2001. See Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.), cert. denied, 117 S. Ct. 316 (1996).

21. Reprisal/Harassment Mr. Cappelli- call after business hours-"take care of yourself"

"Supervisor called complainant at home regarding his EEO activity. The Commission found that the supervisor's action violated the letter and spirit of the EEO regulations and evidenced interference with the EEO process. It served to have a "potentially chilling effect" on the filing of a complaint, stated the Commission. In the decision, the Commission cautioned agencies to insure that supervisors and managers perform in a manner that assures "a continuing affirmative application and vigorous enforcement" of EEO." See Anderson v. Department of the Air Force, *EEOC Appeal No. 01983069 (February 16, 2000)*.

Also "chilling effect of retaliation on other employee's willingness to exercise their rights or testify for plaintiff constitutes irreparable harm). See Garcia v. Lawn, 805 F.2d 1400, 1405-06 (9th Cir. 1986)

These are the legislation's and Orders and policies and practices that the EEOC has intentionally refused to be responsible for in their developing and implementing against the federal agency the USPS that directly had an adverse affect on plaintiff:

1. The EEOC order remanded complaint dated on 05-31-02.

2. The EEOC order to send a copy of report to the appellant on 06-07-02.

3. The EEOC refusal to enforce its order dated on 07-17-02 and 11-14-02

4. The EEOC Decision dated 09-19-05

5. The EEOC order final decision dated 03-24-06.

6. The EEOC letter dated 05-19-06.

7. Federal Register: July 12, 1999 (Volume 64, Number 132) - Regulations Concerning Federal Sector Equal Employment Opportunity -

8. EEOC Policy Guidance on Executive Order 13164: Establishing Procedures to Facilitate the Provision of Reasonable Accommodation.

Honorable Bernard A. Friedman     Case: 2:06cv12824

9. Executive Order 13164 Section 1(b)(8)

10. EEOC COMPLIANCE MANUAL

11. 1998 National Agreement

12. Zero tolerance policy

13. MD110

14. EEOC Enforcement Guidance on the Americans with Disabilities Act and Psychiatric Disabilities

15. EEOC Enforcement Guidance: Workers' Compensation and the ADA

16. Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (ADA)

17. EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act

18. Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors

19. Model EEO Programs Must Have An Effective Anti-Harassment Program

20. Questions & Answers: Final Federal Sector Complaint Processing Regulations 29 C.F.R. Part 1614

21. Section 902 Definition of the Term Disability

22. The Americans with Disabilities Act of 1990, Titles I and V

23. The Rehabilitation Act of 1974

24. Title VII of the Civil Rights Act of 1964

25. U.S. Equal Employment Opportunity Commission Handbook for Administrative Judges July 1, 2002

26. EEOC Compliance Manual on Retaliation

27. EEOC: Definition of the Term "Disability" at 902.8(f), 8 FEP Manual (BNA) 405:7282 (1995)

28 Revised Enforcement Guidance on Recent Developments in Disparate Treatment Theory.

Statute waives the Governments immunity from suit in sweeping language pursuant 39 U. S. C. § 465 U. S., at 853, n. 9,   See *United States* v. *Yellow Cab Co.,* 340 U. S. 543, 547 (1951); See *United States* v. *Nordic Village, Inc.,* 503 U. S. 30, 34 (1992).

Nowhere in 28  U. S. C. § 2680 does it exempt claims arising out a "operational action" that is contrary to statute, regulation, or policy. Had Congress intended  to  preserve  immunity  for  all  torts and could have  used  similarly sweeping language in §2680. See  Dolan vs USPS 546 U.S. 848 (2006)

This case does not implicate  the  general  rule  that  a  waiver  of  the  Governments sovereign immu-nity will be strictly construed, in terms of its scope, in favor of the sovereign,. Which is avoiding expo-sure of the United States to liability for excessive or fraudulent claims. as a principal aim of the FTCA exceptions pursuant 465 U. S., at 858. See *Lane* v. *Peña,* 518 U. S. 187, 192 (1996).

The proper objective of a court attempting to construe  one  of  the  subsections  of  28  U. S. C.  §2680 is  to identify  those  circumstances  which  are  within  the  words and  reason  of  the  exception..no less  and  no  more.. *see Dalehite* v. *United States,* 346 U. S. 15, 31 (1953)

The United States may be held liable for damages to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his/her office or employment, under circumstances where the United States, **if a private person,** would be liable to the claimant in accordance with the law of the place where the act or omission occurred pursuant 28 U.S.C. §1346(b). See plaintiff's Complaint dated 06-26-06 page 10. For the Plaintiff to recover from the United States, a claimant need not point to identical activity by a private individual.  *See* Rayonier Inc. v. United States, 352 U.S. 315 (1957).

Honorable Bernard A. Friedman          Case:   2:06cv12824          12 of 172

<u>Negligent or Wrongful Act or Omissions Requirement</u>.

The FTCA imposes liability for either negligent or wrongful acts, and some type of malfeasance or nonfeasance is required. This case involves the doctrine of *res ipsa loquitur*, wherein "the thing speaks for itself". This is a rebuttable presumption by which, using circumstantial evidence, the burden of proving a breach is shifted from the plaintiff onto the defendant. The following elements must exist: a) The defendant had exclusive control of the instrumentality that caused the injury; and b) The incident would not have occurred in the absence of negligence; and c)The victim committed no contributory negligence. 4)The victim incurred an injury. See Dalehite v. United States, 346 U.S. 15 (1953);   See Free v. Bland, 369 U.S. 663 (1962);   See Laird v. Nelms, 406 U.S. 797 (1972).

<u>If the EEOC was a private person then plaintiff is allowed to use the following Laws to bring forth this case.</u>
1) 42 U.S.C. § 2000e-16(c) (1988). 2) Title VII of the Civil Rights Act of 1964 and all its amendments.  3) 42 U.S.C. 1981, to provide for the recovery of compensatory and punitive damages in cases of intentional violations of Title VII, the Americans with Disabilities Act of 1990,  4) The Rehabilitation Act.  5) 29CFR1630 in its entirety  6) Michigan's Workers' Disability Compensation Act Of 1969 Act 317 Of 1969.  7) Michigan Employee agreements and contracts and policies. 8) Specific Michigan law found in **MCL 418.131** and **MCL 418.111** and **MCL 418.115** and **MCL 418.151** and 9) other the MCL and MCLA.  10) Michigan Constitution.

Plaintiff has the right to bring forth these issues because he would be allowed to bring these issues because <u>a private person,</u> would be liable to the claimant in accordance with the law of the place where the act or omission occurred pursuant 28 U.S.C. §1346(b)(1) and MCL 418.131 and MCL 418.111 and MCL 418.115 and MCL 418.151. See Kosak v. United States, 465 U. S. 848 (1984).  See Jarecki v. G. D. Searle & Co., 367 U.S. 303, 307 (1961); See Dole v. Steelworkers, 494 U.S. 26, 36 (1990)

Honorable Bernard A. Friedman              Case:   2:06cv12824              13 of  172

"The language of 28 U.S.C. 2674, imposing liability "in the same manner and to the same extent as a private individual under like circumstances," is not to be read as excluding liability for negligent conduct in the operation of an enterprise in which private persons are not engaged. Pp. 64-65.
The Tort Claims Act does not impliedly incorporate the distinction between "governmental" and "non-governmental" functions which has caused confusion in the law of municipal liability for torts."
See INDIAN TOWING CO. v. UNITED STATES, 350 U.S. 61 (1955).


Negligence *per se* can arise under State law from a statutory violation or extreme wrongdoing.  However, the invocation of negligence *per se* is measured against state law, not local law.
See Seaberg v. U.S., 448 F.2d 391 (9th Cir. 1971).


## EEOC Violates MCL 418.131 found in plaintiff's issues

1.  Plaintiff is injured because the EEOC deliberately and omissively refused all the plaintiff rights under Federal Law and EEOC Policies and Michigan Laws upon the plaintiff returning to work in 2000.

2.  The EEOC specifically intended an injury because they did not properly allow the plaintiff his rights under Federal Law and EEOC Policies and Michigan State Law in which they had exclusive control.

3.  The EEOC is deemed to have intended to injure plaintiff because the EEOC had actual knowledge that an injury was certain to occur because the EEOC knew that under Federal Law and EEOC Policies and Michigan State Law protects the plaintiff that is bound therein from injury and because plaintiff himself wrote the EEOC specifically inquiring why his specific rights were not followed (omission) and willfully disregarded that knowledge.

