I certify that on 5-2-01 Cappelli/Brown makess False Statement " No Indication Of My Return" The USPS stated

> "Since you are incapable of performing the full duties of your position and since there is no indica-
> tion as to when or if you will ever be able to return to full duty and perform the duties of your position
> as City Letter Carrier, it has been determined that it would be in the best interests of the postal
> Service that you are separated."

Mr. Cappelli & Mrs. Brown state that there has been no indication as when or if I will ever be able to return. Yet I have been trying to return to work since 1997 when I was injured. I made written return to work since 09-2000. I was told not to use the employee entrance door on 03-06-01. I have made another approx. 30 attempts by phone and letter to show indication of my return with factual medical documentation. I showed indication of a return back in 9-2000. Mr. Cappelli & Mrs. Brown state that I am incapable of performing (directly calling me disabled) but the record indicates I can perform at above average standards as indicated by the OWCP, Hester Evaluation, Dr. Alce and Dr. Czarnecki.

I certify that on 5-2-01 Mr. Cappelli and Ava Brown make malicious-false statement "in-ability to meet" USPS States:

> " You are being separated based on your in-ability to meet the requirements and conditions of
> employment, which you were hired under, and to promote the efficiency of the Postal service"

This is Malicious and a  false statement that I am fired because Mr. Cappelli thinks that I am unable to perform all duties.  The Hester Evaluation states that Mail Handler is in my top 20 possible jobs that I CAN PERFORM at and near excellent. Yet the record shows I can perform at above average standards as indicated by the OWCP, Hester Evaluation, Dr. Alce and Dr. Czarnecki.

Honorable Bernard A. Friedman          Case:  2:06cv12824          51 of 172

I certify that on 5-2-01 Cappelli/Brown False Statement "Consideration Of Reinstatement" USPS States:

*"When you have fully recovered from your current physical condition and are able to perform all the*

*duties of your position, consideration will be given to your reinstatement, should you apply".*

This is Degrading and Malicious the false statement that consideration will given my reinstatement, should you apply. Mrs. Brown on 6-26-01 states on the 3112b that I am not allowed back at the Livonia Post Office and on the notice of separation limiting any return to my craft or level.

I certify that on 5-2-01 Cappelli/Brown makes Malicious Statement "Not Able...Other Positions"USPS States:

*"..it is noted that you are not able to perform the essential duties of any other position within your craft or level."*

Without reviewing any of my current and past medical evidences they continue to limit my freedom of not allowing me positions in other crafts. And state that this is not disciplinary action. The record indicates I can perform at above average standards as indicated by the OWCP, Hester Evaluation, Dr. Alce and Dr. Czarnecki.

I certify that on 5-3-01 Mr. Cappelli makes False Statement "Any Questions Please Contact Me."

Mr. Cappelli states in No Admittance letter of 5-3-01: *"If you have any questions please contact me"*

On 5-5-01 I have written Mr. Cappelli trying to find out the specifics of the Federal Ban if it just apply to Livonia Post Offices or all Post Offices. And as to if he considers me dangerous or a threat. Mr. Cappelli refused to answer any questions regarding the details of the No admittance. Mr. Blassingame union rep. stated that I should not be so sure that this is just restricting to the Livonia Post facilities. I asked 2 Postal Union Presidents Ms. Laemelle and Mr. Korolowicz to find out the details of this No Admittance and I never received a reply.

I certify that on 5-3-01 Mr. Cappelli takes disciplinary actions against me and makes a order restricting me from Livonia Postal Facilities. Mr. Cappelli abuses his power as Postmaster. Taking it upon himself to limit my freedom of movement as an upstanding US citizen and federal employee. Making it his Livonia Postmaster Policy as he tries to substantiate a reason for placing this malicious and unsubstantiated federal disciplinary action on me. Mr. Cappelli states in No Admittance letter of 5-3-01:

> "In light of the fact that you are currently under a Notice of Separation from the Postal Service, I am Completely restricting your access to the Livonia Postal facilities unless it has been personally preapproved by me".

For the reasons outlined in my separation is the reason for ordering this Federal Ban. Mr. Cappelli refusal to review old and current medical. Thus firing me because I had a record of disability and continues to view me as disabled. On the Denied grievance at step 2 Mr. Cappelli states that this is his Postmaster Policy to ban those Separated-Disability.

Mr. Slavin union representative states in his letter of contention:

> "Postmaster Cappelli's letter denying grievant access to building <u>which has never happened</u> before in Livonia when a carrier has been issued a disability-separation. As to this being policy of the new postmaster, we have had removals under his reign that have not resulted in this type of letter."

Not only does he discriminate and retaliated against me for ordering this on me but has turned it into a Livonia Postmaster Discrimination Policy. I was ordered 03-06-01 not to use employee entrance and I have never broken this order. I had called the postal inspectors to get the details of the restriction and they told me to call Mr. Cappelli. I had written Mr. Cappelli asking why was this restriction placed on me and to if it also applied to all post offices and he never wrote me back.

I certify that on 5-3-01 Mr. Cappelli Orders Employee Meetings About My Disability WHEN Mr. Cappelli announces to the world the Postal Service regards me as disabled and a threat. Mr. Cappelli orders a labor relations meeting on 5-3-01 and he gives orders to the following management/supervision and union rep's: Kathy Williams and Tonya Creiocios (spelling) and Ava Brown and M. Kayce and Larry Lavellova and Al Wakefield and P. Schiffur and M. Odill and Sharon Randazzo: Mr. Cappelli orders the following item to be read:

*"That Mark Schaefer was issued a Separation-Disability and that he is not allowed to enter the Post Office and if he is seen he should be reported immediately"*

When I called to speak with Sharon Randazzo, Union rep. she was in a tearful mood as she explained what the Postmaster had ordered and done. For she understand the seriousness of a Federal Ban, the complete embarrassment of almost 200+ people hearing it and mostly she knew that I was returned to active duty with no restrictions and that I was a good worker who was Disabled at the Post Office.

I certify that on 5-4-01 Mr. Brown refused To Process my Claim after I send Inquiry Medical Clearance

I certify that on 5-4-01 Ms. Johnson Denies My Right To A Sit Down Meeting

I certify that on 5-4-01 Ms. Johnson orders me after I have been fired "Obligation To Contact And Seek Work" Two days after the letter of separation Ms. Johnson indicates that I am obligated to contact postal service and Mr. Cappelli is telling me I will never again qualify for craft or level positions.

This is a little late because I have already been fired with discipline. I had made over 30 medical inquires within the Postal Service since 3-1-01.

*"Please be advised, however, that should your disability cease, fully or partially, you have an obligation under 5 USC 8106 (c) and 20 CFR 10.124 (e) to contact the postal Service and seek suitable work commensurate with your work limitation tolerance".*

Mr. Cappelli states in the Letter of Separation Disability that:

*" Furthermore, it is noted that you are not able to perform the essential duties of any other position within your craft or level".*

Honorable Bernard A. Friedman          Case:  2:06cv12824          54  of  172

I certify that on 5-4-01   Ms. Johnson      False Statement "Disability Will (Not) Cease"   USPS States:

> **"Action to separate you from the Postal rolls is being initiated because it <u>does not appear</u> <u>likely</u> that your Workers' Compensation disability will cease, based on the narrative medical documentation from your treating physician".**

Ms. Johnson has stated to me that my job related disability does not appear to cease (Calling me disabled).

Based on narrative medical from Dr. Alce which includes almost 4 years of treatment including:

The  current medical statement from Dr. Czarnecki. (Return to work, No restrictions)

The 1 letter from OWCP Thanking Dr. Alce for returning me to work.

The 3 current medical statements from Dr. Alce. (Return to work, No restrictions, At Maximum).

The 27 medical evaluations all with good prognosis as to returning to work.

The 27 medical evaluations that <u>do not</u> indicate a threat to myself or others.

The 27 medical evaluations that state I have no personality disorder.

The 27 medical evaluations that state I have no medical disorder or disease.

This record indicates that it does appear very good that I would be returning to work. Especially the fact being that I have been returned to work with no restrictions and at maximum. And then Dr. Czarnecki stating that I had not restrictions and able to return to work.I had made over 30 medical inquires within the Postal Service to return to work.

Honorable Bernard A. Friedman      Case:  2:06cv12824                55  of  172



I certify that on 5/5,7-11/01 Mr. Brown/Hixin Takes/Reviews My Mail Without Authorization

I was informed by two different individuals who work for the Post Office that my mail was being taken without authorization. These two individuals request to remain anonymous due to possible retaliation from the Postal Service. I spoke with Postal inspector Mr. Darsey on 5-7-01 and 5-8-01. He stated that Mr. Brown gave the order to Mr. Hixin to pull my mail. Mr. Darsey stated that No letter was written to authorize. I asked Mr. Darsey if I should file a Police Report? He said that this was an internal matter and that he was not going to arrest Mr. Brown. I asked Mr. Darsey what were my rights concerning someone stealing your mail and he said that this was an internal matter. I was discouraged to file a police report.

As Mr. Slavin had said in his letter of contention on 6-12-01;

> " Based On Leonard Brown's (Director of Human Resources) actions in dealing with the grievant.
> These actions included intercepting grievants mail via the postal inspectors, unclear and ambigu-
> ous correspondence to grievant. This all resulted after the employee tried to return to work and
> ended up in the grievance procedure (LV095 appealed to step b rcvd on 4-4-01)."

I do not know if Mr. Brown after being caught taking my mail requested from the inspector a second review-
ing of my mail. When I spoke to Inspector Darsey on 5-7-01 he stated that the Postal Inspectors did not give such an order and that he would look into it. The next day on 5-8-01 Inspector Darsey stated that indeed Mr. Brown had given the order to Mr. Hixin to pull my mail and that no letter was written. Inspector Darsey has not replied to several questions regarding mail theft. I asked for a copy of his investigation and he said there wasn't one. I requested some type of proof of the Postal Inspector investigating this and he said there wasn't any. I asked Postal Inspector Darsey what mail mr. Brown was looking to take? Mr. Darsey stated that Mr. Brown was looking to stop the Separation Disability.

Honorable Bernard A. Friedman        Case:  2:06cv12824        56  of  172

Then I stated that cannot be true because when I received the Separation Disability on 5-3-01 and on 5-5-01 I faxed a letter of inquiry concerning the Separation Disability. So if Mr. Brown received my fax on 5-5-01 why was my mail continued to be taken and Mr. Darsey said Nothing.