Title VII grants jurisdiction to the federal courts in three types of case:

1. section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3) grants jurisdiction over actions brought against .., **Employment Agencies..,** the EEOC is an employment agency that has discriminated against the rights of the plaintiff because <u>the plaintiff was discouraged from representing others in EEOC claims and seeking employment at the EEOC</u>. The EEOC is responsible for the implementation and enforcement of equal employment opportunity legislation, orders, and policies pursuant 42 U.S.C § 2000e14.

2. Section 707(b), 42 U.S.C. § 2000e-6(b) grants jurisdiction over **actions brought by the EEOC** against persons engaged in a pattern or practice of resistance to the goals of Title VII. Plaintiff by law must exhaust the EEOC procedure and <u>actions where brought by the EEOC against the USPS pursuant their remanded claim dated on 05-31-02.</u> The USPS EEO processing department engaged in a pattern or practice of resistance to the goals of Title VII. But the EEOC is omissive and wrongfully overlooked the goals of title VII and allowed the USPS abuse of process and their failure to follow a direct order given by the EEOC on 05-31-02. The EEOC is responsible for the implementation and enforcement of equal employment opportunity legislation, orders, and policies pursuant 42 U.S.C § 2000e14.

3. Section 717, 42 U.S.C. § 2000e-16 grants jurisdiction over suits by **federal employees or applicants** .., against the head of the federal agency accused of discriminatory employment practice. <u>EEOC actively discouraged plaintiff from filing discrimination suit against the EEOC because they stated that the claim would likely be dismissed for failure to state a claim in their letter to the plaintiff on 05-16-06.</u> The EEOC is responsible for the implementation and enforcement of equal employment opportunity legislation, orders, and policies pursuant 42 U.S.C § 2000e14.

EEOC Violates the following STANDARD of Negligent or Wrongful Act or Omissions Requirements

   a.  The EEOC had exclusive control of the instrumentality that caused the injury to the plaintiff.

   b.  These issues wouldn't have occurred in absence of negligence and wrongful acts by EEOC.

   c.  The plaintiff committed no contributory negligence to these issues.

   d.  The plaintiff incurred an injury. See plaintiff affidavit.

Here the EEOC is negligent, omissive and acts wrongfully against the plaintiff's rights because the EEOC is responsible for the implementation of equal employment opportunity legislation, orders, and policies pursuant 42 U.S.C § 2000e14. The EEOC assumes a position above the law that governs themselves and acts against goals of title VII and wrongfully allowed the USPS abuse of process and their failure to obey a direct order of the EEOC. See plaintiff affidavit.


The principle that punishment should fit the crime "is deeply rooted and frequently repeated in common-law jurisprudence." See Solem v. Helm, 463 U. S. 277, 284 (1983). See Burkett v. Lanata, 15 La. Ann. 337, 339 (1860) (punitive damages should be "commensurate to the nature of the offense"); see Blanchard v. Morris, 15 Ill. 35, 36 (1853) ("[W]e cannot say [the exemplary damages] are excessive under the circumstances; for the proofs show that threats, violence, and imprisonment, were accompanied by mental fear, torture, and agony of mind"); see Louisville & Northern R. Co. v. Brown, 127 Ky. 732, 749, 106 S. W. 795, 799 (1908) ("We are not aware of any case in which the court has sustained a verdict as large as this one unless the injuries were permanent"). See plaintiff affidavit.


Plaintiff's Personal injury of intentional and continuos capital economic punishment and sever mental pain and anguish, loss of health, sleeplessness, personal relationship strain, loss of personal relationships, humiliation, emotional distress, loss of self esteem, excessive fatigue, injury to professional standing, injury to character and reputation, injury to credit standing, Suspicion, Paranoia, Anxiety, Phobia, Fears and Helplessness. See plaintiff affidavit.

The EEOC refusal to implement it 05-31-06 order and the polices of the EEOC contributed the continued the <u>Capital Economic Punishment</u> because the plaintiff was not reassigned pursuant 29 C.F.R. § 1614.203(g) and 20 C.F.R. § 10.505 and 20 C.F.R. 10.507 and 5 U.S.C. § 8151(b)(2). The OWCP did not advised the plaintiff that it has found the offered work to be suitable because the USPS refused to reassign the plaintiff. The OWCP told the plaintiff multiple times that they were waiting for the USPS to make such an offer even after Pam Cangelosi of the OWCP called and asked the USPS if they would make such a offer and the USPS refused pursuant 20 C.F.R. 10.516.

Plaintiff objects to the defendants referring to plaintiff as "Schaefer". Plaintiff requests this court to order the defendants and their attorneys to describe the Victim Mr. Schaefer as the "plaintiff" and to use the term Mr. Schaefer when referring to the person bringing forth this claim per se. This way the court will create the difference between the Victim (plaintiff) and the representative of the victim (Mr. Schaefer). And will also force the EEOC to have some respect for the plaintiff who is by the OWCP standard still partially disabled. This disrespect on the part of the EEOC further shows their negligence to the goals of Title VII.

Wherefore, the plaintiff prays that this court find in favor of the plaintiff:

1. Adjust the defendant's name to the United States as intended by the plaintiff or the plaintiff be allowed to amend forms to state that the United States are the Defendants.

2. Deny the Defendants motion to Dismiss

3. Order defendants to state victim as "plaintiff" and representative of victim as "Mr. Schaefer"

4. Allow this proceeding to continue.

5. Consider and allow all plaintiff rights regarding his poverty conditions and partial disability.

I, Mark E. Schaefer, hereby certify that on October 10, 2006 I signed this the Plaintiff's Brief In Support Of Plaintiff Response To Defendants Motion To Dismiss.

Subscribed and sworn to before me this
_____30_____ Day of _____October_____ , 20 _06_ .
Notary Public, _____Wayne_____ County, Michigan.
My Commision Expires: _____12-3-2007_____ .

Signature: _____Colle m. Lafavor_____

COLLEEN M. LaFAVORS
Notary Public, Wayne County, MI
My Commission Expires Dec. 3, 2007

Date: 10-30-2006

Appreciatively,

Mark E. Schf

Mark E. Schaefer

6864 Stahelin

Detroit Michigan 48228

Tel: 313-441-0056

Honorable Bernard A. Friedman     Case: 2:06cv12824     18 of 172

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Mark E. Schaefer,

                Plaintiff

VS                                                             Case:  2:06cv12824

Cari M. Dominquez, Chair of the EEOC            Honorable Bernard A. Friedman

Equal Employment Opportunity Commission (EEOC)      Magistrate Judge Donald A. Scheer

              Defendant            Filed on 06-26-2006 at 01:55 PM

_____/

## NOTICE OF HEARING FOR PLAINTIFF RESPONSE

## TO DEFENDANTS MOTION TO DISMISS

To:

| Cari M. Dominquez | Alberto R. Gonzales | Stephen J. Murphy III - Susan Declercq |
|---|---|---|
| EEOC | Attorney General of the US | US Attorney Michigan Eastern District |
| 1801 L Street N.W. | 10th and Pennsylvania Ave. NW. | 211 W. Fort Street, Suite 2001 |
| Washington, D.C. 20507 | Washington, DC. 20530 | Detroit, Michigan 48226 |

From:

Mark E. Scahefer

6864 Stahelin

Detroit, Michigan 48228 (tel 313-441-0056)

Please take notice that a hearing will be held concerning this Response on _____,

in the courtroom of Honorable Judge Bernard A. Friedman, located at 231 W. Lafayette Blvd., Rooms 236

or 238, Detroit, Michigan, 48226 or on any other hearing date that may be set in this matter.

To determine if the plaintiff will be granted his response to summary judgment and be allowed to

continue with these proceedings.