I spoke with Mr. Slavin 5-7-01 and 5-11-01 I asked Mr. Slavin what was my legal right and he said he did not know he would have to ask the union attorney and when I called back Mr. Slavin stated that he has not spoke with the union attorney but says I should file a Mail Theft Report.

I asked If I could have one and he said the union did not have any. He told me to call the Postal Inspectors or senator for a copy. I wrote the Postal Inspector via the internet and they never sent me a Mail Theft form. I called and spoke with another Postal Inspector agent who recorded my information via telephone and I received no response from her. I wrote the Congress and several Senators none of them sent me the form for Mail Theft ps form 2016. I called Mr. Hixin on 5-9-01 and 5-14-01 requesting explanation.

I wrote Mr. Hixin on 5-19-01, 6-11-01, and 6-12-01 requesting why my mail was taken, the document allowing him to take my mail and what exact mail was taken. He called and said no form was filed to request a letter. Mrs. Bower and Mrs. Wilson from the Joy-Field station, both state that Mr. Brown did not write a letter requesting the specific piece of mail to be recalled.

On 5-11-01 I requested from Mr. Brown a specific explanation as to why he had taken my mail. He does not reply but someone sends a letter for him from his office and that person does not given explanation but they do indicate that the Postal Service must write a letter requesting a specific letter and only applies to letters sent from the Mr. Brown and not Mrs. Johnson's letter.

I certify that on 5-10-01 Ava BrownDenied Grievance Resulting In Termination confirmation my termination Mrs. Ava Brown considers me disabled and denies my grievance to return me to work because of my past record of disability and Dr. Hills false medical statement. She is not allowing me to return to work Forcing Termination because I have been trying to return since 3-1-01. Mrs. Brown is not acknowledging these vital documents as fact:

The current medical statement from Dr. Czarnecki. (Return to work, No restrictions)

The 1 letter from OWCP Thanking Dr. Alce for returning me to work.

The 3 current medical statements from Dr. Alce. (Return to work, No restrictions, At Maximum).

The 27 medical evaluations all with good prognosis as to returning to work.

The 27 medical evaluations that do not indicate a threat to myself or others.

The 27 medical evaluations that state I have no personality disorder.

The 27 medical evaluations that state I have no medical disorder or disease.

Mrs. Brown considers Dr. Hill's 2 sentence memo substantial medical documentation to over ride the above factual evidence. Dr. Hill is the only doctor of the 11 doctors to even state I was permanently disabled and did so without even giving me a Fitness for Duty examination. Reference: Reference: Denied J98N-4J-C 01125856 LV095 Grievance


I certify that on 5-12-01 Mr. Cappelli Does Not Allow Me To Participate In A Food Drive.

Mr. Cappelli has limited my freedom of movement and participation in social functions. He does not state his reasons for making such an order other than it is his Postmaster Policy as stated by Mr. Slavin on the grievance step2 Denial. On 5-11-01 I speak with Mr. Slavin on the phone (I do not know anything about the employee meeting that Mr. Cappelli had ordered.) I told Mr. Slavin that it would have been nice to participate in the food drive tomorrow. Mr. Cappelli does not reply to my 5-5-01 letter requesting that I be allowed to participate in the food drive. At the time of sending this letter Mr. Cappelli had already given the order to tell everyone that I was separated disability and I was not allowed on Postal Grounds as indicated by the sworn statements of three letter carriers.

Honorable Bernard A. Friedman        Case:  2:06cv12824              58  of  172

I certify that on 5-15-01 Ms. Johnson Refusal To Process Claim after I Submitted Medical Clearance:

I certify that on 5-15-01 Ms. Johnson Called Me Totally Disabled-Refuses To Process Claim

I had a phone conversation with Ms. Johnson regarding the Notice of intent to Separate from the rolls. Ms. Johnson regards me as disabled because of my record of disabled. I asked her why the Postal Service is Separating me 60 plus days after I have diligently been trying to return to active duty? She said because of Dr. Hills and Dr. Alce medical. I said Dr. Alce has written me back to active duty with no restrictions. She states,

".. that the Postal Service is not going to consider my current medical because my case is with the OWCP is in Washington DC. And that the Postal Service considers me totally disabled and cannot allow me back to active duty and must separate me from the rolls."

I certify that on 5-15-01 Ms. Johnson Regards Me Disabled Without A Current Postal Exam

During the phone conversation I asked Ms. Johnson if the Postal Service was still going to send me for a Fitness for Duty Examination? And she said, No. I asked Ms. Johnson why the Postal service is not acknowledging my current medical from Dr. Alce and Dr. Czarnecki? She stated that Postal Service cannot allow me back to active duty because of my old medical documentation and Dr. Hills current statement. And that this was the Postal Service solid position on the matter.

Ms. Johnson states .........that none of the current medical is being acknowledged just the old.
Mr. Brown states .............that Dr. Hill reviewed Dr. Alces current medical
Ms.Benedict states ......... that she acknowledges Dr. Alce on 3-30-01
Ms. Gaines states............I will be returned to work
Mr. Cappelli states .........I am incapable......No admittance to the Post Office
Mrs. Brown states .........I am incapable ....Not allowed back at Livonia Post Office
Mr. Naple states..............(No Reply to 4 medical inquiries)
Ms. Johnson states .........will allow return if OWCP returns me to work

Honorable Bernard A. Friedman          Case:  2:06cv12824          59 of 172

I certify that on 5-15-01 Ms. Johnson False Statement Return To Work With OWCP Approval during our phone conversation I asked her how the Postal Service can just ignore my current medical evidence? And she said .......*that as long as I was receiving benefits from OWCP that the Postal Service will not allow me to return to active duty.* I said if I get a letter from OWCP stating that I am able to return to work would you let me return to active duty? She said, Yes. I asked her what article or elm are you citing that states the Postal Service does not acknowledge current medical documentation? No answer. The OWCP already stated that I was no longer totally disabled. See Plaintiff Exhibit 1A10 Testimony/Issues: Postal Service

I certify that on 5-15-01 Ms. Johnson tells me "No Comprehensive Medical Report  Written" During our phone conversation I asked for a copy of the complete evaluation from Dr. Hill? She said *I have to ask Dr. Hill.* I said I asked Dr. Hill for a copy of his evaluation on the day of the evaluation.  And Dr. Hill repeatedly said that he could not do an evaluation. And if one would have been done on that day I would have to get a copy from your office the Human Resources Department.  Also Ms. Benedict stated I had to get this from your office. I requested it from Ms. Gaines and she replies to non of my letters. I said I have requested a copy of Dr. Hills complete evaluation several times and I would like a copy? She said *that she has not even seen it and does not know if it exists.* I asked her if I could have a copy of the comprehensive report that is to be written before a person is Separated-Disability referring to elm 365.42 (e)?  She said, *Oh you have to request for that in writing.*

On May 16, 2001 Grace Cracchiolo states;
> 1. *That she has not seen the comprehensive report elm 365.42 (e). I requested a copy. No answer.*
> 2. *That I am eligible for Disability Retirement and that she was going to send the paper work with enclosed nformation*

After repeated inquiries as to when I will receive this retirement package. I receive an incomplete package on 6-18-01. And she refuses to have a personal counseling session with me. And refuses to reply to any of my inquiries on June 11, 12, 13, 15, 16, 18, 19 of 2001.

Honorable Bernard A. Friedman          Case:  2:06cv12824          60 of 172

I certify that on 5-17-01 Ms. Johnson Forced Termination

*Ms. Johnson regards me disabled and stated;*

> "you inquired about your return to work status...., you are currently in receipt of compensation benefits from the Department of Labor".

When an employee is returned to work with no restrictions by his treating physician after being on extended leave elm 545.92 is enacted. Ms. Johnson intentionally <u>does not follow elm 545.92</u> Deciding appropriate action

> "In considering the action to take in matters involving extended leave, the control office or control point evaluates the information contained in the employees injury compensation file and does one of the following: (a)Authorizes a fitness for duty examination as provided in 545.6."

If the current Postal Fitness for duty exam is of a different opinion of the treating physician of the returning employee then the Postal Service may request claims management from the OWCP.

But in this case <u>I am being Separated Disability without a current Postal Fitness for Duty Exam</u>.

The Postal Service does not have a difference of opinion because they do not have a valid medical opinion.

According to elm 545.64 Difference in Medical Opinion

> *<u>If the results of the fitness-for-duty examination disagree with the findings of the attending physician</u>, and the disagreement cannot be resolved with the attending physician, the matter, along with justification for the Postal Service position, is referred by the control office or control point to OWCP for resolution.*
>
> *<u>No administrative action may be taken to change the employee's compensation or employment status until the medical issue is settled by OWCP.</u>*

I certify that on 5-17-01 Ms. Johnson makes False Statement And Denied me  Reinstatement Ms. Johnson intentionally does not follow elm 545.92. Ms. Johnson states:

> "The Postal Service cannot attempt any action to return you to work until written notification from DOL is received stating that you can return to work and that your lost wage earning capacity has been terminated".

I certify that on 5-17-01 Ms. Johnson makes Malicious Statement Of Limiting My Medical Queries
*Ms. Johnson states;*

> "As stated in our correspondence of April 30, 2001, This letter will constitute the Postal Service's response to your current and future queries, until such time as your case development requires additional action"

This are strong words and they are inappropriate. I do get the impression that she liked using this phrase because it places the speaker in total dominance and control. This statement is Limiting and segregating. Ms. Johnson knows that her office has not answered many valid question regarding my return to work and medical inquiries,

As Mr. Slavin had said in his letter of contention;

> "This retaliation because of the on going conflict grievant has endured from Injury compensation and the OWCP".

I certify that on 5-17-01 Mr.Brown/Dr.Hill schedule a Mandatory Exam after I was fired and Ms. Johnson told me there would be no FFDE. On 3-6-01 Dr. Hill refuses to give Exam because of my disability. On 05-02-01 I am fired. On 05-03-01 I am restricted from the post office. On 5-15-01 and on 5-17-01 Ms. Johnson indicates that there will be no Fitness for Duty Exam. On 5-17-01 Mr. Brown schedules a mandatory exam. I did go away at that time because I had made plans to do so. After all the nasty treatment that the USPS demonstrated and then being terminated on 05-02-01. I needed to get away and re-evaluate my situation. I was not expecting the USPS to be so Evil and love it. I am not impressed with there cowardliness because avoidance is not righteous.On 5-19-01I write and state to Mr. Brown;

> I would love to go for a Fitness for Duty Examination. But I will not be available until after 6-10-2001. I will be out of town from 5-19-2001 to 6-10-2001. I have made three attempts to find out if the Postal Service was going to still send me for a Fitness for Duty Examination. After being fired on May 2,2001. On May 18, 2001 I receive a letter from Ms. Johnson where she states that "the Postal Service can not attempt any action to return me to work". And she also states "As stated in our correspondence of April 30, 2001 this will constitute the Postal Service's response to current and future inquiries."