Honorable Bernard A. Friedman            Case:  2:06cv12824            19  of  172

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Mark E. Schaefer,

                Plaintiff

VS                                   Case:  2:06cv12824

Cari M. Dominquez, Chair of the EEOC     Honorable Bernard A. Friedman

Equal Employment Opportunity Commission (EEOC)     Magistrate Judge Donald A. Scheer

                Defendant     Filed on 06-26-2006 at 01:55 PM

_____/

## PROOF OF SERVICE - CERTIFICATE OF SERVICE FOR PLAINTIFF RESPONSE
## TO DEFENDANTS MOTION TO DISMISS

I, Mark E Schaefer, hereby certify that on October 10, 2006 that I hand delivered 1 original with 1

additional Copy accordingly marked JUDGES COPY of the following:

       Plaintiff's Response to Defendants Motion to Dismiss and/or for Summary Judgment

       Table of Contents

I       ndex of Authorities (statutes, cases and other)

       Plaintiff's Brief in Response to Defendants Motion to Dismiss and/or for Summary Judgment

       Plaintiff's Notice of Hearing

       Plaintiff's Proof of Service/Certificate of Service

       Plaintiff's extensive Summary of Exhibits used in Affidavit - Extensive Table of Contents

       Plaintiff's Affidavit in Support for Plaintiff's Response to Defendants Motion to Dismiss and/or for Summary Judgment

Upon:

United States District Court

231 W. Lafayette Street

Detroit, Michigan 48226-2797

Honorable Bernard A. Friedman     Case:  2:06cv12824     20  of  172

I, Mark E. Schaefer, hereby certify that on October 30, 2006 with cost of postage fully paid sent by USPS certified mail at a post office located in Michigan, I served copy of the foregoing:

Plaintiff's Response to Defendants Motion to Dismiss and/or for Summary Judgment
Table of Contents
Index of Authorities (statutes, cases and other)
Plaintiff's Brief in Response to Defendants Motion to Dismiss and/or for Summary Judgment
Plaintiff's Notice of Hearing
Plaintiff's Proof of Service/Certificate of Service
Plaintiff's extensive Summary of Exhibits used in Affidavit - Extensive Table of Contents
Plaintiff's Affidavit in Support for Plaintiff's Response to Defendants Motion to Dismiss and/or for Summary Judgment

Upon:

Cari M. Dominquez, Chair of the EEOC
Equal Employment Opportunity Commission
1801 L Street N.W.
Washington, D.C. 20507

Via USPS Certified Mail with
receipt (ps form 3811).
7006-0810-0004-3717-6899

Alberto R. Gonzales
Attorney General of the United States
United States Department of Justice
10th and Pennsylvania Ave. NW.
Washington, DC. 20530

Via USPS Certified Mail with
receipt (ps form 3811).
7006-0810-0004-3717-6882

Stephen J. Murphy III - Susan Declercq
United States Attorney Michigan Eastern District
United States Department of Justice
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226

Via USPS Certified Mail with
receipt (ps form 3811).
7006-0810-0004-3717-6868

I declare under penalty of perjury under the laws of the United States of America that the statements contained in the proof of service (pages 20-21 ~~36-37~~) are true and correct to the best of my knowledge.

Subscribed and sworn to before me this
_30_ Day of _October_ , 20 _06_ .
Notary Public, _Wayne_ County, Michigan.
My Commision Expires: _12-3-2007_ .

Signature: _Colleen M. LaFavors_

COLLEEN M. LaFAVORS
Notary Public, Wayne County, MI
My Commission Expires Dec. 3, 2007

Date: 10-30-2006
Appreciatively,

_Mark E. Schaefer_

Mark E. Schaefer
6864 Stahelin
Detroit Michigan 48228
Tel: 313-441-0056

Honorable Bernard A. Friedman        Case:  2:06cv12824        21 of 172

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

Mark E. Schaefer,

Plaintiff

VS

Case:   2:06cv12824

Cari M. Dominquez, Chair of the EEOC

Honorable Bernard A. Friedman .

Equal Employment Opportunity Commission (EEOC)

Magistrate Judge Donald A. Scheer

Defendant

Filed on 06-26-2006 at 01:55 PM

_____/

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S RESPONSE

## TO DEFENDANTS MOTION TO DISMISS

I certify that My name is Mark E. Schaefer and I am the plaintiff in the above captioned claim and I filed this response timely.

I certify that this tort claim is against the United States in which the Agency name is (EEOC) Equal Employment Opportunity Commission. I did not bring this claim against the federal agency known as OWCP.

I certify that I submitted 1 through 11 exhibits in support of my affidavit and response brief.

I certify that I filed a 1000 page affidavit on 11-19-2001 for claim # 4J-481-0093-01 with is against the USPS and the USPS's Ms. Klein from the EEO Processing department ordered me to sign each page of the affidavit or the document would not be processed.

I certify that I filed a 542 page affidavit on 07-22-2002 for claim # 4J-481-0155-00 with is against the USPS.

Honorable Bernard A. Friedman        Case:   2:06cv12824              22 of 172

I certify that I filed a pre-counseling form on 07-23-1997 for claim #4-J-481-0158-97 when on 07-05-1997

I was a victim of a violent choking attack that a USPS supervisor did to me while I was working when I

was not looking and while I was defenseless with my hands in my pockets. I was not in my right mind and

I withdrew the claim and is confirmed by the OWCP and several physicians.

I certify that the personal injury from the EEOC is very sever to include capital economic punishment and

sever mental pain and anguish, loss of health, sleeplessness, personal relationship strain, humiliation,

emotional distress, loss of self esteem, excessive fatigue, injury to professional standing, injury to

character and reputation, injury to credit standing, Fears and Helplessness all these things the EEOC has

intentionally condoned and placed in my life.

I certify that the OWCP has stated several times to me that the OWCP is waiting for the Post Office to

confirm my job position from my employer and the Post Office refused to confirm my Job Position based

on preconceived idea that I am still totally disabled because of my past medical and not the current

medical and because the OWCP has already stated that I was no longer totally disabled.

I certify that the OWCP has not given authorization for the USPS to change my status.

I certify that at no time has the OWCP stated to the Postal Service that I cannot return my position but

just that I am no longer totally disabled and that the OWCP waits for the USPS to confirm my job position

and the OWCP would remove me from their rolls. This was told to me from Pam Cangelosi from OWCP

and Mrs. Semmer from the Department of Labor.

I certify that the OWCP Mrs. Cangelosi has stated to me that she contacted the Post Office and the Post

Office refused to confirm my Job Position.

I certify that due to extreme poverty and capital Economic Punishment created by the USPS and condoned by the EEOC and ignored by the OPM and the OFO. I am not able to submit all the pages I have to support my claim. If I would have received help from the court to send documents to the defendants it would have been likely I would had been able to submit all the evidence I have for this claim to the court. I had not received a response from the court concerning the plaintiff ex parte motion to submit exhibits in the traditional manner and plaintiff's motion to proceed in forma paupris. This court is aware of the 1625 pages that I submitted for my claim against the USPS and 5 times 1625 equals 8125 pages plus postage. I do not blame this court for my worsening poverty. I am **hungry** and **weak** and **freezing** and **in jeopardy of losing my residence** and **almost all monthly bills are late** and **still considered by the OWCP partially disabled** and all of this makes it almost impossible to present this court with my best effort to bring forth my claim. This court has already been informed of my worsening condition of poverty and oppression. So I can only do with that in which I have been allowed and can afford.

I certify that this claim arose out of the 09-19-05 EEOC decision when the EEOC made a "operational action" and not a "policy decision" and violated 42 U.S.C § 2000e14 and 28 U.S.C. § 1346 and 42 U.S.C § 2000e-16 and 29 U.S.C § 971 and 5 U.S.C. § 8151 and all items that apply under title 5 of the U.S.C. and 39 U.S.C. § 1001(e)(1) and 39 U.S.C. § 1001(b) and 39 U.S.C. § 1003(d) and 39 U.S.C. § 1005(f) and 39 U.S.C. § 1006 and 5 U.S.C. § 7121 and 5 U.S.C. § 2301 and 18 U.S.C. § 1341 and 39 U.S.C. § 1209(c) and 9 U.S.C. § 7 and 28 C.F.R. § 42.302  29 C.F.R. § 1614 and 29 C.F.R. § 1630 is enacted with 29 C.F.R. § 1614.203(b) and the Notification and the Federal Employee Anti Discrimination and Retaliations Act of 2002 and Executive Order 13164 and the Zero Tolerance Policy and etc.

I certify that on 10-24-05 I notarized and sent the EEOC via first class mail, my letter beginning the tort process.