But since I will be out of town and not returned back home after June 8, 2001 Mr. Brown refuses to set up another Fitness for Duty Exam. Then why was this so mandatory? Because the Postal Service needs a Current Fitness for Duty Exam and they do not have one. But they refuse to set up another exam after my termination date because this would indicate my employment and job position at the Post Office. Mr. Brown regards me totally disabled based on a past record and 2 weeks after being fired with disciplinary action and my mail being taken without explanation or authorization. Mr. Brown is trying to force me into a mandatory fitness for duty exam with possible disciplinary action if I do not attend. He knows that he needs to have a current Fitness for duty Examination stating that I am I am Totally disabled because the OWCP will not accept the 2 sentence memo from Dr. Hill because it does not qualify as a medical report because he did not give me one but this is a medical statement lacking all the details of such a report reference elm 545.51 Medical Requirements.

As Mr. Slavin had said in his letter of contention;

> " *Based On Leonard Brown's (Director of Human Resources) actions in dealing with the grievant. These actions included intercepting grievants mail via the postal inspectors, unclear and ambiguous correspondence to grievant. This all resulted after the employee tried to return to work and ended up in the grievance procedure (LV095 appealed to step b rcvd on 4-4-01)."*

I certify that on 5-19-01 I made Medical Clearance inquiry to Mr. Brown Refusal To Process Claim

I certify that on 6-5-01 I consider Mr. Brown to make Malicious Statement " ... Your Inability To Appear"

> 'Thank you for notifying this office of *your inability* to appear at a scheduled Fitness for Duty Examination on 5-2-2001"

This is saying because of my impairment I could not appear at a scheduled Fitness For Duty Examination. And here again the Postal Service makes a reference to my "inability" (impairment) it was also used by Mr. Cappelli in his Notice of Separation Disability.

I certify that on 6-5-01 Mr. Brown confirms my Termination Without A Fitness For Duty Examination

On 6-5-01 Mr. Brown office states;

"Please be advised that this office will not be rescheduling the medical examination at this point in time."

I was terminated on 5-2-01 and effective 6-8-01. The last scheduled Fitness for duty exam was made with Dr. Nol on 9-8-97.

I certify that on 6-5-01 Postal Service Does Not Allow Me A Copy Of My File

On 3-6-01 I requested that I would like a copy of my file from Dr. Hill and he said he could not give it to me. On 5-15-01 I requested that I would like a copy of my file from Ms. Johnson and she said that I could get it from Dr. Hill. I made other requests for a copy of my file to Ms. Benedict, Mr. Brown and Ms. Gaines. No straight answers each office telling me to go to another postal official's office.


I certify that on 6-12-01 Mr. Cappelli Denied Grievance-Terminated Without Exam

Mr. Cappelli states that there has been no indication as when or if I will ever be able to return. Yet I have been to the Livonia Post Office 3 times in attempts to return to work all three times I was treated as I was not an employee. I have made another approx. 30 attempts by phone and letter to show indication of my return with factual medical documentation. I showed indication of a return back to work in 9-2000. Denied J98N-4J-C 01125856 LV095 Grievance on 6-12-01.


I certify that on 6-12-01 Mr. Cappelli creates a personal Discrimination Policy Against me.     For the reasons outlined in my separation is the reason for ordering this Federal Ban. Mr. Cappelli refusal to review old and current medical. Thus firing me because I had a record of disability and continues to view me as disabled. On the Denied grievance at step 2 Mr. Cappelli states that this is his Postmaster Policy to ban those Separated-Disability. Mr. Slavin states in his letter of contention:

> "Postmaster Cappelli's letter denying grievant access to building which has never happened before in Livonia when a carrier has been issued a disability-separation. As to this being policy of the new postmaster, we have had removals under his reign that have not resulted in this type of letter."

Not only does he discriminate and retaliated against me for ordering this on me but has turned it into a Livonia Postmaster Discrimination Policy. Denied J98N-4J-C 01125856 LV095 Grievance on 6-12-01

I certify that on 6-13-01Mr. MalakerChanged my arbitration Hearing to Banned location in which I could be arrested. I receive a notice for arbitration hearing changed originally from Detroit Post Office to Livonia Post Office where Mr. Cappelli had placed a Federal Ban against me. On 6-14-01 I wrote Mr. Mlaker from the Postal Labor Relations requesting that this location be changed to a location where I would not be arrested and he did not reply to faxed and mailed letter. Thus indicating that he did not mind to see me get arrest and probably aided Mr. Cappelli in the writing of his letter of entrapment. I would think it would be interesting to note if Mr. Mlaker has changed locations on an employee with a federal ban and when that employee went to the arbitration hearing was arrested. Mr. Steve Burk union representative has stated that this has happened in the past.

I certify that on 6-15-01 Mrs. Cracchiolo Refused To Have A Personal Counseling Session and refused to reply to any of my inquiries on June 11, 12, 13, 15, 16, 18, 19 of 2001.

I certify that on 6-15-01 Mrs. Cracchiolo Delays And send me Incomplete Retirement Package.

On May 15, 2001 Mrs. Grace Cracchiolo states she would be sending me a package informing me of my right and eligibility to retire with disability, no package was received until 6-18-2001.

On June 8, 2001 I called and spoke Grace Cracchiolo asked her if she had sent me the information packet because today was the official day of my termination. She stated that the girl had mailed it yesterday night meaning Thursday night 6-7-2001.

On June 18, 2001 I get an incomplete package retirement package.

On June 18 and 22, 2001 I request the following items that were missing or incomplete. I receive no reply.

1. The pamphlet sf3113

2. A copy of Position Description and Qualification Standards.

3. Information regarding TSP.

4. Information About Disability Retirement.

5. And a another copy of the complete sf form 3112.

Honorable Bernard A. Friedman          Case: 2:06cv12824          66 of 172

I certify that on 6-20-01 Mr. Cappelli attempted to Entrapment in federal Arrest:

On 6-14-01 I wrote Mr. Mlaker from the Postal Labor Relations requesting that this location be changed to a location where I would not be arrested and he did not reply to faxed and mailed letter. Thus indicating that he did not mind to see me get arrest and probably aided Mr. Cappelli in the writing of his letter of entrapment. I would think it would be interesting to note if Mr. Mlaker has changed locations on an employee with a federal ban and when that employee went to the arbitration hearing was arrested. Mr. Steve Burk has stated that this has happened in the past.

On 6-14-01 Mr. Korolowicz, Regional Union President, sends notice to appear for an Arbitration Hearing regarding Mrs. Norfleet the Postal Supervisor who violently choked me when I was not even looking case number J94N-4J-C 97120794 LV707. It unjustly took almost 4 years for this grievance to be heard. The original location for this hearing was at the Detroit Post Office on 2-01but was the secondary case and was not heard at that time. Then Postal Service and Postal Union agrees to change the location of the arbitration hearing from the Detroit Post Office to the Livonia Post Office on 6-13-01 to an unsafe location where I would be arrested because Mr. Cappelli the Livonia Postmaster had placed a Federal Ban on May 3, 2001 in which both parties were aware.

On 6-14-01 I go to the Union Hall. Ms. Sandy Laemelle, Local Union President, refuses several times to change the location of this Arbitration Hearing to a safe location. She states that if I do not appear for this hearing that she would drop this grievance. She stated that it was a serious offense if I get arrested at the Livonia Post Office. I insisted that this hearing be changed and she refused to look out for my safety and well-being. I asked her who changed the location of this hearing to an unsafe location and she said the computer. She told me she was not going to change the location of this hearing. Mr. Steve Burk stated that people have been arrested before braking an order of no admittance from a Postmaster. That a person has testified at one of these hearing and as soon as the hearing was over that person was Federally Arrested and taken around the BLOCK. I looked right at Ms. Sandy Laemelle and told her that I will not be attending

Honorable Bernard A. Friedman     Case: 2:06cv12824     67 of 172

any hearing unless I had in writing from Mr. Cappelli and the proper authority that it was a safe location for me to attend but she refused to change locations.

Mr. Cappelli Writes in his letter;

> "I am writing in response to your June 14, 2001 letter in which you request permission to enter the Livonia Main Office on August 17, 2001 to attend an arbitration hearing for a grievance which has been filed on your behalf. You have my permission to enter the building through the lobby and front office but I do ask that you refrain from entering unto the workroom floor."

It is plainly seen that I am not allowed safe admittance as indicated by the below diagram. Mr. Cappelli allows me to park and enter the building. But as far as being allowed safe access to the office where the hearing is held was left out of his letter.

But was replaced by the words;

> *"but I do ask that you refrain from entering unto the workroom floor"*

The only area in the Livonia Post Office that is not considered work area are the lobby entrance and lobby. However if a non employee would like to enter the other areas they would have to get permission.

I certify that on 6-14-01 I receive a notice to appear for an Arbitration Hearing regarding Mrs. Norfleet the Postal Supervisor who violently choked me when I was not even looking case number J94N-4J-C 97120794 LV707. It unjustly took almost 4 years for this grievance to be heard. The original location for this hearing was at the Detroit Post Office on 2-01. Then USPS changes the location of the arbitration hearing from the Detroit Post Office to the Livonia Post Office on 6-13-01. An unsafe location was chosen where I would be arrested because Mr. Cappelli the Livonia Postmaster had placed a Federal Ban on May 3, 2001 in which both parties were aware. Mr. Korolowicz agrees to the change of location of the arbitration hearing from the Detroit Postal Office to the Livonia Post Office that has a No Admittance ban placed on me by Mr. Cappelli Livonia Postmaster on May 3, 2001 and is willing to stand by and watch me get arrested.

Honorable Bernard A. Friedman        Case:  2:06cv12824        68  of  172

I certify that on June 14, 2001I go to the Union Hall. Ms. Sandy Laemelle refuses several times to change the location of this Arbitration Hearing to a safe location. She states that if I do not appear for this hearing that she would drop this grievance. She stated that it was a serious offense if I get arrested at the Livonia Post Office. I insisted that this hearing be changed and she refused to look out for my safety and well-being. I asked her who changed the location of this hearing to an unsafe location and she said the computer. She told me she was not going to change the location of this hearing. Mr. Steve Burk stated that people have been arrested before braking an order of no admittance from a Postmaster. That a person has testified at one of these hearing and as soon as the hearing was over that person was Federally Arrested and taken around the BLOCK. I looked right at Ms. Sandy Laemelle and told her that I will not be attending any hearing unless I had in writing from Mr. Cappelli and the proper authority that it was a safe location for me to attend but she refused to change locations.