Honorable Bernard A. Friedman          Case:  2:06cv12824                    24 of 172

I certify that on 03-24-06 I received the EEOC Final decision with specific orders to follow it's procedure to file a Civil Suit in the District Court and to state the agency head on the filing of the civil claim by order of the EEOC. I certify that on 06-26-06 I would have placed the UNITED STATES as defendants

1. But on 05-22-06 I was told by the court clerk to place the agency name in the Box "defendants name"

2. But on 06-26-06 I was told by the court clerk that I had fill out the summons and cover sheet correctly.

I certify that I was discouraged from representing individuals in the EEOC process by the EEOC and seen in the EEOC delay to answer questions and then of course their deceitful and shameful letter dated on 05-16-06.

I certify that I was discouraged from bringing a EEOC claim against the EEOC (Federal employment agency) because the EEOC wrote me that it would most likely be dismissed for failure to state a claim on 05-16-06.

I certify that on 05-22-06 I was told by the court clerk to place the agency name in the box "defendants Name" when I asked her the proper procedure to filling out the Summons and cover sheet.

I certify that on 06-26-06 when I asked the court clerk if I filled out the summons and cover sheet correctly she said yes.

I certify that on 7-12-02 and 11-06-02 and 12-15-03 and 10-24-05 I requested the EEOC to enforce its 05-31-02 order of the remanded claim and the EEOC refused on 07-17-02, 11-14-02, 09-19-05 and 03-24-06.

Honorable Bernard A. Friedman                Case:  2:06cv12824                25 of 172

I certify that on 06-26-06 on page 10 I placed the correct law pertaining to jurisdiction and the United states as the defendant's name and I placed the correct Jurisdiction on the civil cover sheet that indicates that the United States is the defendant.

I certify that the court clerk did not send me the original summons back to me but forced me to redo the summons. I have no idea what the court clerk did with the original summons because as of today's date (10-30-06) I have not received them back from the court.

I certify that on 06-26-06 I had made errors on the civil cover sheet (ignorantly and unknowingly and misled):
1. Defendants (box II) is the United States and not the EEOC- Cari M. Dominquez.
2. Cause of Action (box VI) is 42 U.S.C § 2000e14 &  28 U.S.C. § 1346(b)(1) and not 28 U.S.C. § 2680.

I certify that on 08-04-06 I had made error on the (3) summons ((ignorantly and unknowingly and misled):
1. Defendants Name is the United States and not the EEOC- Cari M. Dominquez.

I certify that on 08-13-06 the court clerk told me that she would only stamp the top page to my motion as she said: "since it is you I will only stamp the top page"

I certify that on 10-06-06 the court clerk told me that she would not accept my response of 1625 pages because she said she could not scan it. But after I learned the law that clerk cannot refuse a motion I insisted that the court clerk take it and she left and went to the back of the office and a man stamped my paperwork.

Honorable Bernard A. Friedman          Case:  2:06cv12824                    26 of 172

I certify that on 08-02-06 the court clerk told me that she would not submit my Ex parte motion for Pauperis.

I certify that that there are few things worse then an agency that by law is suppose to help individuals but actually intentionally hurts and discriminates against people. Example Joseph Ray Terry had to take the EEOC to court in the Western District Court of Tennessee in 1996 because the EEOC discriminated against Mr. Terry. This agency that is by law suppose to protect people rights under law fragrantly brake the law then deny braking the law insomuch as to make Mr. Terry take his claim to a District Court.  The same is true in my case with the large difference of I was disabled and Terry was just white.

I certify that on 06-26-06 on page 2 of the complaint I accidentally erased the word "Defendants are not excluded". The first sentence was intended as to read " Tort law: *Defendants are not excluded* pursuant 28 USC § 2680(h) the EEOC has committed Abuse of Process with misrepresentation, deceit, and interference with contract rights as the USPS called it: "problems with EEOC processing" against the plaintiff rights pursuant 42 USC § 2000e-17..,"

Honorable Bernard A. Friedman          Case:  2:06cv12824          27 of 172

I certify that my mail is continuously being Obstructed by the USPS because I recently sent packets on 10-06-06 that was received by Mr. Murphy/S. Declerqc on 10-10-06 and then I received the return card on 10-17-06 which is 7 days (this is 30 minutes from my House). On 10-10-06 the USPS delivered the certified to Mr. Murphy/S. Declerqc then this return green card is returned to the Cage area at the USPS then the personnel behind the cage document the delivered certified and then mail the return card this is the process because I worked for the USPS and I know their procedure. But in this case again the green card was returned to the cage and the cage or management or the mail carrier held and obstructed my mail. They have no legal right to obstruct the passage of my mail. If the mail is not in movement then the questions must be asked "why is the mail not being moved and where is the obstruction"? The card was not bent or damaged but simply the USPS illegally held my mail (obstructed passage). The USPS Mr. Potter certified letter was delivered on the 10-10-06 in Washington DC., and I received the reply card on 10-13-06 and in this case procedure was followed. If my mail trouble was not so very consistent then maybe just plain personal error occurred but in my case it is obvious the USPS considers themselves greater the Federal law and apparently obstruct any mail when they feel like it. This is illegally searching for the letter and illegal seizure of the letter and this obstructs the passage of my mail as repeatedly performed by the USPS since 05-2001. Mr. Gonzales received his packet on 10-10-06 and I received the green card on 10-28-06 which is 18 days to deliver a postcard that was not damaged but simply seizured resulting in obstructing the passage of my mail. Again with the question why is this mail not being moved? The answer is because the USPS intentionally obstructs the passage of my mail and the USPS believes themselves to be above the law and the EEOC condones this type of behavior that adversely effects the plaintiff.

Honorable Bernard A. Friedman          Case:  2:06cv12824                    28  of  172

I certify that I received the USPS investigative report and there were (4) people that did not reply Mr. Naples, Ms. Benedict, Ms. Johnson, and Cracchiolo but their request for affidavit was enclosed.

I certify that I received the USPS investigative report and Ms. Lave sent back to the investigator both Mr. Naples and Ms. Benedict affidavit requests with no answer attached for either of them.

I certify that I received the USPS investigative report and there was a reply from Ms. Price but the Request for Affidavit was not enclosed.

I certify that I received the USPS investigative report and there was a reply from Ms. Spencer but the Request for Affidavit was not enclosed.

I certify that I received the USPS investigative report that indicated the sending date was 12-13-2001and these following persons submitted late affidavits:

On 12-26-01      Mr. Mlaker Affidavit with No date or No Return address on envelope.

On 01-03-02      Ms. Gaines Affidavit with No date on return envelope to show the date.

On 02-20-02 & 04-01-02 Mr. Cappelli Affidavit.

On 04-01-02      Mr. Hixon Affidavit with No Envelope.

On 04-03-02      Mrs. Ava Brown Affidavit with No return Envelope to show the date.

On 04-08-02 (?) Mr. L. Brown Affidavit with No return Envelope to show the date.

On 04-05-02 (?) Ms. Price Affidavit with No return Envelope to show the date.

On 04-04-0       Ms. Spencer Affidavit with No return Envelope to show the date.

Honorable Bernard A. Friedman          Case:  2:06cv12824              29 of 172

I certify that I received the USPS investigative report and there was a reply and the Request for affidavit from Dr. Hill.

I certify that I received the USPS investigative report and there was a reply from Ms. Gaines that was the same reply that see submitted with the previous USPS investigation.

I certify that I received the USPS investigative report and there was a reply from Mrs. Norfleet.
I certify that all late and incomplete USPS returned and un-returned affidavits shows a lack of creditability on the persons that represents the USPS in the official positions.

I certify that when I wrote " USPS allowed my title and benefits to be changed from full time city carrier to a painter." I was referring to the USPS not initiating the reassignment or reasonable accommodation process. Ms. Gaines had knowledge of my proposed reduction of benefits because the OWCP considered me no longer totally disabled. Ms. Gaines states that she has a job for the employee at another location on 9-18-1998. But when she found out about me filing an EEOC claim I was not longer allowed that position she told Mrs. Mitchell.

I certify that I was a reasonable and reasonable employee attending all ordered examination, continual treatment with Dr. Alce and meeting with OWCP Rehabilitation specialists Mrs. Mitchell, Mr. Kimbrell, Mr. Kagif and Mrs. Krieski and all postal employees when was a USPS employee. I did all of my responsible under law to mitigate damages.  The all medecal I recieved fron physican I sent to the USPS.