I certify that on On 6-14-01, 6-25-01, 6-22-01, 7-6-01, 7-20-01, 7-23-01, and 9-7-01 Ms. Laemelle I requested that she find out the details to the No Admittance on Postal Grounds as if this applies to all Post Offices or Just Livonia Offices. I received No Reply from Ms. Laemelle.

I certify that on June 15, 2001I wrote Mr. Korolowicz to change the location arbitration hearing.

I certify that on June 15, 2001 I 06-15-01 and 06-23-01 I had written Mr. Erbs the arbitrator stating my concerns about the restrictions that the USPS made against me and that I would not be able to attend because the arbitration was set up at a restricted location.

I certify that on June 15, 2001I called and left message for Ms. Sandy Laemelle concerning restriction at post offices. I received no reply from her.

Honorable Bernard A. Friedman          Case:  2:06cv12824          69 of 172

I certify that on June 22, 2001 I called and left message for Ms. Sandy Laemelle concerning restriction at post offices. I received no reply from her.

I certify that on June 22, 2001 I called and left message for Mr. Korolowicz concerning restriction at post offices that would not allow me to attend arbitration.

I certify that on June 22, 2001 spoke with Mr. Carl Blassingame via phone. I request that the location of this hearing be changed to a safe location. I asked who changed the location of this hearing to an unsafe location and no answer. He states that the location of this hearing has not been changed. He tells me that i should not be so certain that the no admittance just applies to the Livonia Post Offices and not ALL POST OFFICES. I asked Mr. Blassingame to find out from Mr. Cappelli if this restriction applied to all Post Offices or just the Livonia Post Offices. And that I would like a copy of his letter. I received no reply from him.

I certify that on 6-22-01, 7-23-01, 8-2-01, and 9-21-01 Mr. Blassingame whom I requested that he find out the details to the No Admittance on Postal Grounds as if this applies to all Post Offices or Just Livonia Offices. I received No Reply from him.

I certify that on 6-26-01 Ava Brown Delays and states False Information On Retirement Form 3112b

Mrs. Brown without authorizing a Fitness for duty exam so the Postal Service would have a valid difference of opinion to request claim management she has regarded me disabled, ordered me not to use the employee entrance while being an employee, never notified me that she awarded me high bid on route 5027 and has Terminated me because she thought I was disabled.

And now Mrs. Brown is going to malicious delay my rights to information regarding retirement from the Postal Service.

On the Supervisor Statement Retirement form 3112B the first two sentences state:

> *"All sections of this form must be completed properly.*
> *Failure to do so will delay the processing of the disability application at OPM."*

The following details indicate how Mrs. Brown falsified the form 3112b

Section B – Information about Employee's Performance

Mrs. Brown does not answer questions 1,2,3,5,5a

box 4 – *Show the approx. date that the unaccepted performance or inability to do the job began.*

Mrs. Brown writes – no work since 7-5-97

box 6 – *Identify any critical element (s) of the position which employee does not perform successfully or at all. Explain the deficiencies you observed. Attach supporting documentation ….. Physician's recommendation regarding medical restrictions.*

Mrs. Brown writes – not working and no attachments

Section C – Information about Employee's Attendance

Box 1 – *Has the employee stopped coming to work?*

Mrs. Brown writes – yes, absence expected to continue ,unknown

Section C – Information about Employee's Attendance

Box 3 – *Explain the employee absence on your work operations.*

Mrs. Brown writes Open Route covered with extra hours.

CORRECT ANSWER: This is a false statement. The facts are that I had a swing route 5007 when the incident first happened on 7-5-97. Well that year at the Livonia Post Office there was a bump down taking place. And in 1997 I was bumped off of my swing route 5007 and Ms. Sherry Holly had taken it over. Therefore, the record indicates that the route was covered. I would like to add upon my return since I had been bumped off swing route 5007 I would be allowed to continue the bump down because I was bumped off my assignment and I would be returning to my right to continue the bump down.

Mrs. Brown writes <u>Negative Impact to customer Service</u>

CORRECT ANSWER: Not to state a discriminatory remark on official forms relating to unsubstantiated Separation Disability. This is malicious and extremely offensive.

Box 4 – How many hours of leave has the employee used....?

Mrs. Brown leaves box blank

<u>Section D</u> – Information about employees conduct

Mrs. Brown answers none of the questions.

She does not justify Mr. Cappelli Discrimination Policy of No Admittance to those Separated - Disability.

Section E – Accommodation and Reassignment

Box 1 – What efforts have been made to accommodate the employee in current position?

Mrs. Brown writes Employee <u>unable</u> to work

CORRECT ANSWER: The Postal service has done nothing to accommodate and has created a hostile work environment preventing Mr. Schaefer from returning to work at the post office at all craft and level positions. Resulting in Termination with discipline and no current Fitness for duty.

Box 2 – Has employee been reassigned to a new permanent position?

Mrs. Brown writes No and Not at the Livonia Post Office.

CORRECT ANSWER: Not to state a discriminatory remark on official forms relating to unsubstantiated Separation Disability. This is malicious and extremely offensive.

Honorable Bernard A. Friedman          Case:  2:06cv12824          72  of  172

I certify that on July 6, 2001 I speak with Ms. Sandy Laemelle on the phone. But she places the conversation on the speaker phone for her whole office to hear. She told me Mr. Slavin was there also. <u>She was upset and angry that I had written Mr. Erbs the Arbitrator</u>. I told her that I did not know that he was the Arbitrator for sure. And that I had written to all the addresses on the Notice of Arbitration. I told her the reason I wrote everyone on the Notice was because she refused to change the location of this arbitration hearing to a safe location and that I was not going to be arrested by the unjust ban placed on me. I stated that I would prefer not to attend this hearing but would rather submit a written statement. She stated that she would drop this case if I did not attend and would not accept a written affidavit. I stated that she had to change the location of this hearing. And she refused again. I said please send to me in writing why the postal union refuses to change the location to a safe place. She stated that the Postal Service did not want an Arbitrator the have the power to fire someone from there position because there was recently a Postmaster who was separated from the Postal Service by an Arbitrator.

I certify that on July 20, 2001 I called and left message for Ms. Sandy Laemelle concerning restriction at post offices. I received no reply from her.

I certify that on July 23, 2001 I called and left message for Ms. Sandy Laemelle concerning restriction at post offices. I received no reply from her.

Honorable Bernard A. Friedman          Case: 2:06cv12824          73 of 172

I certify that on July 23, 2001      I spoke Mr. Carl Blassingame via phone. He asks me if my Dr. Alce had written me off totally disabled again. He asked me what specifically was my disability. He asked me if I could do the job. He told me that if this grievance was going to be heard that the Postal Service would have to give me back my job. Because an arbitrator just separated a postmaster and it did not look right for an employee who  was totally disabled by the Postal Service then upon their recovery and return to work they were fired. I told him that I was looking for new employment and that it was extremely unjust and discriminative to have to write that I was fired from the Postal Service under the employment section. He told me to lie on my resume and just state that I was still a Postal Employee. I asked him if he contacted Mr. Cappelli about the details to the No Admittance. He said no but he would look into for me. I stressed the importance of knowing this information and he agreed. He asked me about my involvement with the martial arts and said he took the same style but did not know a single ranking master. He asked me my rank or belt color. He asked me what I thought would be a resolution concerning Mrs. Norfleet and I said that the Postal Rules, Policies, Articles and Elms should be followed.

I certify that on August 2, 2001I spoke with Mr. Blassingame via phone. I asked if he had found out the details to the federal ban placed on me by Mr. Cappelli and he said no but that he would still look into for me. He said that there would be no hearing if I was not returned to my job position. He mention that an Arbitrator just fired a Postmaster and the Postal Service did not want to allow the Arbitrator to have that type of power. Therefore the Postal Union stated that they were thinking of pushing this grievance up to Step 4. I asked him what the procedures are at step 4 and he said he did not know and that he had to ask Ms. Laemelle.

I certify that on August 8, 2001 I spoke with Ms. Sandy Laemelle. Were she stated that the Postal Union agreed to push this grievance to step 4 and that there would be no hearing. She did not inform me of the 21 days allowed according to NALC Agreement of Article 15. Sec 2. Step3. E I sent Ms. Sandy Laemelle a letter of inquiry and I received No Reply from her.

Honorable Bernard A. Friedman          Case:  2:06cv12824          74  of  172



I certify that on 8-10-01 Zana Dakroub Retaliation Not Allowed Proper Grievance. Norfleet Grievance LVO-97 J94N-4J-C97120794 is appealed to step 4 violating Article 15. Sec 2. Step3. E.

On 8-10-01 Zana Dakroub does not allow me proper grievance procedures for case number LVO-97 J94N-4J-C97120794.

> "Please be advised that the USPS believes that an interpretive issue under the National Agreement or some supplement thereto which may be of general application is involved in the above referenced grievance. Pursuant to Art 15.4.B5 of the National Agreement and the MOU on Step 4 Procedures (page 170), the issue will be discussed with appropriate National Representative at the Headquarters level who is responsible for determining whether the issue is interpretive"

Zana Dakroub is stating that the Zero Tolerance Policy Statement does not apply to management and supervision positions but the Zero Tolerance Policy Statement applies to other non management position. The Zero Tolerance Policy states to the ALL EMPLOYEES. Is this a Postal Service False Document?

Why was this appeal to step 4 made and agreed to by the Postal Service and Postal Union if it is so obnoxiously way past the 21 day allowance according to NALC Agreement of Article 15. Sec 2. Step3. E

Probable answer:

Mr. Korolowicz, Mrs. Sandy Laemelle and Mr. Blassingame state that the Postal Service did not want the Arbitrator to have the power to fire supervisors/postmasters because it just happened to a Postmaster. That means that the Postal Service wants to limit the authority of the Arbitrator who will enforce the rules. Thus giving the Postal Service opportunity to dismiss federal codes and postal policy. This would also be beneficial to the Postal Union. Both sides violate the rules and an arbitrator is required. If the Postal Service and union just plainly followed the rules there would be no need for arbitration and only used on the difficult cases and not on the cut and dry case like mine. Employee sucker choked another employee.

The Postal Service and Postal Union want to have authority to follow the rules in such a way to benefit their self interest and not abiding by Federal Law. That means that if there is even a chance for postal rules and regulations to be followed they have to go to the Arbitrator to state that the incident was against the rules and that this is what the rules state as a penalty. And this grievance took 4 plus years to be heard and it is still being sweep under the rug.