I certify that when the USPS allows supervisors to violently attack employees - a direct violation of there no Tolerance Policy. The USPS actively discouraged me from seeking reasonable accommodation.

I certify that the USPS actively discouraged me from seeking reasonable accommodation when I received a picture of the supervisor that attacked me celebrating with the Human Resources department.

I certify that Mrs. Spencer told me that Mr. Brown was her supervisor and the whole USPS EEO processing department report to him. This is the same Mr. Brown that refused to process my return to work.

I certify that the USPS letter in response to my motion to Sanction the USPS was postmarked on 09-13-06 and I received it on 09-28-06.

I certify that the tort claims I brought forth arose out of my simple return to work because all my tort issues came from that one event.

I certify that I did not state on my complaint of 06-21-06 how my tort claims arose. I plainly listed most of the USPS activities after I returned to work. I did plainly indicate what the issue was concerning and that it was a TORT. Not until my Response to the Defendants motion to dismiss did I state how the torts arose.

I certify that on 09-13-06 I filed my plaintiff's ex parte Motion to proceed in forma pauperis pursuant 28 U.S.C § 1915 and I never received a response from the court and I called on 10-04-06 at 10:15am with my dead line on 10-06-06. If this ex parte motion was to be denied I should have been informed already. I called 10-15-06 at noonish and clerk stated no decision was given.

I certify that on 3-1-01 Mr. Cappelli Delayed and Refused To Process my Claim And Medical Evidence when I asked to return to my job. During the 03-01-01 meeting at Livonia post office.

Honorable Bernard A. Friedman        Case:  2:06cv12824              31 of  172

I certify that on 3-1-01Mr. Cappelli Did Not Authorize A Fitness For Duty Exam for me with the USPS Medical unit. During the 03-01-01 meeting at Livonia post office. Mr. Cappelli does not authorize an immediate Fitness for Duty Exam but orders me to call and set up a fitness for duty examination but I was not allowed to set up the Fitness for Duty Examination but told to wait until 3-5-01 by Mrs. Conley (Dr. Hills office). Mrs. Conley was acting surprised on the phone because employees do not set these exams up, they just confirm and attend. But on 3-5-01 at 8am I had called back to set up this exam. Then 2 hours latter I receive a letter from Mr. Brown dated for 3-5-01 giving me 3 options to leave the Postal Service.

I certify that on 3-1-01 Mr. Cappelli did Not Allow me To Place my Bid On Route 5027 In The Bid Box Myself  During the 03-01-01 meeting at Livonia post office. I requested to bid on route 5027 and Mr. Cappelli said I could because I was still on the Livonia Payroll in which Mr. Slavin union representative concurred and stated that I also had a very good record without incident. Mr. Cappelli requested that I give him the bid card so he could place it in the bid box. But Mr. Slavin stated that he would like to place it in the bid box, so I gave the bid card for route 5027 to Mr. Slavin to place in the bid box.

I certify that on 3-1-01 Mr. Cappelli did Not Allow me To Use The Employee Entrance to leave the building. During the 03-01-01 meeting at Livonia post office. Mr. Cappelli insisted that I use the front door on my leaving the meeting. Mr. Slavin shook his head in disapproval. After this meeting I went to the Postal uniform store and used my uniform allowance given only to postal employees. Then I sent immediately the CA20 and Form 5's to OWCP by mail in care of Pam Cangelosi the claims examiner for this case file 09-0430530. And again on 3-5-01 I faxed the OWCP my Medical Clearance. Mr. Cappelli did not order me not to use the employee entrance but plainly stated that I exit through the front lobby doors in which I did.

I certify that on 3-1-01 Mr. Cappelli asked me about the EEOC claim and I told him that the USPS dismissed the case. During the 03-01-01 meeting at Livonia post office. I certify that on 3-1-01 Mrs. Conley stated that I Was Not Allowed To Set Up Fitness For Duty Examination after I was ordered to call and make appointment by Mr. Capelli. I phoned Dr. Hill's office to set up postal Fitness for Duty Examination. I spoke with a Mrs. Conley, RN who informed me to call her on 3-5-2001 Monday morning at 9 am to set up my appointment with Dr. Hill because he was not in the office.

I certify that on 3-5-01 Mrs. Brown did Not Notify me of my Awarded Assignment Bid Nor Was I Reinstated. Mrs. Ava Brown supervisor awards me high bid on route 5027 in Livonia. She does not notify me, or allow me to try route 5027 or reinstate me back to work. She never notifies Ms. Gaines of my job position. I am still on the Post Office Payroll and written back to work with no restrictions as 3-1-01.

I certify that on 3-5-01 Mr. Brown sent me a 3 Options To Leave Postal Service    forcing me to leave the USPS. I receive this letter on the same day it was sent on 3-5-01 (Monday) at approx. 10 am in my mail box. I trusted Mr. Cappelli that he was going to return me to work and instead he had the Fitness for Duty Delayed until 3-6-01 so Mr. Brown could proceed with giving me 3 options to leave so they would not have to acknowledge my current medical. Ms. Laemelle and Mr. Slavin have stated to me that Mr. Brown was on vacation at this time and that the signature is not his. And on 3-13-01 I spoke with Mr. Brown and he did not even remember signing or sending this letter. He stated he was not familiar with my case file. I inform the Post Office of my return to work on a Thursday and on the following Monday they tried to get me to leave the post office.

I certify that on 3-5-01 I Submitted Medical Clearance to Ms. Benedict and she Refusal To Process Claim

Honorable Bernard A. Friedman          Case:  2:06cv12824                    33 of 172

I certify that on 3-5-01 Ms. Gaines Refused To Process my Claim when I sppke with Ms. Gaines and she refuses to reinstate me to active duty (Forced Leave). Ms Gaines states that she received from OWCP my current medical documentation which is the Return to work (CA20) and the No Restrictions (form 5's). She tells me I should be patient and I should hear something from the Postal Service in 60 days. I stated it was necessary to return immediately. She informed me that OWCP has to drop my benefits before I can return to work. But Ms. Gaines neglected to inform me that OWCP is <u>actually waiting</u> for the Postal Service to confirm my position so they can remove my compensation benefits.

I certify that on 3-6-01 I Submitted to Dr. Hill my Medical Clearance and he Refused To Process Claim. I was ordered by Mr. Cappelli to hand deliver my medical clearance from Dr. Alce to Dr. Hill. Dr. Hill specifically inquired about the original documents. I told him that I sent them to the OWCP on 3-1-01 via the mail. I submitted to Dr. Hill 1) Dr. Alce Ca20: Able To Return To Work and 2) Dr. Alce Form 5's – Work Capacity Evaluation.

I certify that on 3-6-01 Dr. Hill Refuses To Give Me A Fitness For Duty Examination because of my record of disability Dr. Hill gives me a urine test. Then Dr. Hill and one of his nurses spoke with me for about ½ an hour. Dr. Hill refuses to give me an examination thus refusing to give his medical opinion. Dr. Hill stated several times that I was not an employee because I have been separated so no examination. I told him I was still on the pay roll and I was just award high bid on route 5027. Then Dr. Hill states that he cannot examine me because I am still receiving benefits from the OWCP and they I have to be removed before he can examine me. Thus indicating that since the OWCP still considers me disabled he does to. Dr. Hill is just a MD and not a psychiatric doctor. Dr. Hill suggested that I file a request for EEO counseling and to address the Human Resources Department of the Postal Service. After a drug test and ½ an hour talk. I was sent home with no start date because the Postal Service considers me disabled. And they do not even have a current fitness or duty examination file yet still considers me disabled because of my past record.

I certify that on 3-6-01 Mr. Cappelli and Ava Brown ordered me Not Allowed To Use Employee Entrance for the first time. I went to the Livonia Post Office to meet with Mr. Slavin regarding the Fitness for duty Examination but Mr. Slavin never shows up. I enter the back building walking through the double doors and I am immediately make a turn into zip 48154 because Mr. Slavin said that is where he would be so that is were I went. I was instructed that he was seen in the front offices. I proceeded down the front offices hallway still on work floor area and I notice Mrs. Ava Brown quickly stepping towards me and she did not look pleasant. So I took a couple more steps and I stood at Mr. Cappelli door and looked in and said good morning and he nodded his head and started to get out of his chair as to greet me. Then Mrs. Ava Brown rushes up and gets in my face causing me to have to turn only from the waist to face her because she did get very close telling me that she did not want me using the employee entrance and that I must use the front lobby doors to exist. I looked at her and said ok. Mr. Cappelli said to me you better listen to her and start no trouble. I said I did not want any trouble. I just want to go to work and return myself to a normal life. Mrs. Brown abruptly turned and walked slowly down the hall.