Honorable Bernard A. Friedman        Case:  2:06cv12824        75 of 172



I certify that on 8-10-01 Zana Dakroub Condones Violent Supervision And Class Discrimination as seen in her decision.   As stated in the 1997 step 2 Grievance Denial: LVO-97 J94N-4J-C97120794.

Issue at step 2:

> " Whether Management is in violation of the provisions of articles 2 and 19 of the National Agreement, by not removing Supervisor Norfleet from the Postal Service."

Union's Position:

> "Management failed to apply equal disciplinary measure to the supervisor who was involved in an attack on a letter carrier. If the situation had been reversed, the letter carrier would surely be removed from the service. National Arbitrator Snow's decision incorporated the Violence in the Work Place Joint Statement into the National Agreement, and the Zero Tolerance Policy should be applied equally to management as well as the craft employees."

Zana Dakroub has enforced and states in the Regular Arbitration Interpretive referral:

> "On July 5, 1997, Supervisro, Customer Services, Sheila Norfleet, <u>made contact</u> with grievant Mark Schaefer by <u>grabbing him in the neck area</u>. When interviewed by the Postal Inspection Service, Ms. Norfleet stated that it was done in a jokingly environment. Supervisor Norfleet was issued a Notice of Proposed Adverse Action-Reduction In Grade and/or Pay with appeal rights dated November 4, 1997. Based upon a Non-Bargaining Settle Agreement dated December 30, 1997, the proposed adverse action was modified to a letter of warning. As part of the settlement agreement, Supervisor was reassigned to the Inkster Post Office, same pay and grade."

<u>Note</u>: She did not say touch because it was more then a touch. It was a grab that left contusions as stated by Dr. Gimenez on 7-5-97. And since Mrs. Norfeet had come from behind me I did not know or see Mrs. Norfleet's joke but I sure felt it. It has filled the last 4+ years with extreme hardship and has cost me my career position with the Postal Service. <u>Not a Joke!</u>

Zero Tolerance Policy of 10-17-1997 states;

> "Effective immediately, this policy places <u>all employees</u> on notice that threats, assaults, verbal berating, and other acts of violence committed against other employees or customers will result in disciplinary action, up to and including removal from the Postal Service."

Zana Dakroub is stating that National Arbitrator Snow's decision incorporated the Violence in the Work Place Joint Statement into the National Agreement and Zero Tolerance Policy Statement does not apply to management and supervision positions according to Article 1 Section 2. Exclusions. 1. Managerial and supervisory personnel. <u>Result:</u> Postal Service condones a violent and hostile work environment with Discrimination Policy against craft employees. This is class discrimination. <u>Example:</u> In 1996 a letter carrier from the Livonia Main Post Office was disciplined and removed for swearing and only threatening a supervisor.

Honorable Bernard A. Friedman          Case:  2:06cv12824                  76 of 172

I certify that on August 13, 2001 I sent Mr. Blassingame a letter of inquiry and I received No reply from him.

I certify that on 08-13-01 I requested (3) copies of the form SF 95 from Ms. Gaines via first class mail and I did not received a reply from the USPS.

I certify that on 08-13-01 I requested (3) copies of the form SF 95 from Mr. Cappelli via first class mail and I did not received a reply from the USPS.

I certify that on On 8-15-01 Mr. Korolowicz pushes this grievance case number J94N-4J-C 97120794 LV707 up to step 4. And in doing so violating Article 15. Sec 2. Step3. E. that states the appeal can only be appealed to step 4 before 21 days after a final decision was made at step 3 which was made 7-1998.

I certify that on August 15, 2001 I sent a letter for Ms. Sandy Laemelle concerning restriction at post offices and grievance matters. I received no reply from her.

I certify that on August 16, 2001 I sent a letter for Ms. Sandy Laemelle concerning restriction at post offices and grievance matters. I received no reply from her.

I certify that on 8-16-01  Mr. Cappelli Call me After Business Hours on my brother phone -"Take Care Of Yourself" after I was fired on 05-02-01.    Reference: Taped Message

I had just sent 2 Requests for EEO Counseling forms on 8-15-01 and 8-16-01.

Mr. Cappelli calls my brother number the night before the arbitration hearing at Livonia. He does not state his purpose of his call. He tells me to page him. And he has never again tried to contact me.

After everything that he has done and by oppression me with <u>capital economic punishment</u>;

1.     He has never called me on the phone before.

2.     He has made it quite clear that he does not consider me a postal employee.

3.     He has called me incapable because I have a record of disability,

4.     He has terminated me without a current postal fitness for duty,

5      He has delayed the processing of my medical and claim,

6.     He has ordered a federal ban not allowing me on postal grounds,

7.     He has slandered my good name to all employees, stating I was disabled.

8.     He has not allowed me to participate in a social activity.

9.     And here he has called me late evening way past business hours.


This is the exact message Mr. Cappelli had left on my brothers answering machine on 8-16-01 at approx. 7 pm.

" Hey Mark Schaefer, This is Jim Cappelli from the Post Office

Ahhh I would like to speak to you tonight if I could.

I would appreciate a page at 313 201 3794

umm hopefully you can do that, I would appreciate it guy

Hope you are doing ok , Take care of yourself  BYE BYE"

Should I be expecting to be invited to his house for dinner or asked out to a baseball game?

Should I be expecting to be invited to his Birthday party?

Should I be expecting him to return me to my job position that is mine.

Or does he not notify me of his intention behind this call because since he fired me with discipline and held slander meetings about me while I was trying to save my house from being foreclosed.

Should I be expecting anything good from that man?

Does he carry my dignity in a bag?

I have done nothing to him or anyone else at the post office to cause harm.

I was totally disabled at the postal service and upon my return to work I was fired with discipline.

Yes I felt threatened by Mr. Cappelli message.


I certify that on August 17, 2001 Union Representative drops off the appeal to step 4 and places it in my mail box the morning of the arbitration hearing and then 3 hours later that same person looks in my mail box and knocks on the door.


I certify that on August 20, 2001 I sent Ms. Sandy Laemelle a letter. I received No reply from her. Plaintiff Exhibit 8A23    08-20-01 Schaefer to Laemelle (2 pages)


I certify that on August 20, 2001 I sent Mr. Korolowicz a letter of inquiry.


I certify that on 8-23-01 Mr. Korolowicz refuses to answer why this location was changed to an unsafe location and who changed this meeting to an unsafe location. He acknowledges that a final decision was made on 7-1998 but still allows this grievance to be pushed up to step 4. Violating Article 15. Sec 2. Step 3.

I certify that on Sept 7, 2001 Mr. Korolowicz sends me a notice to appear for an Arbitration Hearing regarding the grievance numbers J98N-4J-D 01168179 LV108 and J98N-4J-C 01125856 LV095. He states in this letter to contact the local branch president or his office regarding the scheduling of this hearing. I sent a reply to this order on 9-8-01 to Ms. Laemelle. This document appears to be altered and made different from the other 2 notices sent to me on 2-01 and 6-01 with the phone numbers and addresses missing and the article printed with a different font. To me the Notice of Hearing is Altered and is set up for a location where I am restricted. I receive this notice for arbitration hearing set up for the Detroit Post Office. I have made it very clear to the Post Office and Postal Union that unless I had in writing the clear details of Mr. Cappelli's No Admittance I would not being going to any Post Office in fear of being arrested. When I wrote Ms. Laemelle President of Branch 1 she did not reply to my letter and the union stated that since I did not contact them about this hearing it was pre-arbitrated.

I certify that on Sept 8, 2001 I sent letter of reply to the arbitration hearing received on 9-8-2001 Ms. Sandy Laemelle and she did not reply to this letter.

I certify that on Sept 19, 2001 I sent a letter to Ms. Sandy Laemelle. I received No reply from her. Ms. Laemelle does not address my letter sent to her on 9-8-01 in reply to the arbitration hearing set up for 9-19-01 and is used against me in a unjust pre-arbitration settlement.

I certify that on 9-19-01 USPS makes a Pre-Arbitration Settlement with itself after I have made it very clear by phone and by letter that unless I had in writing the clear details of Mr. Cappelli's No Admittance I would not being going to any Post Office in fear of being arrested. I have reached no response. Therefore I was not allowed to participate in the arbitration process because of the un-lawful disciplinary action by retaliatory restriction from postal facilities. The postal service has indicated by this pre-arbitration agreement that they consider me disabled without a current fitness for duty exam thus not having a difference of opinion because they do not have a valid medical report. And ELM 545.64 - Difference of medical opinion. " No administrative action may be taken to change the employee's compensation or employment status until the medical issue is settle by the OWCP."

I certify that on Sept 19, 2001 Mr. Blassingame sent me via mail the Pre-arbitration settlement. He does not acknowledge the letter I sent to Ms. Laemelle on 9-8-01 as ordered to do on 9-7-01 Notice to Arbitration by Mr. Korolowicz. This pre arbitration does not agree with my medical evidence or the letter from the OWCP thanking Dr. Alce for returning me to work and the ELM 545.64 -Difference of medical opinion. " No admin-istrative action may be taken to change the employee's compensation or employment status until the medi-cal issue is settle by the OWCP." He has agreed that I should retire disability. If I do not apply for retirement this judgment stands. If I apply for retirement and if I am excepted by the OPM that this order to retire would be rescinded. I have two doctors writing me back to full time work with no restrictions and at maximum with a letter from the OWCP thanking my doctor (Dr. Alce) for returning me to work. And here the Postal Union is trying to force me into retirement in which I have fully overcome. On the basis of not acknowledging the letter I had sent Ms. Laemelle on 9-8-01. And probably becoming aware of my EEO pre-counseling form I filed because Mrs. Price refused to keep my anonymity.

Honorable Bernard A. Friedman          Case:  2:06cv12824          81  of 172

I certify that on 9-21-01 I spoke with Mr. Blassingame via phone. He states that he is unaware of the letter I sent him on 8-13-01and Ms. Laemelle on 9-8-01 and 9-19-01. I asked if I have appeal right to this pre-arbitration and he said no I must contact Mr. Korolowicz with any objections. I asked, did your office receive my letters dated 9-8 and 9-19. He said No. I asked, if he contacted Mr. Cappelli about the details to the no admittance on Postal Grounds. And he said No. I asked, why did he not reply to the letter I sent him on 8-13-2001, No reply. I asked how and why was this pre-arbitration settlement was reached. He said I had to contact Mr. Korolowicz.

I certify that on Sept 24, 2001 I sent letter of objection and inquiry to Mr. Korolowicz.