Mrs. Brown did not inform me of her awarding me high bid on route 5027. She did not state why she is taking this disciplinary action. She did not introduce herself to me nor did she ask who I was. Nor did she accept me back to work as a returning disabled employee. She acted as if I were no employee. I was sent a notice of intent to separate-disability dated 05-04-01 almost 2 months later. Then some 15-20 minutes passed and Sandy came into her office where I was sitting. I asked her if she had seen Mr. Slavin and she said no. I asked if I could use the phone to call the Union hall and she said yes the phone is over there. I thanked her and she left. I called the union hall to find the location of Mr. Slavin. I was informed that Mr. Slavin was out. So I hung up the phone. Got my coat. Knocked on Mr. Cappelli door. Told him I did not think Mr. Slavin was going to show up and I suggested I was ready to leave. He said ok bye and I said bye. I do not know why Mr. Cappelli and Mrs. Brown ordered me not to use the employee entrance because they did not explain.

I certify that on 3-6/7-01 Ms. Benedict Refused to process Claim to process my claim because OWCP told me on the phone that they sent her my current medical and waited for then to confirm my job position. Mrs. Benedict refuses to notify OWCP of my job position after receiving Dr. Alce 03-06-01 letter addressing the concerns that Ms. Benedict had stated to the OWCP on 3-5-01 upon receiving my initial medical from Dr. Alce. OWCP stated to me that they were waiting for the USPS to confirm my job position so they can remove me off the OWCP rolls. I was receiving OWCP benefits so Elm 545.92 Deciding appropriate action (a)Authorizes a fitness for duty examination as provided in 545.6 is proper procedure. If there is a difference of opinion then the Postal Service may request claims management from the OWCP.  In my case Dr. Hill refused to give me a Fitness for Duty Exam and had delayed 3 days to write a 2 sentence memo and my last Exam with the USPS was with Dr. Nol on 9-8-97 in which there is no difference of opinion with Dr. Alce sending me back to work after receiving treatment and release to work with no restriction past the 4 weeks allotted by DR. Nol but was stated as being expected by Dr. Zender. And is confirmed by the OWCP by stating I was no longer totally disabled.

I certify that on 3-6/7-01 Ms. Gaines Refused To Process my Claim to process my claim because OWCP told me on the phone that they sent her my current medical and waited for then to confirm my job position. OWCP sends Dr. Alce reply letter dated 3-6-01 returning me to work with no restrictions and at maximum to Ms. Gaines. This letter addressed the concerns that Ms. Benedict had stated to the OWCP on 3-5-01 I spoke with Ms. Gaines and I inquired as to why the Postal Service has not confirmed my position. She informed me that OWCP has to drop my benefits before I can return to work. I stated to her that Pam Cangelosi from OWCP states that after Postal Service receives word that a disabled employee is unrestricted and ready for work the Postal Service confirms a job position. I was informed of this by the OWCP on 3-8-01 during one of 3 calls to the OWCP on that day. I made a total of 15 calls on 3-6-01 and 3-8-01. And Ms Gaines refuses to send word to Debra Benedict that I have a Job Position at the Livonia Postal Office job assignment 5027. And having a Fitness for duty set up for 3-6-01 in which Dr. Hill refused to give the evaluation because I was receiving benefits from the OWCP indicating that he thought I was still disabled.

I certify that on 3-8-01 Mr. Cappelli Refused To Process Claim after I mailed Mr. Cappelli the 3 current medical statements from Dr. Alce.

I certify that on 3-9-01 Dr. Hill makes False Medical Statement

On 3-6-01 I gave Dr. Hill my medical returning me to work and he refuses to give me a Fitness for Duty

Exam and on 3-9-01 he writes a Medical Statement after reviewing past medical. His states in his memo:

> "I have reviewed the medical records of Mr. Schaefer Completely and it is my opinion that this PT
> is Totally and Permanently disabled for any type of productive employment in the Postal Service
> now or in the future."

I have rights according to NALC Agreement: Memorandum of understanding page 170 Regarding return to

work stating,

> " To avoid undue delay in returning an employee to duty, the on-duty medical officer, contract
> physician, or nurse should review and make a decision based upon the presented medical
> information the same day it is submitted. Normally, the employee will be returned to work on his/
> her next work day provided adequate medical documentation is submitted within sufficient time
> for review."

My last Exam with the USPS was with Dr. Nol on 9-8-97 that states I may return to work after further

treatment. The Dr. Jackson evaluation on 11-14-97 states that I am able to return to work.

Dr. Alce sending me back to work on 03-01-01 after receiving treatment and release to work with no

restriction. The USPS was made aware that this treatment may take couple years by Dr. Zender 02-19-98.

And is confirmed by the OWCP by stating I was no longer totally disabled on 06-28-00.



I certify that on 3-13-01 Mr. Cappelli told Me On The Phone I Was Not A Postal Employee when I called

to confirm that he received the medical packet I had sent him.

I certify that on 3-13-01 Mr. Brown does not remember sending the 03-05-01 letter and Refused To Process Claim when I spoke with Mr. Brown via phone and he does not remember sending me the letter stating my options to leave the Postal Service. He does not remember ending another person carrier after trying to return to work at the Post Office. So who wrote this letter signed by Mr. Brown? Is it Ms. Gaines? The union seems to think so because it was sent in Ms. gaines envelope with a curious signature states Mike Slavin and Sandy Lemelle Union President. I think it would be interesting to see whose fingers prints would be lifted  by scientific investigation to identify the individual (s).


I certify that on 3-13-01 Ms. Gaines Delay In Processing my Claim And Refusal To Reinstate me. When I had spoke with Stephanie Semmer on 03-13-01 from US Department of Labor, the Department of Review and Hearing Board, Supervisor. She said that she is not sure why the Postal Service is not confirming my position with OWCP. And Department of Labor can not force them to confirm my employment.  She stated that the file will not be opened until April 2001. I gave her Ms Gaines phone number whom she did call. Then I speak with Ms. Gaines via phone she refuses to reinstate me back to active duty. She tells me that I need to drop the OWCP appeal. She tells me that the Postal Service is not going to pay the $10,000. and that I should receive notice in 60 days. I asked her what she meant and no answer. Looking back, I think it means 60 days to be fired and 10,000 with interest owed since my return to work will not be paid (3-1-01 to 6-8-01). I asked her why the Postal service is not acknowledging my ca20, form5's and letter of maximum. Because she told me that I was still receiving benefits from the OWCP and my OWCP file is in Washington. Thus Ms. Gaines regards me as disabled because I have a past record of disability and not my current record of recovery.

I certify that on On 3-14-01 I have a meeting with Mr. Slavin at the Livonia Post Office. I enter in through the lobby doors as ordered by Mr. Cappelli and Mrs. Ava Brown on 03-06-01. I knock on the front office doors and Sue the clerk let me in the front office. Sue gets Mr. Slavin and he said come on Schaefer lets go to the back office (were arbitration meeting are held). I said I cannot enter because Mr. Cappelli ordered no admittance to the work area on 3-6-01 without his approval. So Mr. Slavin asks Mr. Cappelli if I may enter the work area. Mr. Slavin reopens the door beginning the work floor area and he said I could enter.


I certify that on 3-14-01 Mr. Cappelli Intimidated me so I had to Sneak my Bid Into Bid Box. I asked Sue if she would place my bid for route 5496 in the bid box. Sue takes the bid card and heads down the hall to place it in the bid box and Mr. Cappelli was standing there. Sue turned beet red and returned my bid card to me and said that she could not do it and I had to do it myself. I thanked her for trying anyway. Then Mike enters gets clearance for me and we started out of the front office. I said to Mr. Slavin that I had my bid for route 5496. Slavin said give it to me I will but it in the box. But Mr. Cappelli and Mrs. Brown was blocking the box completely and would not move as we approached the bid box. So Mr. Slavin moved the card from his right hand unto his left hand behind his back so Mr. Cappelli could not see and cuffed the card low to his left side as we walked by the Bid Box. Mr. Slavin did that action quite skillfully and I even asked him if he had studied Magic because that was some nice slight of hand back there and we pro-ceeded to the back office meeting room 3. After our meeting we return back up the hallway to the front office when creeping up cautiously to place my bid for route 5496 in the bid box. Mr. Slavin placed the bid card as it is was to be done secretly. I have to sneak in a bid for something I have every right to do as a Postal Employee.