I certify that on 09-25-01 the USPS committed collateral attack by consolidating USPS issues with Union Issues before I was given opportunity to file a formal complaint.

I certify that on On 9-28-01 via fax, 10-1-01 via fax, 10-1-01 via mail Mr. Korolowicz sends this same letter to me three times in reply to my 8-24-2001 letter regarding the pre-arbitration settlement. He stated that this decision was reached because I did not contact the Postal service regarding the Arbitration hearing that was set up. But I indeed sent a letter to Ms. Sandy Laemelle regarding my concerns that this hearing be set up at a safe location on 9-8-01. He states that this decision was final and binding and that he was the person who decided this decision. And of course neglected to answer the other questions I had asked him. He thinks I should retire disability. If I do not apply for retirement this judgment stands. If I apply for retirement and if I am excepted by the OPM that this order to retire would be rescinded. This decision does not agree with my medical evidence or the letter from the OWCP thanking Dr. Alce for returning me to work and the ELM 545.64 - Difference of medical opinion. " No administrative action may be taken to change the employee's compensation or employment status until the medical issue is settle by the OWCP." He states that this decision was final and binding

I certify that on 10-02-01 after the USPS committed collateral attack by consolidating USPS issues with Union Issues before I was given opportunity to file a formal complaint the USPS rescinded the consolidation.

I certify that beginning of May of 2001 USPS pulls my personal mail without proper authorization and begins its mail harassment. The USPS states they tried to recall Mr. Brown letter in which I received so that letter never was returned but the letter from Mr. Johnson was return and then resent. I was informed after these two items that the USPS was still pulling all my mail. The Mail person that told me this also showed me the big yellow card that requested my mail to be pulled.

I certify that on 12-31-2001 USPS Delays and seizes the delivery of Certified package and First Class Box Reference Certified: 7000-0520-0013-9359-7731. On 01-15-02 I left a message for postal inspectors asking why the mail I had sent on 12-31-01 was still sitting in the teleford post office and that I would like a investigation. I received a message on the answering machine that my letter of 1-15-01 was not under-stood by your agents and they refused to look into the matter.

In January the days of 16-17-18 of 2002 I called and spoke with 2 different Postal inspector and they told me that they would not look into any matter that involved the USPS seizing my mail. I told them that on 1-14-02 my brother went into the Teleford station and that my brother seen the box that he mailed for me on 13-31-01. Ernie told my brother that the USPS is waiting for someone to pick it up. The postal inspec-tors refused to send me a complaint form and refused to investigate. These were EEOC papers filed with the eeoc and the USPS that just sat at the post office for at least 2 weeks undelivered.

*The Bill of Rights: Article IV Right of Search and Seizure Regulated.*
*The right of the people to be secure in their persons, houses, papers, and effects*
*Against unreasonable searches and seizures shall not be violated and no warrants shall issue*
*but upon probable cause Supported by oath or affirmation and particularly describing the place to*
*be searched and the persons or things to be seized.*

Honorable Bernard A. Friedman                Case:   2:06cv12824                83 of 172

I certify that on 7-11-2002 the USPS mail person refused to fill form 3849 ie the certified number on the yellow return receipt card. This was Mrs. Lodge Postal EEOC Investigator sending me the Request for Affidavit that was to early because I still had time to object to the OFO remanded issues (5-2002) and cause a direct interference that was over looked of course by the EEOC.

Reference Certified number: 7000-0520-0021-1207-5073

I certify that on 2-7-2003 the USPS mail person refused to fill form 3849 ie the certified number on the yellow return receipt card. Reference Certified number: 7002-2410-0000-0826-1964

I certify that on 2-21-2003 USPS Delay First Class Certified Mail sent to Judge's Office. I sent to the Judge and to the Agency his Motion in Opposition to Summary Judgment and both parties received the package on 2-25-2003 (one in Michigan and the other to Illinois). It took 5 days for the Judge's office to receive the certified package. It was mailed from Livonia Main Post Office on 2-21-2003 which is 45min-utes away from its destination (Detroit). Certified number: 7002-2030-0004-6511-8014.

I certify that on 4-3-2003 the USPS mail person refused to fill form 3849 ie the certified number on the yellow return receipt card. This was from Mrs. Lodge Postal EEOC Investigator in which most of the document was sent mostly blank (unreadable) and It was late the Postal Investigative file.

Reference Certified number: 7000-0520-0021-1207-6568

I certify that on 4-3-2003 the USPS Delayed my First Class Certified Mail. I received an Opened Certified package that was sent on 3-24-2003 and received 10 days later on 4-3-2003. It was not placed in a postal baggie nor was it stamped by the USPS as damaged. This package was sent from a location that is only 15 minutes away from where live. Reference Certified number: 7000-0520-0021-1207-6568

I certify that on 8-4-2003 I had sent a check to my mortgage company and they did not receive it until after 8-13-2003.

I certify that on 8-8-2003 I had sent a Certified package and received by the Judge's office 7 days later on 8-14-2003. Certified Number: 7003-0500-0003-6183-0033

I certify that on 8-11-2003 I had sent a Certified package and received 8 days later on 8-19-2003. I received the return card (form 3811) on 8-27-03 which is another 8 days later. Reference Certified Number: 7002-2030-0004-6511-8045,

I certify that on 8-21-2003 USPS mail person refused to fill form 3849 ie the certified number on the yellow return receipt card. Reference Certified Number: 7002-2410-0006-7913-1414.

I certify that on 8-25-2003 A resident of this house was sent a first class letter postmarked 8-25-03 (Denver CO.) then after 12 days it was postmarked for 9-8-03 (in Detroit) then received on 9-10-03.

I certify that on 8-26-2003 USPS mail person refused to fill form 3849 ie the certified number on the yellow return receipt card. Certified Number: 7002-2410-0006-7973-1384.

I certify that on 8-27-2003 Complainant was threatened by Carl the mailman yelled across the street that he will no longer deliver Certified Mail to my house

I certify that on 9-18-03 I received a first class letter for a social security statement that was dated on 8-27-2003. It took 23 days to receive this item.

I certify that on 9-3-2003 USPS Delay First Class because 9-18-2003 I received a First Class letter from the OWCP that was dated for 9-3-03 (the date 9-3-03 appears in the window with the address). It took 16 days to receive this letter.  See Plaintiff Exhibit 4A2        01-09-04        Plaintiff's brief on appeal

I certify that on 9-8-2003 A resident of this house was sent a first class letter postmarked 9-8-03 then after 5 days it was postmarked on 9-12-03 then it was received on 9-15-03. It took 8 days to deliver this 1st class letter.

I certify that on 9-12-03 received green card signed on 4-3-03. On 4-3-2003 I signed for a certified letter that had no return address from the sender on the front of the form 3811.  On 9-12-03 complainant received the green card. It took over 5 months to deliver this 1st class certified card to the only address on the form 3811 which was the complainant's?

I certify that on 9-27-2003 I received a notice from the mortgage co. dated on 9-19-03 stating they have not received my mortgage payment that I sent on 9-2-03. That on 9-2-2003 I made a deposit at the National City bank then immediately mailed a mortgage payment and it has not been received by the mortgage company until this date 9-29-2003.

I certify that on 9-29-03 this house received a letter that was postmarked 9-24-03 then rerouted with the postmark of 9-27-03.

Honorable Bernard A. Friedman          Case:  2:06cv12824          86 of 172

I certify that on 10-2-03 this house received a letter that was postmarked 9-22-03 then rerouted with the postmark of 9-29-03. It took 11 days to receive this first class letter from Lansing, Michigan.

I certify that on 10-25-03 USPS mail person refused to fill form 3849 ie the certified number on the yellow return receipt card. Reference Certified letter (7002-0860-0000-7072-0519) This mail carrier was a substitute carrier for Carl the regular mail person that refused to fill in the proper receipt. I filled in the proper certified number on the yellow form 3849 and signed it. And I signed the green card.

I certify that on 12-15-03 I sent a certified letter 7002 2030 0004 6511 8076 at 4:13 pm, December 15, 2003 at Post office in DEARBORN, MI 48128 it was approx. delivered at 11:46 am on December 19, 2003 in BLOOMINGDALE, IL 60117. On 12-31-03 the I received the green reply card (form 3811). It took 13 days to receive the first class return postcard.

I certify that on 12-19-03 from Detroit then re labeled on 12-23-03 and received on 12-26-03. It took 8 days to receive this first class letter (Detroit to Dearborn to Detroit)?

I certify that on 12-17-03 from Denver CO. then re labeled on 12-23-03 and received on 12-26-03. It took 10 days to receive this first class letter.

I certify that this house sent First Class letter sent on postmark date 12-15-03 and received in TN postmark date 12-18-03. The Item is stamped "Not deliverable as addressed unable to forward." And on 1-2-04 this item is received by sender 15 days after the postmark in TN on 12-18-03.

Honorable Bernard A. Friedman          Case: 2:06cv12824          87 of 172

I certify that the postal inspectors refused to send me a complaint form. And recently on the news (2006) I seen and heard Mr. Vanderpuddy state he looking to prosecute the person that knocked over and scared a postal carrier. This same Postal Inspector boasts on channel 2, 4, and 7 giving the false impression that they protect the safety of the mail carriers and the Mail. But when I spoke with Mr. Vanderpuddy he was not interested in helping me at all. He would not send me a complaint form or make any investigation.

I certify that On 08-27-03 I was threatened by Carl the mailman as he yelled across the street that "he will no longer deliver Certified Mail to my house" I have witnesses to this threat to delay and his refusal to deliver my first class mail! Then Carl the mail man decided to not file out the forms for certified mail.

> Pursuant Summary of OGE's New Executive Branch Standards of Ethical Conduct Regulation: Pursuant 5 CFR 2635 and 57 Federal Register 35006-35067.
> Employee shall make no unauthorized commitments or promises of any kind purporting to bind the government. Public Service is a Public Trust, requiring employees to place loyalty to the Constitution, the laws and ethical principles above private gain. Employees shall endeavor to avoid any actions creating the appearance that they are violating the laws or these Standards of Ethical Conduct.

I certify that On 09-25-2003 Postal inspector states that he had recent complaints regarding delay of Certified Mail. But he never reply to my letters requesting information that is the source of my problem.

I certify that On 10-09-2003 Postal inspector states that my first letter was dated on 9-29-03. What happened to the several letters I had sent previously? What happened to the several calls I made to them? Yes I remember that the US Postal inspectors refused to look into any matter where the USPS is not the victim.