I certify that on 3-14-01 Mr. Cappelli Review Submitted Medical Clearance and refused to process my claim when I asked Mr. Cappelli if he received the letter with my current medical clearance that I sent him in response to Mr. Brown 3-5-01 letter. He did not answer me at first. I continued and said well if you do not have the letter I brought a copy with me you can have it and at that point Mr. Cappelli got up look at his desk and pulled up the letter that I sent him 3-8-01was sitting on top of his desk. Then Mr. Cappelli looked at the medical and then gave them to Mr. Slavin to review. I asked Mr. Cappelli if he had contacted Mr. Brown or Ms. Gaines with my intent to return and he said No. I asked Mr. Cappelli why the Postal service is not acknowledging my current medical documentation an he said that he would call Ms. Gaines. I asked Mr. Cappelli why Dr. Hill refused to give me a Fitness for Duty Examination and he said he will call Ms. Gaines.

I certify that on 3-14-01 Ms. Gaines made a False Statement when she States She Will Return Me To Work when I spoke with Ms. Gaines via phone and she said that she has spoken with the Postmaster of Livonia. And that she was going to send me a letter stating that I can return to the position that I already have and hung up the phone abruptly.

I certify that on 3-14-01 Ms. Benedict Refusal To Process my Claim after I called her.

I certify that on 3-17-01 Ava Brown Denied Grievance Resulting In Forced Leave because Ava Brown considers me disabled and denies my grievance to return me to work because of my past record of disability. She is not allowing me to return to work. Reference: Grievance J98N-4J-D 01168179 LV108.

I certify that on 3-19-01 Mr. Brown Forced Leave And Refusal To Process my Claim when Mr. Brown sent me a letter on 3-19-01 that he has considered me disabled without the reviewing of my current medical evidence and the good prognosis of all my past doctors evaluations. He does not mention Dr. Hills memo a pertinent issue. Yet what he considered not worth mentioning as pertinent became the tool for which I was Terminated. The reasons in which Mr. Brown did not consider Dr. Hills memo as not pertinent are as follows: Postal Service does not have a current Fitness for Duty Examination because Dr. Hill refused to give me one because he thought I was disabled stating I was (already) separated then stating I was receiving OWCP benefits. On 5-17-01 Mr. Brown tries to get one by ordering a mandatory Fitness for Duty Exam. Postal Service knows that a 2 sentence memo does not meet the requirement of an Evaluation Report Postal Service knows that Dr. Hill memo is a False Statement of Facts.

I certify that on 3-20-01 that I sent a letter of inquiry to Ms. Benedict Refusal To Process my Claim I state in my letter to Ms. Benedict on 3-20-01 in part;

> "On March 6, 2001 your office received from Pam Cangelosi from OWCP clearance papers from Dr. Alce returning me to work via fax. And OWCP awaits your conformation of my job position. I have left your answer machine atleast 4 messages in the last 2 weeks. I understand people are busy on their jobs. I thought writing might express my eagerness to return to a job I loved performing. OWCP states that the employer confirms a job position to OWCP, is this correct? What is the correct procedure when an employee who has been receiving benefits from OWCP recovers fully and is ready to return back to his employment at the Post Office?

I certify that on 3-21-01 Ava Brown Did Not Notify Me Of A Second Awarded Bid Assignment when I was awarded high bid on route 5496 in which I was not notified by Mrs. Ava Brown. Nor was I reinstated back to active duty. She never notifies Ms. Gaines of this my second possible job position. I am still on the Post Office Payroll and written back to work with no restrictions as 3-1-01 with no current or valid Postal Medical Documentation to state otherwise. Mrs. Brown maintains that I am disabled because of my past record of disability therefore does not notify me or reinstate me back to work.

I certify that on 3-22-01 I sent Inquiry of Medical Clearance Mr. Naples and he Refused To Process my Claim.

I certify that on 3-22-01 Mr. Cappelli Denied Grievance Resulting In Forced Leave and continued pain and suffering. Reference: Grievance J98N-4J-D 01168179 LV108

I certify that on 3-26-01 I sent Inquiry of Medical Clearance Mr. Naples and he Refused To Process my Claim.

I certify that on 3-26-01 I sent Inquiry of Medical Clearance Ms. Benedict and she Refused To Process my claim.

Honorable Bernard A. Friedman          Case:  2:06cv12824          43 of 172

I certify that on 3-29-01 I sent Submitted Medical Clearance to Ms. Benedict and I make Inquiry for Medical Clearance and she Refused To Process

Ms. Benedict calls and leaves a message on answering machine for me. She requests Dr. Alce's current medical clearance. So I reply;

> "Thank you for getting back with me via answering machine on 3-29-2001 at 4:30pm. My brother is allowing me to use his fax to send you Dr. Alce's letter of 3-6-2001 a Return to maximum duty with no restriction and above levels of concentration."

Ms. Benedict had my medical clearance as seen by the following:

3-5-01   Submitted Medical Clearance: Ms. Benedict, Postal Service liaison to the OWCP in Ohio

3-6-01   Submitted Medical Clearance: Dr. Hill, Postal MD hand delivered medical clearance

3-7-01   Submitted Medical Clearance: Ms. Benedict, Postal Service liaison to the OWCP in Ohio

3-8-01   Submitted Medical Clearance: Mr. Cappelli, Livonia Postmaster, via mail from Schaefer

3-13-01 Inquiry Medical Clearance: Mr. Brown, Director Human Resources

3-14-01 Submitted Medical Clearance: Mr. Cappelli, Livonia Postmaster, via meeting

3-14-01 Submitted Medical Clearance: Mr. Brown, Director of Human Resources

3-14-01 Inquiry Medical Clearance: Ms. Benedict, Postal Service liaison to the OWCP in Ohio

3-20-01 Inquiry Medical Clearance: Ms. Benedict, Postal Service liaison to the OWCP in Ohio

3-22-01 Inquiry Medical Clearance: Mr. Naples, Manager Postal liaison to the OWCP in Ohio

3-26-01 Inquiry Medical Clearance: Mr. Naples, Manager Postal liaison to the OWCP in Ohio

3-26-01   Inquiry Medical Clearance: Ms. Benedict, Postal Service liaison to the OWCP in Ohio


I certify that on 3-29-01Ms. Benedict Refused To Process my Claim after Submitted Medical Clearance:

I certify that on 3-30-01 Ms. Benedict Refused To Process my Claim when in Ms. Benedict's 3-30-01 letter to me she states in part:

> " Your case was transferred to the Employee's Compensation Appeals Board on 2-28-01"
> " Any decisions regarding your claim will be made by their office until the case is returned to the Cleveland District office. The Cleveland district OWCP office has advised that they cannot perform any claim management activities while your case is in ECAB"

But I had been trying to return to work from 09-08-00.

I certify that on 4-4-01 Mr. Cappelli Refused to confirm my position When OWCP called to inquiry of my job position. I Spoke with Pam Cangelosi from the OWCP and she informed that she called Mr. Cappelli to confirm my job position and he refused to confirm my job position with the OWCP. Mr. Cappelli regarded me disabled when he did not inform Ms. Cangelosi from the OWCP of my job position when she called his office. And he refuses to allow me to return work even with no restrictions. And tells OWCP to call Ms. Gaines.

I certify that on 4-4-01 Ms. Gaines Refused to confirm my position When OWCP called to inquiry of my job position. I Spoke with Pam Cangelosi from the OWCP and she informed that she called Ms. Gaines to confirm my job position and she refused to confirm my job position with the OWCP. Ms. Cangelosi of the OWCP calls Ms. Gaines: Ms. Gaines regarded me disabled when she did not inform Ms. Cangelosi from the OWCP of my job position when she called her office. Ms. Gaines stated to OWCP that this was an administrative problem. (The problem is that the administration will not allow me to return to work because of my record of having a disability. Ms. Gaines is the administration over this case file.