I certify that On 12-31-03 Postal inspector states he has forwarded my current letter to the USPS Consumer affairs. But It is the USPS that is seizing my mail since 05-2000 he does not consider it criminal to violate the Bill of rights.

Honorable Bernard A. Friedman          Case: 2:06cv12824          88 of 172

I certify that On 12-31-03 Postal inspector states the postal Inspection service deals with criminal activity. But It is the USPS supervisor that violently choked me at work which a direct threat on my life and refused to protect and service. But it is the USPS that is seizing my mail and then delivering days later this is plainly obstructing and retarding the passage of my mail and the mail of those that live in my house. *Criminal Postal Offenses 212.21 (e) Destroying, Obstructing, or retarding the passage of mail.* But It is the USPS that seizured/delayed my mail sent to the Mortgage company and directly created a condition of foreclosure that's cost me 1000's of dollars to correct the problem.

> *Citing: Criminal Resource Manual 940 18 U.S.C. Section 1341 — Elements of Mail Fraud*
> *"There are two elements in mail fraud: (1) having devised or intending to devise a scheme to*
> *defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of*
> *executing, or attempting to execute, the scheme (or specified fraudulent acts)."*

I certify that on 06-21-06 I sent summons packet to Mr. Gonzales via certified mail with return card. This return card did not have a signature or dated to when it was received and it did not have a stamp from the post office on either side. I received this card on 08-03-06. Please see Plaintiff certificate of service for summon/complaint filed on 06-26-06 pursuant federal Rules of civil procedure Rule 4(l) and Rule 5(d).

I certify that on 09-28-06 I received the USPS Attorney Decleqc post marked on 09-13-06 reply to the sanctions against the USPS in which they consider Law to be trivial.

I certify that on almost all of the above mail harassment dealt with administrative court matters.

I certify that I almost lost my house to foreclosure because the USPS delayed my mortgage payments directly because of the mail harassment the USPS began on 05-2001 and it cost me over 1500.00 in bank attorney fee.

I certify that there are more occasions that should have been listed here but due to time I left it off here.

Honorable Bernard A. Friedman          Case:  2:06cv12824          89  of 172

I certify that on 3-28-01 Mrs. Price withholds 15 documents          Since Mrs. Price is willing to withhold important documents, the result is intentional interference for a voluntary settlement  which is the immediate goal of the EEOC. Mrs. Spencer filed only 1 of the 16 documents I submitted to Mrs. Price with the 2570 form on 7-20-01.

I certify that on 4-20-01 Mrs. Spencer Delay in processing and waste of the 30-day extension when In good faith I signed a 30-day extension to allow Mrs. Spencer to return me to my job position at the Livonia Post Office.  This was an intentional delay in time because she did not use it to give me a fair and complete pre-counseling investigation. According to the form 2570 she only interviewed 1 of the 11 people I stated I was having problems, suppressed 58 documents, submitted the wrong Formal Complaint, did not keep my anonymity, had me fill out 2 different 2565 before the Final Interview, and falsely filed the form 2570.

I certify that on 5-8-01 Mrs. Spencer discourages me from filing  additional dates when After finding out I was fired with discipline and being informed Mr. Brown was taking my mail without authorization I called Mrs. Spencer to include these items with her investigation. She informed that she was only interested in the dates in March of 2001 and every thing falls under the continuous category. Mrs. Spencer tried to limit the dates I cited as being discriminated against. By stating, "do not write in the dates just write continuous." Mr. Brown is Mrs. Spencer and Mrs. Price supervisor. Mrs. Spencer has awards all through her office. I believe that she even has his picture on the wall along with her ½ dozen awards. see 29CFR 1614.105 (g) Counselor shall not attempt to restrain the aggrieved from filing complaint.

I certify that on 5-9-01 Mrs. Spencer doesn't place my letter of concern in file after I specific request it. I am filing issues concerning her supervisor Mr. Brown. She has his picture and awards all throughout her office. I know that this DRS will not be able to give an unbiased pre-investigation because of her association with individual involved. So I immediately state my concerns in writing. I requested that Mrs. Spencer place my letter of concern with my evidence file and she never submitted the letter when filing the 2570 form. She never interviews Mr. Brown as indicated by the form 2570. However she does lie to me on 6-14-01 by stating that she did speak with Mr. Brown. I asked Mrs. Spencer if she had interviewed Mr. Naples, she said no. Ms. Benedict, she said who? No. Mr. Hixin, she said no. Mr. Darsey, she said no. I asked her who did she speak with she said: Ms. Gaines, Mr. Cappelli and his friend Mike, and her supervisor Mr. Brown.

I certify that on 5-10-01 Ms. Spencer Refuses to allow me to change DRS During the initial interview with Mrs. Spencer I asked Mrs. Spencer if all the awards in her office that were signed by Mr. Brown the same Mr. Brown I have filed this EEO against and she said yes that he was her supervisor and Mrs. Price's supervisor. I asked if she could give a fair investigation and she said she does in depth investigating. This is not a clear answer to the question I just asked. So I asked if I could have another Dispute Resolution Specialist that was not familiar with all the parties involved and she said you can ask but the answer is no. I made several calls and letters concerning getting a new DRS and I was informed that I was allowed to have a counselor whom I thought was not related to the matters I raised in the EEO process. This is why I wrote the letter of concern on the advice given from either Mr. Grundner or Mrs. Vincent. Here Mrs. Spencer refuses to change my DRS. Mrs. Price is confused about my concerns regarding impartial pre-complaint counseling, as stated in her 5-14-01 letter. On 8-20-01 Mrs. Price becomes un-confused and states to me that she could have given me a different DSR. When I asked Mrs. Price why she did not allow me a new DSR , she states that she could have gave me a new DSR from out of state. But has to look up what she had written in her letter to me as to why she didn't.

I certify that on 5-10-01 Mrs. Spencer Refuses to allow me to submit attachments During the initial interview with Mrs. Spencer she made copies of approx. 30 separate documents of evidence. I requested that I would like to just write a report using the form 2565 as my guide but she refuses and told me that I had to file it on the 2565 and that no attachments would be allowed. But I wrote Mrs. Price on 5-11-01 and she replied on 5-14-01 stating I could include attachments.  Mrs. Price States in her letter of 5-14-01;
> " On your formal complaint form you can begin your complaint in the box and continue on with attachments if you choose."

I certify that on 5-10-01 Mrs. Spencer discourages me from additional dates During the initial interview with Mrs. Spencer I state to Mrs. Spencer that more dates have been added to the original claim such as mail theft, termination because of disability, and no admittance because of disability. Mrs. Spencer states that she is only interested in the dates I listed in March of 2001 and that I was not to list specifically any other dates.  By stating, "do not write in the dates just write continuous."

I certify that on 5-10-01 Mrs. Spencer has me file form 2565 and rep form before initial meeting During the initial interview with Mrs. Spencer I did not even receive pre-counseling and Mrs. Spencer is already jumping ahead to the next phase. She states, *that I must fill out the form 2565 EEO Formal Complaint and the representative form before our meeting even starts.* On the representative form there was a question as regarding my anonymity but since this paperwork   belonged   to the Formal part of the EEO Process I checked no anonymity. She states that if I do not file and sign these 2 documents, that this case will not be processed. I requested a copy of both forms and she refused.

I certify that on 5-10-01 Mrs. Spencer withholds 40+ documents In addition to the 16 documents I submitted on 3-28-01. I submitted approx. another 40 more documents on 5-10-01 in which Mrs. Spencer does make copies. Then on 7-20-01 Mrs. Spencer submits only 7 of the 65 documents with the wrong formal complaint.

Honorable Bernard A. Friedman          Case:  2:06cv12824          92 of 172

I certify that on 5-10-01 Mrs. Spencer refusal to share important documents During the initial interview with Mrs. Spencer She refused to give me a copy of the 2565 and the representative form that she made me fill out before the start of our initial meeting. She also refused to give me copy of her investigation.

I certify that on 5-11-01 Mrs. Price is made aware of the tampering of my mail.      I state to Mrs. Price on 5-11-01 via phone;

> " My mail is being pulled by your supervisor Mr. Brown. It is possible that any letter sent via post office maybe taken for Postal Review. I do not authorize the Postal Service to take my mail but they are doing it anyway."

Mrs. Price reply on 5-14-01:  "I also have no idea what you are referencing about your mail being pulled."


I certify that on 5-14-01 Mrs. Price is confused about being impartial

On 5-8-01 I state:  "Do I have the right to choose an EEO counselor..."

On 5-11-01 I state: "Can you give me any reassurance that this case will be handled impartially? Do I have any options insuring me a fair review and investigation?Recently I had met with Ruby Spencer and I was informed that Mr. L. Brown was your supervisor and that you were the supervisor over Ruby Spencer. I was informed that everyone in your office knows the following people Mr. Brown, Ms. Gaines, Mr. Cappelli, Mrs. Ava Brown, and Mrs. Norfleet."

On 5-14-01 Mrs. Price's reply:

".....I am somewhat confused as to why you feel that you will not receive an impartial handling of this pre-complaint inquiry."


Honorable Bernard A. Friedman          Case:  2:06cv12824                    93  of  172

I certify that on 5-14-01 Mrs. Spencer discourages me from filing additional dates After not being allowed to participate in a social function and finding out about the employee meeting Mr. Cappelli had ordered about my disability I called Mrs. Spencer. I wanted to amend the claim but she stated just to add them to the list. I speak with Mrs. Spencer vis the phone on 05-14-01. Mrs. Spencer never confronted Mr. Cappelli concerning the no admittance or the slanderous meeting Mr. Cappelli ordered at the Livonia Post Office.

I certify that on 6-5-01 Mrs. Spencer improper interview with Mr. Cappelli Mrs. Spencer has a meeting with Mr. Cappelli on 6-5-01.

1. She does not present Mr. Cappelli with the letter from the OWCP thanking Dr. Alce for returning me to work.
2. Nor does she make mention of Dr. Czarnecki current medical.
3. She did not address why Mr. Cappelli ordered a Separation-Disability without a current Postal Fitness for duty exam.
4. Nor did she inquire about the validity of Dr. Hills 2 sentence memo as a valid medical report.
5. She did not inquiry as to why Mr. Cappelli chose to place a Federal Ban on me restricting my freedom of movement as a US citizen. By ordering a no admittance,
6. Nor did she inquire why he was not allowing me to participate in a social function
7. Nor did she inquire as to why Mr. Cappelli was the ordering of slanderous meeting.
8. She did not inquire as to why Mr. Cappelli ordered me not to use the employee entrance on 03-06-01.