Honorable Bernard A. Friedman        Case:  2:06cv12824        45 of 172

I certify that on 4-4-01 Ms. Benedict Refused To Process my Claim because of my record of disability Ms. Benedict regarded me disabled when refusing to confirm my job position because I was still receiving benefits because of my disability. I spoke with Ms. Benedict via phone for the first time since I have been trying to return to work since 3-1-01 and she stated that she received medical from the OWCP on 3-5-01 and on 3-7-01 via fax. I asked her why she did not confirm my employment with the OWCP. She states because I was still receiving benefits.

I certify that on 4-9-01 Ms. Gaines Refuses To Process my Claim after I send Inquiry Medical Clearance and she does not reply.

I certify that on 4-11-01 Ms. Benedict Refuses To Process my Claim after I send Inquiry Medical Clearance and she does not reply.

I certify that on 4-11-01 Mr. Brown Refuses To Process my Claim after I send Inquiry Medical Clearance.

I certify that on 4-12-01 Mr. Naples Refuses To Process my Claim after I send Inquiry Medical Clearance.

I certify that on 4-17-01 Ms. Benedict Refuses To Process my Claim after I send Submit Medical Clearance.

I certify that on 4-17-01 Ms. Gaines refused To Process my Claim after I send Inquiry Medical Clearance and she does not reply.

Honorable Bernard A. Friedman         Case:  2:06cv12824                    46 of 172

I certify that on 4-19-01 Ms. Benedict Forced Leave-Intentional Delay/Refusal To Process Claim when Ms. Benedict writes me on 4-19-01 informing that on 3-30-01 that she sent my medical to OWCP. This is 4 weeks after the time I first submitted my medical evidence and intention of returning to work without restrictions. After approx. 22 medical attemps Ms. Benedict here is seeking claims management from the OWCP without a difference of medical opinion.

I certify that on 4-23-01 Ms. Benedict Refused To Process my Claim after I Submitted Medical Clearance: It has been almost 60 days since I have been returned to active duty without restrictions. I submitted Dr. Czarnecki form 5's and the Hester Evaluation as medical documentation via the fax machine. Resulting in termination with discipline approx. 9 days later.

I certify that on 4-23-01 Ms. Gaines refused To Process my Claim after I send Inquiry Medical Clearance and she does not reply. It has been almost 60 days since I have been returned to active duty without restrictions. Ms. Gaines does not reply to the last 3 medical Inquires (4-9-01, 4-17-01 and 4-19-01) and she is suppose to be the claims manager for this case. Ms. Gaines had made up her mind up to NOT REPLY any of my written medical inquires.

I certify that on 4-25-01 Ms. Gaines refused To Process my Claim after I send Inquiry Medical Clearance and she does not reply It has been almost 60 days since I have been returned to active duty without restrictions. Ms. Gaines does not reply to the last 3 medical Inquires (4-9-01, 4-17-01, 4-19-01 and 4-23-01) and she is suppose to be the claims manager for this case. Ms. Gaines had made up her mind up to NOT REPLY my medical inquires.

I certify that on 4-25-01 Mr. Brown refused To Process my Claim after I send Inquiry Medical Clearance

I certify that on 4-25-01 Mr. Naples refused To Process my Claim after I send Inquiry of Medical Clearance

I certify that on 4-30-01 Mr. BrownForced Leave And Refuses To Process Claim when Mr. Brown regards me as disabled because he has not returned me to work because of my past record. Mr. Brown indicates in his 4-30-01 letter that Ms. Gaines has not been replying to my medical inquiries so what he does is he lumps some of the dates in the first to sentences of his letter as to give the impression that he is answering my inquires. And after the first two sentences Mr. Brown avoids my questions I had concerning my medical information and return to work. Mr. Brown is going along with the Postal service seeking claims manage-ment from the OWCP but it is not proper because there is no difference of Medical Opinion. Mr. Brown knows this because in his 4-30-01 letter he states that Dr. Hill has Set up a Fitness for Duty exam with a psychiatrist in the very near future to clarify my duty status while Ms. Gaines, Ms. Benedict, Mr. Brown all are seeking claims management from the OWCP without having a Valid Postal Medical Difference of opinion thus creating a intended delay to return me to work as in FORCED LEAVE. The Postal Service does not have a Valid current medical record opposing Dr. Alce, Dr. Czarnecki or the OWCP thank you letter. Mr. Brown knows that the Postal Service does not have a Valid or current fitness for duty medical record and here he is trying to get one. OWCP writes and thanks Dr. Alce for returning me to work on 3-6-01. Dr. Alce addressed the Postal objections on 3-6-01 his letter to the OWCP. The postal service Ms. Benedict made a second objection stating that she thinks Dr. Alce had just changed his mind on her 3-30-01 letter to ECAB. Being aware that the Postal Service is Flagrant about my record of disability. I submitted Dr. Czarnecki document to the OWCP, Ms. Benedict and the union all on the 4-23-01. No one from the Postal service acknowledged Dr. Czarnecki (form 5's) No restrictions. And then less than 2 weeks later I am Seperated-Disablity. Therefore, The Postal Service does not have a Difference of Opinion.

Honorable Bernard A. Friedman        Case:  2:06cv12824          .        48 of 172

I certify that on 04-30-01 I requested (3) copies of the form SF 95 from Ms. Gaines via first class mail and I did not received a reply from the USPS.

I certify that on 04-30-01 I requested (3) copies of the form SF 95 from Mr. Cappelli via first class mail and I did not received a reply from the USPS.

I certify that on 4-30-01 Mr. Brown makes a Malicious Statement Of Limiting My Pertinent Queries

Mr Brown states
> "This letter will constitute the postal services response to your current and future queries, until such time as your case development requires additional action."

Don't call me but I'll call you. This statement is Limiting and segregating. Mr. Brown knows that his office has not answered many valid question regarding my return to work and medical inquiries. He knows that if anyone from his office writes the correct answer according to the elms, articles and policy that they would be incriminating themselves because the have maliciously broken many postal and federal codes to KEEP ME OUT. To such an extent that on 5-3-01 I was Federally Banned from the Post Office. Now it is more then just not allowing me to work. It is not allowing me to participate in social functions and buy stamps and GET A PASSPORT. All of this created on 7-5-97 when I was totally disabled at the Post Office by a supervisor who is still supervising a direct violation of no tolerance policy.

I certify that on 5-1-01 Ms. Benedict refused To Process my Claim after I send Inquiry of Medical Clearance. This is the last letter that I wrote Ms. Benedict because there is nothing you can do when a group of people have maliciously decided not to return me to work by refusing to process my claim because of my history of disability. After trying to return to work for 60 days without restrictions I feel that the Postal Service does not want me to return to work because of my past record of having a disability that was created at the Postal Office.

Honorable Bernard A. Friedman          Case:  2:06cv12824          49  of 172

I certify that on 5-2-01 Ms. Gaines refused To Process my Claim after I send Inquiry of Medical Clearance This is the last letter that I wrote Ms. Gaines concerning a return to work because there is nothing I can do when a group of people have maliciously decided not to return me to work by refusing to process my claim. After trying to return to work for 60 days without restrictions I feel that the Postal Service does not want me to return to work because of my past record of having a disability that was created at the Postal Office. On 9-18-97 Ms. Gaines challenged the CA1 because she felt that I was not hurt bad enough not to return to work. On 9-98 Ms. Gaines assures Mrs. Mitchell I have a job position at the Post Office. In 9-2000 Ms. Gaines finds out about me filed EEOC claim. I try to return to work on 9-2000 but the Postal Service refuses to authorizes a Fitness for duty Exam. But they do take from 09-2000 to 4-2001 to seek claims management from the OWCP when there is no difference in medical opinion. The Post Office does not make any effort in Separating me from 07-05-97 to 03-01-01. But they wait to fire me with discipline on 05-02-01.

I certify that on 5-2-01 Cappelli /Brown issued me a Separation-Disability based on my history of disability from the USPS work injury and by falsely stating that I have not tired to return to work as of 07-05-97. The USPS stated

> " You were hired on April 15, 1995 as a City Letter Carrier. On July 5, 1997 you sustained an on the job injury and have not returned to work as of that date"

Mr. Cappelli & Mrs. Brown both acknowledge that I had a job related injury. But Mr. Cappelli does not mention my attempt to return approx. 9-2000 when I had restrictions from Dr. Alce and the OWCP stated I was no longer totally disabled. And the Postal Service refused to return me to my job or give me a fitness for duty exam because of my past record of disability.