I certify that on 6-5-01 Mrs. Spencer does not maintain my anonymity with Mr. Cappelli when Mrs. Spencer straight forward mentions me by name to Mr. Cappelli. Thus not allowing me to have complete anonymity. As indicated on my pre-counseling form dated 3-28-01 I requested to remain anonymous. Not only did she mention me by name to Mr. Cappelli but she also indicated on the form 2570 that I waived my right to anonymity.

I certify that on 6-14-01 Mrs. Spencer has me file form 2565, right to file, and very important She states that I must fill out the form 2565 EEO Formal Complaint before our meeting starts in which I signed, dated and timed it. Then she gives to me the Notice of Right to File Individual Complaint form 2579-A and Very Important notice Statement. I told her I cannot sign these because she had already had me fill out the form 2565 EEO Formal Complaint twice. But she states that if I do not sign these documents that this case would not be processed.

I certify that on 6-14-01 Mrs. Spencer discourages me from filing additional dates During the final interview with Mrs. Spencer she tried to limit the dates I cited as being discriminated against. By stating, "do not write in the dates just write continuous." She also informed me that she was only interested in the dates cited for March and no other months. She demanded that I remove all the dates in box 15 (dates of discrimination). I told her to read that box out loud and she did. Then I said I answered that question to the best of my knowledge and it stays. She stated that this was all one case and that I need to place only one or a couple dates in this box because this was one continuos claim. But I refused to erase any of the dates listed.

I certify that on 6-14-01  Mrs. Spencer    physically altered my Formal Complaint
Mrs. Spencer whites out the date and time on EEO Formal Complaint than tells me the meeting is over and I can go.

I certify that on 6-14-01 Mrs. Spencer refuses to give me a copy of her report when I asked her if I could have a copy of her investigation and she said no.

I certify that on 6-25-01 Mrs. Price withholds my Formal Complaint and other documents

Honorable Bernard A. Friedman        Case:  2:06cv12824        95  of  172

I certify that On 6-25-01 I send my formal complaint package consisting of 39 pages total and this package was not submitted as my formal complaint. As I stated to Mrs. Price:

*"I had a final interview with Mrs. Spencer who had me fill out the form 2565 EEO Formal Complaint for a second time. In which I signed, dated and timed it. Before giving me the Notice of Right to file Individual Complaint and the Very Important statement after stating that I can not sign either of these forms because she had already had me fill out he form 2565 twice she told me if I did not sign these two documents that this claim would not be process. So as you can see all the concerns I stated to you about a fair pre- counseling never happened and she stated to me that she only interviewed half of the people involved.*

*Since Mrs. Spencer had whited out my date and time on the form 2565. My union told me that I still had to submit the EEO Formal Complaint to your office because the date and time I had written were whited out by Mrs. Spencer when I submitted my complaint to her on 6-14-01. After asking Mrs. Spencer several times if I needed to file separate individual complaints she told me that I did not need to file separate complaints because this was all one case and file.*

*I would like to submit my EEO Formal complaint dated June 24, 2001. I thought it best not to fill in the actual ps form 2565 EEO Formal Complaint but to use it format and type out all my information on continue sheets of paper like a report.*

*Enclosed is my 35 page EEO Formal Complaint, Notice of Right to file Individual Complaint, the Very Important statement and the voided form 2565 were Mrs. Spencer had whited out my date and time.*

*Please give this cover letter and the complete package to the formal investigator."*

And on 7-20-01 Mrs. Spencer does not submit my formal complaint dated 6-25-01.

I certify that on 7-20-01 Mrs. Spencer Erroneously and false files the 2570

See Plaintiff Exhibit 1A11, See Plaintiff Exhibit 1F18, See Plaintiff Exhibit 1F15, See Plaintiff Exhibit 1F 16a

See Plaintiff Exhibit 1F16b          See Plaintiff Exhibit 1F16c                    See Plaintiff Exhibit 1F16d

Errors found on the ps form 2570 filed by Mrs. Spencer from the EEO Detroit district Postal Service.

Error #1:  Social Security number:          Correction: 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

Error #2:  Work Address                     Correction: 11800 Merriman Road

Error #3:  Days off                         Correction:  Yellow and rotating

Error #4: Discrimination Claims             Correction: No Specific names where listed here by Mrs. Spencer.

Dates listed but are wrong: March 20, 26, 2001, April 5, 11, 13, 17, 23, 25 2001, May 14, 18, 22 2001

Missing Dates:  July 5, 1997, October 1998, March 21, 30 2001, April 18, 2001, May 15, 16, 17 2001,

June 5, 20 2001 There was no mention of my request to combine past EEO filed under the 29 C.F.R.1614.106

Error #5: Requested Resolution

Under point 1:          missing sentence... and possible one lump payment.

Under point 15:         I did not write "the cost of his efforts acting on his own behalf."

Missing Point 20:       Refining of Elm 545.9 Managing extended leave cases.

Missing Point 21:       Refining of Elm 545.92 Deciding Appropriate action.

Missing Point 22: The complete removal of the No Admittance on postal grounds and an official

                  apology made by Mr. Cappelli by detailing it in writing on his postal letterhead.

                  This letter to be placed in all of my Postal Files.

Missing Point 23:

That Mr. Cappelli remove his policy of No Admittance on Postal Grounds.

That this was never his policy until he had to account for his discriminative actions taken against me

personally.

Error #6: Box 3 anonymity.

On the pre-complaint filed on 3-23-2001 I stated I wished to remain anonymous. And when I went in for the initial interview Mrs. Spencer had me fill out form 2565 (formal complaint) and the representative form with a question about anonymity. So I checked the faint box because this form was to placed with my formal complaint in which I have no right of anonymity. This was double dealing on the part of Mrs. Spencer the DRS.

Error #7: Summary of Final review

This EEO Specialist who stated "the DRS removed the date with white out and reminded him why the date should not be written" This is a lie and here are 2 points to prove it:

1. I had set up the Final interview for the single purpose to submit my final ps 2565 form (the Formal Complaint).

2. The DRS filled out this form 2570 and used the information I submitted on 6-14-2001 and not the information on the complaint I officially filed on 6-25-2001.

3. Mrs. Spencer submitted the wrong formal complaint

4. Mrs. Spencer suppressed 58 documents

29 CFR 1602.8  Penalty for making of willfully false statements on report.

29 CFR 1614.105(g) safe identity

29 CFR 1640.4  Confidentiality

29 CFR 1614.603 Voluntary Settlement

29 CFR 1614.105 (g) Counselor shall not attempt to restrain the aggrieved from filing complaint.

29 CFR 1614.203(b) Federal Government shall become a model employer of individuals with handicaps.

When Mrs. Spencer submitted the form 2570 she submits only 7 documents. (Please refer to Mr. Grundner letter dated 8-27-01).

1.  Formal EEO Complaint form 2565. (The form she whited out my date and time).

2.  Very Important Notice

3.  Right to file

4.  Pre-counseling form (3pages)

5.  Removal Letter (2 pages)

6.  No Admittance (1 page)

7.  31 one page attachment.

The evidence that I submitted directly to Mrs. Spencer was 65 separate documents (multi-paged).

Thus resulting in the intentional suppression of 58 documents. This is obnoxious and inappropriate.

Here I am trying to return to work after being disabled from an on the job injury and the one place where

I could possible receive enforcement of fair rule is indeed influenced and corrupted by the employing

agency.  This is not confusion or incompetence but is indeed a Malicious and deliberate Plot. Here is the

list quoted from my 1000 page affivadat:

| | |
|---|---|
| Letter of concern to Mrs. Spencer to be placed in my file | 5-9-01 |
| Pre-counseling form (3pages) | 3-28-01-certified |
| Formal EEO Complaint form 2565 | 5-10-01 |
| Representative form | 5-10-01 |
| Formal EEO Complaint form 2565. (whited out my date and time) 6-14-01 | |
| Very Important Notice | 6-14-01 |
| Right to file | 6-14-01 |
| Form 2565 EEO Formal Complaint and 31 page attachment | 6-14-01 |
| Formal Complaint (no 2565 used) 35 pages | 6-25-01-certified |
| Very Important Notice | 6-25-01-certified |
| Right to file | 6-25-01-certified |
| Very Important Notice | 6-25-01-certified |
| Pre-counseling form (3pages)Current 2001 Pay stubs | |
| Personal Statement of Benefits 4-2001 | |



*Awarded High Bid Route 5027*
*Awarded High Bid Route 5496*
*Postal Uniform allowance*

| | |
|---|---|
| *Hester Evaluation* | *1-2000* |
| *Dr. Alce Ca20* | *3-01-2001* |
| *Dr. Alce Form 5's* | *3-01-2001* |
| *OWCP Questions for Dr. Alce* | *3-06-2001* |
| *Dr. Alce response to OWCP* | *3-06-2001* |
| *Dr. Czarnecki form 5's* | *4-18-2001* |
| Dates of Discrimination and Retaliation | 3-1-01 to 5-10-01 |
| Mr. Brown letter to me | 3-05-01 |
| Dr. Hill memo to Ms. Gaines | 3-09-01 |
| Mr. Brown to me | 3-19-01 |
| Ms. Benedict to ECAB-OWCP | 3-30-01 |
| Ms. Benedict to me | 3-30-01 |
| Ms. Benedict to me | 4-19-01 |
| Mr. Brown to me | 4-30-01 |
| Notice of Separation | 5-02-01 |
| Mr. Cappelli to me- No admittance | 5-03-01 |
| Department of Labor- Appeals | 2-22-01 |
| Union Step A grievance- rewrite | 4-04-01 |
| Sheila Norfleet- Human Resources | 10-1998 |
| Certified letter receipts | |
| Fax machine activity reports | |
| A letter of concern regarding personal friends to the parties involved. | 3-9-01 |
| Minutes from Dr. Hills appointment | 3-6-01 |
| Attachment 15 pages of dates of discrimination (timeline) | 5-10-2001 |
| Letters to Mr. Cappelli (2): | 3-8-01 and 5-5-01 |
| Medical Letters to Mr. Naples (4): | 2-22-01, 3-26-01, 4-12-01, and 4-25-01 (certified) |
| Medical Letters to Mr. Brown (4): | Fax to Mr. Brown 3-14-01, 4-11-01, 4-25-01 - certified,5-04-01 |
| Medical Letters to Ms. Benedict (9): | 3-20-01, 3-26-01, 3-29-01, 4-11-01, 4-12-01, 4-23-01, 4-23-01, 4-23-01, 5-01-01 |
| Medical Letters to Ms. Gaines (5): | 4-09-01, 4-17-01, 4-23-01, 4-25-01, 5-2-01 |