I certify that on 8-20-01 Mrs. Price states "If you become confused..."

Mrs. Price states on 8-20-01 in her letter;

*"However, if you feel that you will become confused in completing the forms use all three."*

This statement would indicate a Misrepresentation of my character by denigration and defamation.

Plain and simple I requested that I receive 5 forms because of extra space needed.

If Mrs. Price was really concerned with the possibility of myself becoming confused why doesn't she send ample pre-counseling forms.

Since she states that I might become confused and knows the answer to my confusion would be to simply give me 5 forms. Why doesn't she give me 5 forms? To me it limits the dates and information I am allowed to submit to her office to proceed with a complete investigation.

To me this is malicious and nasty remark. After already having trouble with her office she makes this comment with a premature consolidation of issues.I think it would be important to be aware of all that has happened in my life as a result of being violently choked at the Post Office. I was totally disabled for almost 4 years from an on the job injury. Then fired with discipline which directly impacts my freedom of movement. My right to personal search and seizure is broken when Mr. Brown takes my mail without authorization. Capital Economic Punishment is forced into my life. I seek justice from the only possible place the EEOC and they know I need 5 forms but state if I become confused just use the three.

I certify that on 8-20-01 Mrs. Price Prematurely makes consolidation of issues: a breach anonymity and collateral attack on another proceeding.

Mrs. Price states on 8-20-01 in her letter; *"You only need one form to file because everything will be consolidated." If the EEO separates and consolidates the forms it should only be done after the reviewing of the pre-counseling forms.*

Honorable Bernard A. Friedman       Case:  2:06cv12824       101 of 172

I certify that on 8-15-01, 8-16-01, 8-17-01 and 8-20-2001 I requested from Mrs. Price that she keep my anonymity.

I certify that on 8-20-01 Mrs. Price discourages me from filing additional dates

Mrs. Price states on 8-20-01 in her letter;

*"I am sending you today by mail three(3) blank pre-complaint forms. You only need one form to file because everything will be consolidated."* Mrs. Price refuses to send five pre-counseling and sends only three. Stating that all claims will be consolidated before the DRS reviews the information thus limiting me to the number of complaints I wished to file. She makes a malicious and insulting remark about me being confused and still only sends me 3 forms.

I certify that on 8-15-2001, 8-16-2001, and 8-17-2001. I requested 5 pre-counseling forms from Mrs. Price.

I certify that on 8-20-2001 and Mrs. Price sent me a fax stating that she was gonna send me three forms not five with a nasty comment about me being "confusion."

I certify that on 8-20-2001 Mrs. Price I spoke with via phone. I asked her if she had kept my anonymity. No answer.I asked her if she received the letters of 8-15, 8-16, and 8-17 and she said that she received only the letter dated on 8-16-2001. I asked her for five forms and she only would send three forms. I requested on each of the forms that I wished to enact my anonymity immediately. She had intently pushed up the date of the receiving my request for pre-counseling to 8-20-2001 instead of the date she received the 8-16-2001 letter on 8-17-2001

I certify that on 8-20-2001 I sent Mrs. Price letter of inquiry. No reply to this letter.

Honorable Bernard A. Friedman          Case: 2:06cv12824          102 of 172

I certify that on 8-20-01  Mrs. Price          intentional push up of date I requested EEO Counseling

I received only 3 pre-counseling forms from Mrs. Price after requesting 5 forms. Mrs. Price intentionally

pushes up the date of the reception of my request for counseling. As I stated in my 8-20-01 letter:

*"You stated that you received only my letter dated 8-16-2001 on 8-20-2001 postmarked 8-17-2001. And you received the copy of the letter dated 8-17-2001 I sent you via fax at 9:45 am. on 8-20-2001. Being concerned if you would receive the mail I sent you in a timely fashion. I asked you if you received my letters sent via mail dated 8-15-2001 and 8-17-2001 and you said no you received neither. You told me that you will be sending me three pre-counseling forms all them starting on the 8-20-2001 and going back 45 days. I protest this immediately. I am allowed to go back 45 days to the date of the request for pre-counseling form. And your office has intentionally pushed up the dates of my requests. Therefore since your office has lost two letters via first class mail I do request at this time that you allow me 5 pre-counseling forms allowing me to go back 45 days starting with 8-15-2001 for all 5 forms and to be kept in there own claim number and not added to the current accepted EEO filed because they are different and that the first case filed is extremely large and does not need to be added to with 36 dates of discrimination stated. If the parties involved in my claims can justify their actions in my claims why should it be a big deal to grant my request it is only a couple days? It is the fair thing to do. It is not right for your office just to lose 2 pieces of first class mail. And keep in mind this goes hand in hand with the actions of your office concerning the current accepted EEO I have filed. It is hoped that you grant me my request."*

Mrs. Price states on 8-20-01 in her letter;

*"This is in response to the letter I received from you today postmarked August 17, 2001 and the fax that I received from you that was sent at 9:48."*

I asked her if she received the letters of 8-15-01, 8-16-01, and 8-17-01 and she said that she received

only the one letter dated on 8-16-2001 but postmarked on 8-17-01. She selects the date 8-20-01 as the

initial contact date for EEO Counseling. Even though I objected by letter and phone on 8-20-01.

29CFR 1640.5       Date of receipt

29CFR 1614.104    Pre-Counseling – date of postmark on initial contact

I certify that on 8-20-01 Mrs. Price is confused about being impartial

I stated to Mrs. Price on 8-20-01 in a letter:

*"I tried to explain to you 4 times exactly how difficult this process of filing an EEO claim is and that it was unfortunate for a injured person to contact your office in the first place because if a person does contact your office it means that they have been retaliated and discriminated against as I stated how unfortunate for the individual needing to do so. And each of the 4 times you stated that you have no idea of what I meant. Which leads me to wonder how impartial your office is if it truly is concerned with the well being of the human kind. And if it is set up to strictly protect the Postal Service from not being held accountable for hurting human beings and for creating great hardships in peoples lives.*

*You state during our phone conversation that you could have this investigation and pre-counseling done from an office from out state. All I have to do is request it from you. Why did you not notify me of this information when I inquired several times directly to you about having a fair investigation concerning the current accepted EEO back in may of 2001?"*

Note: This is the second indication that Mrs. Price does not understanding the meaning of impartial. Please refer to the issue dated on 5-8-01 concerning Mrs. Price being confused about an impartial handling of the pre-complaint process.

I certify that on 8-21-2001Mrs. Price sends me three pre-counseling forms.

*I certify that on 8-31-2001 I sent Mrs. Price all three pre-counseling forms. Enclosed with a letter of inquiry that never received a reply.*

I certify that on 9-14-2001Mrs. Bedward states that she has called me on Mrs. Price behalf. She asked me to explain the pre-counseling forms.She asked me how I felt that the Postal Union and Postal EEO were creating a Hostile work Environment. I stated that they had maliciously prevented me from a just resolution with the Postal Service by simply returning me to work. And by not acknowledging 2 doctors letters returning me to work and the thank you letter to Dr. Alce for returning me to work from the OWCP. They did not allow me anonymity like I had requested on my pre-counseling form and erroneous and improper document filing. Thus creating a hostile work environment not allowing me to return to work. I told Mrs. Bedward that Union was willing to watch me be arrested instead of changing the location to safe place thus further creating a hostile work environment not allowing me to return to a life time position that I loved and was good at performing. And that the Postal union is willing to allow violent supervision because they do not want an Arbitrator to ensure that the Postal Service and Postal Union to follow rules, policies, articles, elms and Federal regulations. They want a tit for tat policy between the Postal Union and Postal Service without having to be concerned with the policy, articles, elms, Federal Codes and the arbitrator or a judge who would ienforce these rules.

Honorable Bernard A. Friedman          Case:  2:06cv12824                    105  of  172

I certify that On 9-25-2001 Mrs. Price sent me the Acknowledgment of Consolidation. Stating that I had submitted a formal complaint concerning the Postal Union when I had only submitted a pre-counseling form. And by this added mistake made be her I am not allow fair due process of a early resolution and anonymity.

I certify that On 9-25-2001 Mrs. Price sent me the Acknowledgment of Consolidation. Stating that I had submitted a formal complaint concerning the Postal Union when I had only submitted a pre-counseling form.

I certify that On 9-28-2001 Mrs. Price I sent a letter of inquiry.

I certify that 10-2-2001 Mrs. Price sent me via mail the Rescinding Acknowledgment of Consolidation. But did not reply to any of my letters and questions pertaining to this case.

I certify that 10-3-2001 I sent Mrs. Price a letter of inquiry and requesting the forms she stated that she submitted with her letter I never received a reply.

I certify that 10-4-2001 I received the second notice from Mrs. Price via certified mail the Rescinding Acknowledgement of Consolidation. Along with the right to file notice and the form 2565 Formal EEO Complaint form.

I certify that On 10-2-2001 Mrs. Price sent me the Rescinding Acknowledgment of Consolidation. I receive right to file notice and the form 2565 Formal EEO Complaint form on 10-4-01 dated for 10-2-01. This is past the 30 day allowance. Again not allowing me to seek an early resolution.

If counting from 8-15-01 to 10-2-01 it is 34 days

If counting from 8-17-01 to 10-2-01 it is 32 days

If counting from 8-20-01 to 10-2-01 it is 31 days

I certify that on 10-02-01 after the USPS committed collateral attack by consolidating USPS issues with Union Issues before I was given opportunity to file a formal complaint the USPS rescinded the consolidation.

I certify that on 10-15-2001sent formal complaint against the union for case number #: 4-J-481-0177-01.

I certify that on 01-15-01 I filed a formal compliant after the 10-2-2001 Rescinding Acknowledgment of Consolidation. Order from the USPS Eeo Processing department.

I certify that On 7-10-02 The Request for Affidavit was sent to the me to early in violation of EEOC order. Therefore the It was not allowed the 15 days to reply with the affidavit because it was sent before the complaint became final on 7-12-02 (which is 30 calendar days from 5-31-02 resulting in the complainant only being allowed 13 days instead of 15 days.

I certify that On 7-17-02 I requested for postponement of affidavit until a decision was reached on the complaint request for enforcement of the OFO order. The USPS did not reply or acknowledge this time sensitive letter.

I certify that No file or supporting documents sent to me regarding the order of the EEOC remand on 5-2002. On 6-20-02 the OFO sent to complainant acknowledgment of receiving a file. On 6-14-02 the USPS sent to complainant Acknowledgment order And in this letter it states that a file was sent to the OFO. But the agency did not send this file to the complainant. In Accordance with the commissions order on 5-31-02:

"Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a)."

This directly brakes the order of the OFO by not sending all submissions to the complainant. This also ill-effects and interferes with the affidavit that the complainant must file that was requested prematurely from the agency on 7-10-02 before the OFO Decision became final.

Honorable Bernard A. Friedman          Case:  2:06cv12824          107 of 172

I certify that on 06-26-02 Notice of Rights to the me before decision becomes final. This gave me caused me a distraction to appeal the OFO remand. The Agency sent the affidavit to the complainant before the end of 30 calendar days the Remanded Claim became a final decision.

> *"The agency shall issue to complainant a copy of the investigative file and also shall notify complainant of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time."*

Pursuant MD 110.5.II. The Agency shall provide other information and notice of rights. This omission caused interference with the complainant's right to request a reconsideration to the OFO Decision on Appeal in which the complainant was in the process of exercising this right. This has clearly interfered and violated the order of the OFO Commission in accordance.

> *"The agency is ordered to process the remanded claims, as defined herein, in accordance with 29 C.F.R. § 1614.108. The agency shall acknowledge to the complainant that it has received the remanded claims within thirty (30) calendar days of the date this decision becomes final."*

This states that they must send acknowledgment order and not the Affidavit Questionnaire.

Because the complainant still has the right to request reconsideration within 30 calendar days before this Decision has become final.


I certify that on 06-26-02 The agency states the wrong date to request a hearing and does not follow the 150 calendar days ordered by the OFO. On 6-26-02 the USPS sent complainant the Notice of Remanded Complaint. *"The investigation must be completed by Dec 4, 2002 and a report must be sent to the compliance officer"* This indicates to the complainant that he has by Dec. 4, 2002 when this is not the correct date. This is interference with the correct date to request a hearing with an administrative judge.

> *"The agency shall issue to complainant a copy of the investigative file and also shall notify complainant of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time."*

The agency shall complete its investigation within 180 days of the date of filing of an individual complaint or within the time period contained in an order from the Office of Federal Operations on an appeal from a dismissal pursuant to Sec. 1614.107. Pursuant 29 C.F.R. § 1614.108.(e)

The danger of this is that the I may have request a pre-mature hearing and the claim may be dismissed pursuant 29 C.F.R. § 1614.107. The complainant has a right to request a hearing before Administrative Judge upon the receiving of the investigative report or 30 calendar days after the report should be completed. Here the agency is giving 99 calendar days instead of the 150 calendar days.

The agency shall provide the complainant with a copy of the investigative file, and shall notify the complainant that, within 30 days of receipt of the investigative file, the complainant has the right to request a hearing and decision from an administrative judge or may request an immediate final decision pursuant to Sec. 1614.110 from the agency with which the complaint was filed. Pursuant 29 C.F.R. § 1614.108.(f) Or at any time after 180 days have elapsed from the filing of the complaint, the complainant may request a hearing by submitting a written request for a hearing directly to the EEOC office indicated in the agency's acknowledgment letter pursuant 29 C.F.R. § 1614.108.(g)

I, Mark E. Schaefer, declare under the penalty of perjury of the United States of America that the foregoing is true and correct to the best of my knowledge and belief and that I signed this 88 page affidavit that is pages 22 to 109.

Date: 10-30-2006

Appreciatively,

Subscribed and sworn to before me this
30 Day of October , 20 06 .
Notary Public, Wayne County, Michigan.
My Commision Expires: 12-3-2007 .

Signature: Colleen M. LaFavors

**COLLEEN M. LaFAVORS**
Notary Public, Wayne County, MI
My Commission Expires Dec. 3, 2007

Mark E. Schaefer

6864 Stahelin

Detroit Michigan 48228

Tel: 313-441-0056

Honorable Bernard A. Friedman          Case: 2:06cv12824          109 of 172

Plaintiff's Extensive Summary of Exhibits used in Affidavit - Index of Exhibits

Exhibit                              Description                                              Page(s)

Plaintiff Exhibit 1:      10-24-05    Plaintiff letter to EEOC to begin Tort
Plaintiff Exhibit 2:      05-16-03    EEOC received report from USPS
Plaintiff Exhibit 3:      06-25-03    USPS Late investigative report not in compliance
Plaintiff Exhibit 4A:     10-18-02    page 719 - two different reports
Plaintiff Exhibit 4B:     10-18-02    page 719 - two different reports
Plaintiff Exhibit 5A:     07-12-02    Plaintiff request EEOC to enforce order
Plaintiff Exhibit 5B:     07-17-02    Plaintiff request EEOC to enforce order
Plaintiff Exhibit 5C:     11-06-02    Plaintiff request EEOC to enforce order
Plaintiff Exhibit 5D:     11-19-02    Plaintiff request EEOC to enforce order
Plaintiff Exhibit 6A:     06-07-02    EEOC order to USPS to send plaintiff reports
Plaintiff Exhibit 6B:     06-20-02    EEOC received report
Plaintiff Exhibit 6C:     07-17-02    EEOC Denies Plaintiff petition to enforce order
Plaintiff Exhibit 6D:     09-19-02    EEOC request report
Plaintiff Exhibit 6E:     11-14-02    EEOC Denies Plaintiff petition to enforce order
Plaintiff Exhibit 7:      05-31-02    EEOC remanded Claim
Plaintiff Exhibit 8A:     11-03-03    AJ Order For Summary Judgment
Plaintiff Exhibit 8B:     11-14-03    USPS Final Decision
Plaintiff Exhibit 9A:     05-16-06    EEOC Response to Plaintiff inquiry
Plaintiff Exhibit 9B:     03-19-06    Plaintiff letter of inquiry to the EEOC
Plaintiff Exhibit 9C:     04-07-06    Plaintiff letter of inquiry to the EEOC
Plaintiff Exhibit 9D:     04-19-06    Plaintiff letter of inquiry to the EEOC
Plaintiff Exhibit 9E:     04-27-06    Plaintiff letter of inquiry to the EEOC
Plaintiff Exhibit 9F:     05-08-06    Plaintiff letter of inquiry to the EEOC
Plaintiff Exhibit 10:     09-02-05 the last of multiple letters that the EEOC refused to answer
Plaintiff Exhibit 11A:    Cappelli Affidavit
Plaintiff Exhibit 11B:    Hixin Affidavit
Plaintiff Exhibit 11C:    Mlaker Affidavit
Plaintiff Exhibit 11D:    Gaines Affidavit
Plaintiff Exhibit 11E:    Hill Affidavit
Plaintiff Exhibit 11F:    Ava Brown  Affidavit
Plaintiff Exhibit 11G:    L. Brown
Plaintiff Exhibit 11H:    Price Affidavit
Plaintiff Exhibit 11I:    Spencer Affidavit
Plaintiff Exhibit 11J:    Lave letter
Plaintiff Exhibit 11K:    Gaines Affidavit
Plaintiff Exhibit 11L:    Norfleet Affidavit

Plaintiff Exhibit 1:          10-24-05          Plaintiff letter to EEOC to begin Tort          Plaintiff Exhibit 1
Schaefer v. United States - EEOC:          Case # 2:06-cv-12824: Judge Bernard A. Friedman


Cari M. Dominquez,
Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507


RE:     Issues with the EEOC - Requesting procedural forms and/or tort processing
Date:   10-24-2005


Dear Honorable Cari M. Dominquez,

I have a claim against your agency pursuant 28 U.S.C. § 1346. This began when on 09-19-05 the EEOC made a decision that violated 42 U.S.C § 2000e14 and 42 U.S.C § 2000e-16 and 29 U.S.C § 971 and 5 U.S.C. § 8151 and  5 U.S.C. § 7121 and 5 U.S.C. § 2302 and 5 U.S.C. § 2301 and 29 U.S.C. § 206 and 18 U.S.C. § 1341and 39 U.S.C. § 1209(c) and 9 U.S.C. § 7 and 28 C.F.R. § 42.302 and  39 U.S.C. § 1001(e)(1) and 39 U.S.C. § 1001(b) and 39 U.S.C. § 1003(d) and 39 U.S.C. § 1005(f) and 39 U.S.C. § 1006 and all items that apply under title 5 of the U.S.C. and  29 C.F.R. § 1602.8 and 29 C.F.R. § 1614 and 29 C.F.R. § 1630 that is enacted with 29 C.F.R. § 1614.203(b) and 20 C.F.R. § 10.505 and 20 C.F.R. 10.507 and Executive Order 13164 and all the EEOC Enforcement Guidance's and MD110 and EEOC COMPLIANCE MANUAL and the Notification and Model EEO Programs Must Have An Effective Anti-Harassment Program and the Federal Employee Anti Discrimination and Retaliations Act of 2002 and Domestic Mail Manual D030.1.2 and  Bill of Rights Article IV  Right of Search and Seizure  and Federal Register: July 12, 1999 (Volume 64, Number 132) - Regulations Concerning Federal Sector Equal Employment Opportunity and U.S. Equal Employment Opportunity Commission Handbook for Administrative Judges July 1, 2002 and 1998 National Agreement and the Zero Tolerance Policy and Dischargeable Infractions USPS October of 1995 and Joint Statement and ELM's and Michigan Worker's Disability Compensation Act of 1969 Act 317 of 1969 and MCL and MCLA and etc. Because your federal agency has acted wrongfully by not allowing my rights according to the statutes and applicable laws and policies you have allowed the USPS to operate in violation to multiple statutes and laws resulting in personal injury. Now, I begin this tort proceeding with the Equal Employment Opportunity Commission. Therefore, please send to me any required forms or your response to continue with these issues. I therefore request $25,000,000.00 and all corrections found in 29 C.F.R. § 1614.601 (A) through (E) for damages and personal injuries and adverse actions I received from the EEOC.

I swear that, I Mark E. Schaefer, signed and sent this letter via first class mail to the above stated person.


Subscribed and sworn before me, this _24th_                    Respectfully,
day of ___October___, 2005_, a Notary Public
in and for ____Wayne____ County, Michigan.                    _Mark E Schaf_
                              REGRA S. MOSKALL
_____Regra S Moskall_____    Notary Public - Wayne County, MI
                (signature) My Commission Expires Feb 8. 2012        Mark E. Schaefer
              Notary Public                                        6864 Stahelin
My Commission expires ___2-8-2012___                              Detroit, Michigan 48228

Plaintiff Exhibit 2:       05-16-03       EEOC received report from USPS          Plaintiff Exhibit 2
Schaefer V United States - EEOC:          Case # 2:06-cv-12824: Judge Bernard A. Friedman



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

**MAY 1 6 2003**

Mark E Schaefer
6864 Stahelin
Detroit, MI   48228

Compliance Tracking #: 06A21203
OFO Docket #          : 01a10356
Agency #              : 4J481015500

Dear Mr. Schaefer:

We have received a report from the agency on the corrective action taken
pursuant to the Commission's decision. We have determined that the agency
has complied with this decision.

Sincerely,

Natalie Rochelle
Compliance Officer
Compliance and Control Division

cc: USPS - Grt Lakes Area
    Mgr,EEO Compliance & Appeals
    244 Knollwood Dr., Floor #2
    Bloomingdale, IL  60117-3010

Plaintiff Exhibit 3:          06-25-03          USPS Late investigative report not in compliance          **Plaintiff Exhibit 3**
Schaefer V United States - EEOC:          Case # 2:06-cv-12824:  Judge Bernard A. Friedman

 **POSTAL SERVICE®**

# EEO Investigation Report

**NOTICE OF RESTRICTED USAGE**
Access to, and usage of, this EEO complaint file is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to this file to discharge their Official duties. The file and its contents must be safeguarded. Willful violations of those requirements are subject to criminal penalties (5 U.S.C. 552a(i)(1)).

| Processing Office | | | Case No. | | Date Filed |
|---|---|---|---|---|---|
| **Great Lakes Area** | | | **4-J-481-0155-00** | | **08/16/00** |

| Complainant Name | | Position Title | |
|---|---|---|---|
| **Mark Schaefer** | | **Letter Carrier Technician** | |

| Address of Complainant | Name of Complainant's Supervisor | |
|---|---|---|
| **6864 Stahlein** <br> **Detroit, MI 48228-3485** | **Sheila Norfleet** | |

| | Telephone No. | Email Address |
|---|---|---|
| | **(313) 561-1564** | |

| Telephone No. | Email Address | Preference Eligible (yes or no) | Mixed Case (yes or no) |
|---|---|---|---|
| **(313) 982-1806** | | **No** | **No** |

| Complainant's Postal Facility | Responding Postal Facility |
|---|---|
| **Livonia Post Office** <br> **11800 Merriman Road** <br> **Livonia, MI 48150-9998** | **Detroit District** <br> **George W. Young Post Office** <br> **1401 W. Fort St.** <br> **Detroit, MI 48233-9998** |

| Responding Postal Manager's Name | Responding Postal Manager's Address |
|---|---|
| **James Cappellia, Livonia Postmaster** | **Livonia Post Office** <br> **11800 Merriman Road** <br> **Livonia, MI 48150-9998** |

| Telephone No. | Email Address | |
|---|---|---|
| **(248) 437-2975** | | |

## Type of Complaint

| Race | Color | Religion | Sex | National Origin | Age (Date of Birth) |
|---|---|---|---|---|---|
| | | | | | |

| Physical Disability | Mental Disability |
|---|---|
| | **Record of mental disability** |

| Retaliation Based on Previous Activity (Cited Dates and Case Nos.) | | |
|---|---|---|
| 1. Date:     Case No.: | 2 Date:     Case No.: | |

**Claim(s):**
Complainant is alleging discrimination on the above factors when the agency did not follow his doctor's work restrictions and find a position for him.  No suitable position or workplace was recommended and the agency allowed supervisors to violently attack employees- a direct violation of its Nu Tolerance Policy.

| Complainant's Representative Name | Title |
|---|---|
| | |

| Address of Representative |
|---|
| |

| Investigator's Name (Print or Type) | Office Telephone No. | Email Address |
|---|---|---|
| **Vanessa R. Lodge** | **(313) 226-8110** | |

| Postal Address of Investigator | Postal Address of Area Manager of EEO Compliance and Appeals |
|---|---|
| **U S Postal Service** <br> **1401 W. Fort ST Rm 816** <br> **Detroit, MI 48233-9402** | **Sr. EEO Complaints Investigator** <br> **Appeals Processing Center** <br> **244 Knollwood Drive, 2nd floor** <br> **Bloomingdale, IL 60117-3010** |

| Investigator's Signature | Date Report Completed | Investigator No |
|---|---|---|
| *Vanessa R. Lodge* | **June 25, 2003** | **4205** |

PS Form 2430, March 2001

Honorable Bernard A. Friedman          Case:  2:06cv12824          113 of 172

Plaintiff Exhibit 4A:    10-18-02    page 719 - two different reports           Plaintiff Exhibit 4A
Schaefer V United States - EEOC:    Case # 2:06-cv-12824:  Judge Bernard A. Friedman

OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY
GREAT LAKES AREA
**UNITED STATES**
**POSTAL SERVICE™**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

| | |
|---|---|
| Mark E. Schaefer,<br>  Complainant,<br><br>v.<br><br>John E. Potter,<br>Postmaster General,<br>  Respondent. | **Case Number:**    4-J-481-0155-00<br>**Formal Filing Date:**  **Remanded**<br>                  **06A21203**<br>                  **01A10356** |

**Date:  October 18, 2002**

**To: Charlotte Gaines**

## REQUEST FOR AFFIDAVIT

Please be advised that an investigation have been commenced into the above EEO complaint.  In this complaint, Mr. Schaefer alleges discrimination based on his Physical Disability, regarding the following issue(s):

1.      Denied reasonable accommodation when the doctor's orders were not followed and no suitable position or workplace was recommended

2.      Physically assaulted by supervisor

You are requested to submit an affidavit.  An affidavit is a declaration made under oath, affirmation, or written statement of penalty of perjury.  It is taken without a pledge of confidence and will be included in the investigation file.  Once the investigation is completed, a copy of the investigative file will be provided to the Complainant.  The investigative file forms the basis upon which a Final Agency Decision on this EEO

1401 W. Fort Street, Room 816-B
Detroit MI 48233-9994
313-226-8106
FAX 313-963-2051

000719

Plaintiff Exhibit 4B:      10-18-02       page 719 - two different reports         Plaintiff Exhibit 4B
Schaefer V United States - EEOC:        Case # 2:06-cv-12824:  Judge Bernard A. Friedman

OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY
GREAT LAKES AREA
UNITED STATES
POSTAL SERVICE®

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

| | |
|---|---|
| **Mark E. Schaefer,**<br>Complainant, | ) <br> ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **John E. Potter,**<br>**Postmaster General,**<br>Respondent. | ) <br> ) <br> ) <br> ) |

**Case Number:**        4-J-481-0155-00
**Formal Filing Date:**    Remanded
                          06A21203
                          01A10356

**Date:  October 18, 2002**

**To: Charlotte Gaines**

## REQUEST FOR AFFIDAVIT

Please be advised that an investigation have been commenced into the above EEO complaint. In this complaint, Mr. Schaefer alleges discrimination based on his Physical Disability, regarding the following issue(s):

1.      Denied reasonable accommodation when the doctor's orders were not followed and no suitable position or workplace was recommended

2.      Physically assaulted by supervisor

You are requested to submit an affidavit. An affidavit is a declaration made under oath, affirmation, or written statement of penalty of perjury. It is taken without a pledge of confidence and will be included in the investigation file. Once the investigation is completed, a copy of the investigative file will be provided to the Complainant. The investigative file forms the basis upon which a Final Agency Decision on this EEO

1401 W. Fort Street, Room 815-B
Detroit MI 48233-9994
313-226-8106
FAX 313-863-2051

000724

Honorable Bernard A. Friedman          Case:  2:06cv12824                    115 of 172

Plaintiff Exhibit 5A:   07-12-02     Plaintiff request EEOC to enforce order          **Plaintiff Exhibit 5A**
Schaefer V United States - EEOC:      Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Mark E. A. Scahefer<br>
6864 Stahelin<br>
Detroit, Michigan<br>
48228

Natalie Rochelle, Compliance Officer
P.O. Box 19848
Washington, D.C.  20036
Tel: 202 663-4599
Fax: 202 663-7022

Re:    Compliance #:  06A21203
       OFO Docket #:  01a10356
       Agency #:     4J481015500

Dear Natalie Rochelle,                                        7-12-02

Hi and I hope that 10 page fax finds you doing well.

The complainant would like to request that the OFO Commission enforce its order of compliance on the agency (USPS) pursuant 29CFR 1614.503.(a).

Complainant received:
1.  OFO Appeal Decision - Remanded Claims dated 5-31-02
2.  OFO Letter requesting compliance report dated 6-7-02
3.  USPS Acknowledgment order dated 6-14-02
4.  OFO Acknowledgment of receiving report from agency dated 6-20-02
5.  USPS Notice of Remanded Compliant dated 6-26-02

ISSUE ONE
No file or supporting documents sent to complainant.
On 6-20-02 the OFO sent to complainant acknowledgment of receiving file.
On 6-14-02 the USPS sent to complainant Acknowledgment order and in this letter it states that a file was sent to the OFO. But the agency did not send this file to the complainant.
In Accordance with the commissions order:
*"Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a)."*

This directly brakes the order of the OFO by not sending all submissions to the complainant.
This also ill-effects and interferes with the affidavit that the complainant must file that was requested prematurely from the agency on 7-10-02 before the OFO Decision became final.

Plaintiff Exhibit 5A:        07-12-02        Plaintiff request EEOC to enforce order          Plaintiff Exhibit 5A
Schaefer V United States - EEOC:                Case # 2:06-cv-12824:  Judge Bernard A. Friedman

ISSUE TWO
The Agency gives the Notice of Rights to the complainant before decision becomes final.
The Agency the USPS interfered with the complainant's right to request reconsideration.
The Agency sent the affidavit to the complainant before the end of 30 calendar days the Remanded
Claim became a final decision.
This has clearly interfered and violated the order of the OFO Commission in accordance.
*"The agency is ordered to process the remanded claims, as defined herein, in accordance with 29 C.F.R. § 1614.108.  The
agency shall acknowledge to the complainant that it has received the remanded claims within thirty (30) calendar days
of the date this decision becomes final."*
This states that they must send acknowledgment order and not the Affidavit Questionnaire.
Because the complainant still has the right to request  reconsideration within 30 calendar days before
this Decision has become final.
*"The agency shall issue to complainant a copy of the investigative file and also shall notify complainant of the appropriate
rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise
resolved prior to that time."* Pursuant MD 110.5.II. The Agency shall provide other information and notice of rights.
This caused interference with the complainant's right to request a reconsideration to the OFO Decision
on Appeal in which the complainant was in the process of exercising this right.

On the basis of it appears that this claim is a fragment of a pending claim before an Administrative
Judge and may apply to the following EEOC Law:
29 C.F.R. § 1614.606 Joint processing and consolidation of complaints.
MD110.5.III.Agencies must avoid fragmenting EEO Complainants.
**For agencies and the Commission, fragmented processing substantially increases case inventories and workloads
when it results in the processing of related matters as separate complaints.(1)**
**The fragmentation of EEO claims must be prevented at all levels of the complaint process, including pre-complaint
EEO counseling. This section is designed to promote understanding of the concept of fragmentation and to provide
guidance on avoiding fragmented complaint processing.**

Especially since the OFO Commission has found discrimination.
The Complainant requested a job position with USPS on 9-2000 because the OWCP stated that they
thought he could work and the complainant had been seeking continuous rehabilitation for 3 years.
The complainant was still on the payroll at Livonia Post Office on Route 5007 swingroute.
A higher ranking postal carrier had bumped the complainant off his swingroute 5007 thus creating the
opportunity for the complainant to bump down a lower seniority Livonia postal carrier from off their
route and make it his own. This was AFTER the complainant was Violently Choked unawares by a
supervisor who then was allowed to supervise in the same building for months making it impossible
for the complainant to safely return to work.

Mrs. Walters and  Ms. Gaines and Ms. Benedict  refused the complainant his job position:
No Accommodation for work because of the complainant's history of disability.
No current fitness for duty was given to the complainant.
No requested or re-evaluation of complainant restrictions were never requested of attending physician.
No opportunity for the complainant to enact his right to a bump down and at this time there were at
least 12 Livonia Postal Routes the complainant could have exercised this right.

Because of this the complainant has been put out of work since 9-2000.
It has been almost 2 years since the complainant initially requested a job position with his employer.
And had dozens routes he should have the right of bump down and be awarded with the job position.

Honorable Bernard A. Friedman          Case:  2:06cv12824                           117 of 172

Plaintiff Exhibit 5A:    07-12-02    Plaintiff request EEOC to enforce order            Plaintiff Exhibit 5A
Schaefer V United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

ISSUE THREE:
The agency interferes with the correct date to request a hearing and does not follow the 150 calendar days ordered by the OFO.

On 6-26-02 the USPS sent complainant the Notice of Remanded Complaint.
"The investigation must be completed by Dec 4, 2002 and a report must be sent to the compliance officer" This indicates to the complainant that he has by Dec. 4, 2002 when this is not the correct date. This is interference with the correct date to request a hearing with an administrative judge.

*"The agency shall issue to complainant a copy of the investigative file and also shall notify complainant of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time."*
**The agency shall complete its investigation within 180 days of the date of filing of an individual complaint or within the time period contained in an order from the Office of Federal Operations on an appeal from a dismissal pursuant to Sec. 1614.107. Pursuant 29 C.F.R. § 1614.108.(e)**

The danger of this is that the complainant may request a pre-mature hearing and the claim may be dismissed pursuant 29 C.F.R. § 1614.107. The complainant has a right to request a hearing before Administrative Judge upon the receiving of the investigative report or 30 calendar days after the report should be completed. Here the agency is giving 99 calendar days instead of the 150 calendar days.

**The agency shall provide the complainant with a copy of the investigative file, and shall notify the complainant that, within 30 days of receipt of the investigative file, the complainant has the right to request a hearing and decision from an administrative judge or may request an immediate final decision pursuant to Sec. 1614.110 from the agency with which the complaint was filed. Pursuant 29 C.F.R. § 1614.108.(f)**

**Or at any time after 180 days have elapsed from the filing of the complaint, the complainant may request a hearing by submitting a written request for a hearing directly to the EEOC office indicated in the agency's acknowledgment letter. Pursuant 29 C.F.R. § 1614.108.(g)**

Enclosed in this fax:
1. USPS Acknowledgment order dated 6-14-02
2. OFO Acknowledgment of receiving report from agency dated 6-20-02
3. USPS Notice of Remanded Compliant dated 6-26-02
4. Fax Receipt for proof of service to the Agency USPS at (630) 539-8388
5. Request for Affidavit dated 7-10-02

Respectfully,

*Mark EA Schaf*

Mark E. A. Schaefer

*7/12/02*

Honorable Bernard A. Friedman      Case: 2:06cv12824          

Plaintiff Exhibit 5B:        07-17-02          Plaintiff request EEOC to enforce order          Plaintiff Exhibit 5B
Schaefer V United States - EEOC:               Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan
48228

Natalie Rochelle, Compliance Officer
P.O. Box 19848
Washington, D.C.  20036
Tel: 202 663-4599
Fax: 202 663-7022

Re:     Compliance #:   06A21203
        OFO Docket #:   01a10356
        Agency #:       4J481015500

Dear Natalie Rochelle,                                                       7-17-02

Hi and I hope this two page fax finds you well.

I am sending you a copy of the letter I sent to the USPS requesting the postponement of submission of the
Request For Affidavit until the OFO make a decision on the petition the complainant sent on 7-12-02.
A very large portion of the affidavit questionnaire as been already answered in a current pending
complaint in the hearing stage regarding similar matters and individuals. Thus proving to be a fragment.

Thank you for your time and I look forward to your response.

Respectfully,

*Mark E A Schaefer*

Mark E. A. Schaefer

Plaintiff Exhibit 5C:        11-06-02        Plaintiff request EEOC to enforce order          Plaintiff Exhibit 5C
Schaefer V United States - EEOC:          Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Mark E. A. Scahefer
6864 Stahelin
Detroit, Michigan
48228

Natalie Rochelle, Compliance Officer
P.O. Box 19848
Washington, D.C. 20036
Tel: 202 663-4599
Fax: 202 663-7022

Re:       Compliance #:   06A21203
OFO Docket #:   01a10356
Agency #:       4J481015500

## Petition to Enforce OFO order on the Agency (USPS)

Dear Natalie Rochelle,                                                                     11-6-02

The complainant would like to request that the OFO enforce its order of compliance on the agency
(USPS) pursuant 29CFR 1614.503.(a).

Complainant received from the Agency:
1.  USPS Acknowledgment order dated 6-14-02
2.  USPS Notice of Remanded Compliant dated 6-26-02
    (Note untimely:      This notice sent before OFO decision became final)
3.  USPS Request for Affidavit dated 7-10-02
    (Note: untimely:     This notice sent before OFO decision became final.)
4.  USPS Request additional 180 days dated 7-23-02
    (Note untimely:      Instead of allowing 15 days to submit Affidavit.
                          They wait 8 full days before answering questions pertaining to the time allowed
                          to submit affidavit in hopes to force another 180 days.)

ISSUE ONE: Agency does not complete full compliance with the order by or on Nov. 3, 2002
According to the OFO letter dated on July 17,2002 the Agency is expected to complete full compliance
with the order by or on Nov. 3, 2002. I, the complainant have not received any investigative report or the
proper Notice of Rights from the USPS.

ISSUE TWO: Agency does not allow 15 days to submit affidavit.
I was prematurely requested to submit affidavit on 7-10-02 and was not allowed my full 15 days to submit
my 542 page affidavit that I sent to the USPS on 7-22-02.
This decision would have became final on 7-12-02 which is 30 calendar days from 5-31-02.
Therefore I was only allowed 13 days and not 15 days because I received this request first class mail on
7-10-02 and the certified copy on 7-11-02. When on 7-17-02 I requested that the Agency postpone the
submission of the affidavit until the OFO had given it decision regarding the complainant request for the
OFO to enforce its order on the USPS Agency. In which the OFO had made its decision that I was prema-
ture in my request on 7-17-02. Then after this, the USPS had wasted my time (improper 13 days) fol-
lowed with a lazy reply on 7-23-02 a full 8 days later (which is more then half of 13) that was received on
7-24-2 the USPS states:
"In order for this request to granted, I would need additional time to complete the investigation of the
above captioned case. Enclosed please find PS Forms 2565-C *Agreement to Extend 180 Day Investiga-
tive Process)."
This also had an adverse effect on my opportunity to request reconsideration to the OFO decision.
Especially after the agency stated December 4, 2002 as the investigation completion date.

Plaintiff Exhibit 5C:      11-06-02       Plaintiff request EEOC to enforce order
Schaefer V United States - EEOC:          Case # 2:06-cv-12824;  Judge Bernard A. Friedman

ISSUE THREE:  Refusal for a honest and frank communication
On 6-26-02 the USPS stated that if I had any concerns with the Remanded claims to contact the USPS.
When I requested pertinent information from the USPS and they refused to answer my inquires on
7-26-02 and 8-16-02 pursuant MD110.3.III.(d)

ISSUE FOUR:  No supporting documents sent to the Complainant.
               (Note: "all submissions to the complainant.")
No file or supporting documents sent to complainant.
On 6-20-02 the OFO sent to complainant acknowledgment of receiving file.
On 6-14-02 the USPS sent to complainant Acknowledgment order and in this letter it states that a file was
sent to the OFO. But the agency did not send this file to the complainant.
In Accordance with the commissions order:
"The agency's report must contain supporting documentation, and the agency must send a copy of all
submissions to the complainant. If the agency does not comply with the Commission's order, the com-
plainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a)."
This directly brakes the order of the OFO by not sending all submissions to the complainant.

ISSUE FIVE:  Improper rights sent with the Notice of Remanded Claim sent prematurely to the com-
plainant
The Agency gives the Notice of Rights to the complainant before decision becomes final.
The Agency the USPS interfered with the complainant's right to request reconsideration.
The Agency sent the affidavit to the complainant before the end of 30 calendar days the Remanded Claim
became a final decision.
This has clearly interfered and violated the order of the OFO Commission in accordance.
"The agency is ordered to process the remanded claims, as defined herein, in accordance with 29 C.F.R.
§ 1614.108. The agency shall acknowledge to the complainant that it has received the remanded claims
within thirty (30) calendar days of the date this decision becomes final."
This states that they must send acknowledgment order and not the Affidavit Questionnaire or Notice of
Rights.
Because the complainant still has the right to request reconsideration within 30 calendar days before this
Decision has become final.
"The agency shall issue to complainant a copy of the investigative file and also shall notify complainant
of the appropriate rights within one hundred fifty (150) calendar days of the date this decision becomes
final, unless the matter is otherwise resolved prior to that time."
Pursuant MD 110.5.II. The Agency shall provide other information and notice of rights.
This caused interference with the complainant's right to request a reconsideration to the OFO Decision on
Appeal in which the complainant was in the process of exercising this right.
On the basis of it appears that this claim is a fragment of a pending claim before an Administrative Judge
and may apply to the following EEOC Law:
Pursuant 29 C.F.R. § 1614.606 Joint processing and consolidation of complaints.
Pursuant MD110.5.III.Agencies must avoid fragmenting EEO Complaints.
For agencies and the Commission, fragmented processing substantially increases case inventories and workloads when it results in the
processing of related matters as separate complaints.(1)
The fragmentation of EEO claims must be prevented at all levels of the complaint process, including pre-complaint EEO counseling.
This section is designed to promote understanding of the concept of fragmentation and to provide guidance on avoiding fragmented
complaint processing.

Plaintiff Exhibit 5D:     11-19-02     Plaintiff request EEOC to enforce order         Plaintiff Exhibit 5D
Schaefer V United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan
48228

Natalie Rochelle, Compliance Officer
P.O. Box 19848
Washington, D.C. 20036
Tel: 202 663-4599
Fax: 202 663-7022

Re:    Compliance #:    06A21203
        OFO Docket #:    01a10356
        Agency #:    4J481015500

Dear Natalie Rochelle,

                                                               11-19-02

Why haven't you followed:
       Joint processing and consolidation of complaints - Pursuant 29 C.F.R. § 1614.606,
       Agencies must avoid fragmenting EEO Complainants - Pursuant MD110.5.III.
Why haven't you ordered the agency to follow the above mentioned law?

You have stated in your 11-14-02 letter that I received on 11-16-02:
"We have determined that the agency has provided us with sufficient evidence to show substantial compliance
with the commission's order."

Could I please have a copy of all this sufficient evidence to show substantial compliance in which you are
referring? Because I have not received a single item from the agency concerning this matter.
What is this substantial compliance of evidence to prove that the agency did not violate your order:
      1.   Agency does not complete full compliance with the OFO order by or on Nov. 3, 2002
      2.   No supporting documents sent to the Complainant.
      3.   Improper rights sent with the Notice of Remanded Claim before decision became final
      4.   The agency interferes with complainant's right to request Reconsideration
      5.   Agency does not allow 15 days to submit affidavit.
      6.   Refusal for a honest and frank communication

What is the exact date that this OFO Decision became final?
What is the exact date that the 150 calendar days end?
Why was the November 3, 2002 extended without the complainant receiving this notice?
What is the exact date that the complainant can petition the OFO to force it's order on the agency that has not
followed properly any of the OFO order and NOT be considered Pre-mature?
Can I have a copy of all the information that was sent to your office by the agency in reply to your Sept 19, 2002
letter to the agency? And was the agency timely?
Who may I contact if I feel that you are not handling this case properly?

Enclosed in this fax:
1.   Natalie Rochelle letter dated 11-14-02
2.   Natalie Rochelle letter dated 9-19-02
3.   Natalie Rochelle letter dated 7-17-02

                                                 Respectfully,

                                                 *Mark E. A. Schaefer*

                                                 Mark E. A. Schaefer

Plaintiff Exhibit 6A:    06-07-02       EEOC order to USPS to send plaintiff reports        **Plaintiff Exhibit 6A**
Schaefer V United States - EEOC:         Case # 2:06-cv-12824: Judge Bernard A. Friedman



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

**JUN - 7 2002**

USPS - Grt Lakes Area
Mgr,EEO Compliance & Appeals
244 Knollwood Dr., Floor #2          REF: Compliance #: 06A21203
Bloomingdale, IL  60117-3010              Appeal #  : 01a10356
                                          Agency #  : 4J481015500
                                  Schaefer v. USPS - Grt Lakes Area

Dear Sir/Madam:

The Commission's decision in appeal number 01a10356 directed your  agency to
take  corrective action  related to  the  appellant's complaint.  This letter
is to inform you that  your compliance with that decision  will be monitored
under  the  tracking  number  cited above.  Please  submit your compliance
report to Natalie Rochelle      , Compliance Officer, at the above address,
and use this tracking number in all related correspondence.

Your  report must be in  writing.  It should enumerate  each of the  actions
taken as  ordered  and include  appropriate  supporting  documentation, e.g.
copies  of personnel  action  forms, copies of  posted notices, copies of
documents  effecting any  payments, etc.  If backpay  was  included  in our
decision, your report  should also include the computations and a summary of
calculations as well as deductions.  A copy of your report  must be sent to
the appellant.

Your cooperation in this matter will be greatly appreciated.

                              Sincerely,

                              *Robert J. Barnhart*

                              Robert J. Barnhart, Director
                              Compliance and Control Division

cc:  Mark E Schaefer
     6861 Stahelin
     Detroit, MI  48228

Plaintiff Exhibit 6B:     06-20-02     EEOC received report           Plaintiff Exhibit 6B
Schaefer V United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

**JUN 2 0 2002**

Mark E Schaefer
6864 Stahelin
Detroit, MI 48228

Re: Schaefer v. USPS - Grt Lakes Area
Compliance #: 06A21203
OFO Docket #: 01a10356
Agency #: 4J481015500

Dear Mr. Schaefer:

We have received a report from the agency on the corrective action taken
pursuant to the Commission's decision. We have determined that the agency
is in the process of complying with our decision. Compliance monitoring
shall continue until the agency has fully complied with the Commission's
decision.

If you have any questions, please call me at (202) 663-4599.

Sincerely,

*Natalie Rochelle*

Natalie Rochelle
Compliance Officer
Compliance and Control Division

cc: USPS - Grt Lakes Area
    Mgr,EEO Compliance & Appeals
    244 Knollwood Dr., Floor #2
    Bloomingdale, IL 60117-3010

Plaintiff Exhibit 6C

Plaintiff Exhibit 6C:      07-17-02        EEOC Denies Plaintiff petition to enforce order
Schaefer V United States - EEOC:        Case # 2:06-cv-12824:  Judge Bernard A. Friedman



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

JUL 1 7 2002

Mr. Mark E. Schaefer
6864 Stahelin
Detroit, Michigan 48228

Re: Schaefer, M. v. USPS-GR
Compliance No.: 06A21203
OFO No.:          01A10356
Agency No.:  4J481015500

Dear Mr. Schaefer:

This is in response to your letter dated July 12, 2002,
concerning your complaint of discrimination against the United
States Postal Service (USPS).  You contend that the USPS is in
noncompliance with the Equal Employment Opportunity Commission's
order of corrective action.

After careful review, we cannot grant your petition for
enforcement for processing because it is considered premature. USPS
has begun to implement the order of corrective action by
acknowledging your complaint for investigation on June 26, 2002.
Once the investigation is completed, a copy of the investigative
file with a notice of rights will be forwarded to you. USPS is
expected to complete full compliance with the order by or on
November 3, 2002.

We hope this information is helpful to you.

Sincerely,

Natalie Rochelle

Natalie Rochelle
Senior Compliance Officer
Compliance Division

Plaintiff Exhibit 6D

Plaintiff Exhibit 6D:     09-19-02     EEOC request report
Schaefer V United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

**SEP 1 9 2002**

USPS - Grt Lakes Area
Mgr, EEO Compliance & Appeals
244 Knollwood Dr., Floor #2      REF: Compliance # : 06A21203
Bloomingdale, IL  60117-3010                Appeal #    : 01a10356
                                       Agency #    : 4J4810155C0
                                       Schaefer v. USPS - Grt Lakes Area

Dear Sir/Madam:

The decision in the above referenced case remanded the matter to the agency for processing. That decision also provided a specific time frame for the completion of that processing. Our records indicate that the prescribed time frame has either expired, or will do so shortly. We do not, however, have a report from your agency indicating that the processing has been FINALIZED as directed.

Please provide a report on the exact status of the remanded matters within 20 days of the date of this letter. If the processing has been completed, please provide a copy of whatever documentation will verify completion; e.g., a withdrawal request, a settlement agreement, a report of investigation transmittal letter or final agency decision. If the processing has NOT been completed and if you will not be able to meet the prescribed time frame, please provide a statement as to the reason why, and an estimated completion date.

You should direct your report to my attention, or you may fax it to me at (202)663-7022.

                            Sincerely,

                            *Natalie Rochelle*

                            Natalie Rochelle
                            Compliance Officer
                            Compliance and Control Division

cc: Mark F Schaefer
      6864 Stahelin
      Detroit, MI  48228

Honorable Bernard A. Friedman        Case: 2:06cv12824        126 of 172

Plaintiff Exhibit 6E:       11-14-02        EEOC Denies Plaintiff petition to enforce order          Plaintiff Exhibit 6E
Schaefer V United States - EEOC:            Case # 2:06-cv-12824: Judge Bernard A. Friedman

        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
                            **Office of Federal Operations**
                            **P.O. Box 19848**
                            **Washington, D.C. 20036**

                            **NOV 1 4 2002**


Mr. Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan 48228

                                    Re: Schaefer v. USPS-Great Lakes
                                    Compliance No.: 06A21203
                                    OFO Docket No.: 01a10356
                                    Agency Case No.:4J481015900

Dear Mr. Schaefer:

This is in response to your petition for enforcement regarding the
above referenced matter. You contend that the United States Postal
Service is in noncompliance with the Equal Employment Opportunity
Commission's order of corrective action.

We have determined that the agency has provided us with sufficient
evidence to show substantial compliance with the Commission's
order. After review of the information you provided in your
petition and all previous correspondence and related documentation
in the compliance file, your petition is considered premature.
Thus, we must inform you that we are unable to grant your request.

Please be assured that I will continue to monitor the agency
vigorously until it complies with the order of corrective action.
If you have any questions or concerns, you may contact me at
202.663.4882    via    1.800.877.8339    or    by    e-mail    at
Natalie.Rochelle@EEOC.gov.

                                    Sincerely,

                                    Natalie Rochelle

                                    Natalie Rochelle
                                    Senior Compliance Officer
                                    Compliance Division

Plaintiff Exhibit 7

Plaintiff Exhibit 7:    05-31-02    EEOC remanded Claim
Schaefer V United States - EEOC:    Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Page 1 of 10 - --------- Date: January 13, 2004
COMPLAINANT'S BRIEB IN SUPPORT OF THE APPEAL SUBMITED ON 12-15-03
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:    EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
    Administrative Judge: Honorable Mimi M. Gendreau

52.  On 05-31-02    OFO remanded 4-J-481-0155-00

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Mark E. Schaefer,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A10356

Agency No. 4-J-481-0155-00

<u>DECISION</u>

Complainant filed a timely appeal with this Commission from an agency decision dated September 7, 2000, dismissing his complaint of unlawful employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.* The agency characterized his complaint as alleging that he was subjected to discrimination on the basis of disability when:

1.    The agency did not follow his doctor's work restrictions and find a position for him;

2.    The agency allowed his title and benefits to be changed from a full-time carrier to painter;

3.    No suitable position or workplace was recommended; and

4.    The agency allow[ed] supervisors to violently attack employees - a direct violation of its No Tolerance Policy.

The agency dismissed the complaint for failure to state a claim. Specifically, the agency's decision determined that complainant's claims concerned an Office of Workers' Compensation Program (OWCP) decision, which is not reviewable by the EEOC.

The record indicates that, as a result a physical altercation with his supervisor on July 5, 1997, complainant initially received compensation benefits for a temporary total disability. On June 28, 2000, however, complainant received notice from the OWCP that he was no longer

Plaintiff Exhibit 7:        05-31-02        EEOC remanded Claim                    Plaintiff Exhibit 7
Schaefer V United States - EEOC:        Case # 2:06-cv-12824; Judge Bernard A. Friedman

Page 1 of 10 —————— Date: January 13, 2004
COMPLAINANT'S BRIEF IN SUPPORT OF THE APPEAL SUBMITED ON 12-15-03
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:        EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
        Administrative Judge: Honorable Mimi M. Gendreau

52.   On 05-31-02   OFO remanded 4-J-481-0155-00

                                        2                        01A10356

considered totally disabled and that his compensation would be adjusted because he was able to
perform duties in the private sector as a painter.

Upon review, we find that the agency erred in dismissing complainant's entire complaint based
on his opposition to the change in his OWCP compensation, and that claims (1), (3), and (4) were
improperly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1). The Commission finds that claim
(2) concerns an OWCP decision which is not reviewable by the Commission and which was
correctly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1). *See Wills v. Department of Defense*,
EEOC Request No. 05970596 (July 30, 1998). The Commission finds that the remaining claims
are independent of complainant's OWCP claim and are within the purview of EEOC Regulations.
As such, we find that claims (1) and (3) are really one claim that complainant was denied a
reasonable accommodation. Therefore, we find that claims (1) and (3), when combined, state a
claim of employment discrimination. We also find that the agency has mischaracterized claim (4).
The Commission finds that claim (4) concerns the alleged July 5, 1997 physical assault on
complainant by his supervisor. Such a claim clearly states a harm or loss with respect to a term,
condition, or privilege of complainant's employment, and therefore states a claim.

Accordingly, the agency's decision to dismiss claim (2) is AFFIRMED. The agency's decision
to dismiss claims (1), (3), and (4) is REVERSED, and those claims, as defined herein, are
REMANDED to the agency for further processing in accordance with this decision and the Order
below.

                              ORDER   (E0900)

The agency is ordered to process the remanded claims, as defined herein, in accordance with 29
C.F.R. § 1614.108. The agency shall acknowledge to the complainant that it has received the
remanded claims within thirty (30) calendar days of the date this decision becomes final. The
agency shall issue to complainant a copy of the investigative file and also shall notify complainant
of the appropriate rights within one hundred fifty (150) calendar days of the date this decision
becomes final, unless the matter is otherwise resolved prior to that time. If the complainant
requests a final decision without a hearing, the agency shall issue a final decision within sixty (60)
days of receipt of complainant's request.

A copy of the agency's letter of acknowledgment to complainant and a copy of the notice that
transmits the investigative file and notice of rights must be sent to the Compliance Officer as
referenced below.

              IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its
compliance report within thirty (30) calendar days of the completion of all ordered corrective

Plaintiff Exhibit 7:          05-31-02          EEOC remanded Claim
Schaefer V United States - EEOC:          Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Page 1 of 10 ———————— Date: January 13, 2004
COMPLAINANT'S BRIEF IN SUPPORT OF THE APPEAL SUBMITED ON 12-15-03
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:          EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
               Adminstrative Judge: Honorable Mimi M. Gendreau

52.  On 05-31-02      OFO remanded 4-J-481-0155-00

3

01A10356

action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

### STATEMENT OF RIGHTS - ON APPEAL

#### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.     The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.     The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any

Plaintiff Exhibit 7

Plaintiff Exhibit 7:       05-31-02        EEOC remanded Claim
Schaefer V United States - EEOC:        Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Page 1 of 10  ----------- Date: January 13, 2004
COMPLAINANT'S BRIEB IN SUPPORT OF THE APPEAL SUBMITED ON 12-15-03
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RF:        EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
            Administrative Judge' Honorable Mimi M. Gendreau

52.  On 05-31-02    OFO remanded 4-J-481-0155-00

4                                    01A10356

supporting documentation must be submitted with your request for reconsideration.   The
Commission will consider requests for reconsideration filed after the deadline only in very limited
circumstances.  *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (T0900)

This decision affirms the agency's final decision/action in part, but it also requires the agency to
continue its administrative processing of a portion of your complaint.  You have the right to file
a civil action in an appropriate United States District Court **within ninety (90) calendar days**
from the date that you receive this decision on both that portion of your complaint which the
Commission has affirmed **and** that portion of the complaint which has been remanded for
continued administrative processing.    In the alternative, you may file a civil action **after one
hundred and eighty (180) calendar days** of the date you filed your complaint with the agency,
or your appeal with the Commission, until such time as the agency issues its final decision on your
complaint.  If you file a civil action, you must name as the defendant in the complaint the person
who is the official agency head or department head, identifying that person by his or her full name
and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency"
or "department" means the national organization, and not the local office, facility or department
in which you work.  If you file a request to reconsider and also file a civil action, **filing a civil
action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an
attorney, you may request that the Court appoint an attorney to represent you and that the Court
permit you to file the action without payment of fees, costs, or other security.  *See* Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of
1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the
sole discretion of the Court.**  Filing a request for an attorney does not extend your time in which
to file a civil action.  Both the request and the civil action must be filed within the time limits as
stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

MAY 3 1 2002
Date

Plaintiff Exhibit 7:        05-31-02        EEOC remanded Claim                    Plaintiff Exhibit 7
Schaefer V United States - EEOC:            Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Page 1 of 10 ———— Date: January 13, 2004
COMPLAINANT'S BRIEB IN SUPPORT OF THE APPEAL SUBMITED ON 12-15-03
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:        EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
           Administrative Judge: Honorable Mimi M. Gendreau

52.   On 05-31-02      OFO remanded 4-J-481-0155-00

                                                        5                     01A10356

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within
five (5) calendar days after it was mailed.   I certify that this decision was mailed to
complainant, complainant's representative (if applicable), and the agency on:

MAY 3 1 2002
Date

Equal Opportunity Assistant

Plaintiff Exhibit 8A:  11-03-03  AJ Order For Summary Judgment  Plaintiff Exhibit 8A
Schaefer v. United States - EEOC:  Case # 2:06-cv-12824: Judge Bernard A. Friedman

Page 31 of 338 ———— Date: January 13, 2004
COMPLAINANT'S BRIEF IN SUPPORT OF THE APPEAL SUBMITED ON 12-15-03
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:  EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
  Administrative Judge: Honorable Mimi M. Gendreau

3.  On 11-03-03  AJ Order Entering Judgment

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DETROIT DISTRICT OFFICE

| | | |
|---|---|---|
| COMPLAINT OF | ) | EEOC DOCKET NO. |
| MARK E. A. SCHAEFER, | ) | 230-A2-4077X |
| | ) | |
| Complainant, | ) | AGENCY CASE NO |
| | ) | 4-J-481-0093-01 |
| and | ) | 4-J-481-0155-00 |
| | ) | DATE: NOVEMBER 3, 2003 |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | ADMINISTRATIVE JUDGE |
| | ) | MIMI M. GENDREAU |
| Respondent Agency. | ) | |

**ORDER ENTERING JUDGMENT**

For the reasons set forth in the enclosed Decision dated November 3, 2003, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the hearing record for the agency. The parties have received the correspondence in this matter when it was originally sent.

The Agency is also being sent the report of investigation and the complaint file.

It is so ORDERED.

For the Commission:

*Mimi M. Gendreau*
Mimi M. Gendreau
Administrative Judge

Enclosures

Plaintiff Exhibit 8B

Plaintiff Exhibit 8B:    11-14-03    USPS Final Decision
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824: Judge Bernard A. Friedman

Pages 7 of 10 — Date: 12-15-2003
Complainant's Notice of Appeal/Petition
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:    EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
      Administrative Judge: Honorable Mimi M. Gendreau

APPEALS PROCESSING CENTER
GREAT LAKES AREA


**UNITED STATES**
**POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

| | | |
|---|---|---|
| Mark E. A. Schaefer, | ) | |
| Complainant, | ) | |
| | ) | **Case No:**    4J-481-0093-01/4J-481-0155-00 |
| v.     . | ) | |
| | ) | |
| John E. Potter, | ) | |
| Postmaster General, | ) | **EEOC No:**    260-A3-9062X |
| Respondent. | ) | |

### NOTICE OF FINAL ACTION

This will be the Postal Service's Notice of Final Action, in accordance with
29 C. F. R. §1614.110(a), on your complaint of discrimination. You have alleged
that you were discriminated against on the bases of disability and retaliation,
when the following occurred:

4J-481-0155-00

1. July 5, 1997 – physically assaulted by supervisor
2. June 28, 2000 – not returned to work in a suitable position

4J-481-0093-01

1. March 1, 2001 – not permitted to return to work
2. Denied use of employee's entrance
3. Not allowed to participate in food drive
4. Personal mail pulled without authorization
5. June 8, 2001 – terminated from employment
6. June 15, 2001 – Mike Mlakar refused to change the arbitration hearing to a
safe location
7. June 20, 2001 – James Cappelli sent an ambiguous letter to trap you into a
federal arrest

244 KNOLLWOOD DRIVE – 2ᴺᴰ FLOOR
BLOOMINGDALE, IL 60117-3010
630 630-8100
FAX: 630 539-8385

Plaintiff Exhibit 8B

Plaintiff Exhibit 8B:    11-14-03    USPS Final Decision
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Pages 8 of 10 — Date: 12-15-2003
Complainant's Notice of Appeal/Petition
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:    EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
Administrative Judge: Honorable Mimi M. Gendreau

2

8.  June 15-20, 2001 – denied a meeting for retirement counseling; paperwork
    delayed; no response received to inquiries; and proper paperwork not sent out

9.  June 26, 2001 – PS Form 3112B retirement information falsified by Ava Brown

10 August 16, 2001 – James Cappelli called and left a message at your brother's
    home.  Cappelli never stated a reason for calling or made further attempts to
    contact you.

Equal Employment Opportunity Commission (EEOC) Administrative Judge
Mimi M. Gendreau issued a decision on November 3, 2003, which was received
by the Postal Service on November 13, 2003  The EEOC Administrative Judge
found that you were not discriminated against

After reviewing the record, the Postal Service will implement the decision of the
EEOC Administrative Judge.

You have the right to appeal the Postal Service's final action to the:

           **Office of Federal Operations**
           **Equal Employment Opportunity Commission**
           **Post Office Box 19848**
           **Washington, D. C.  20036-9848**

within thirty (30) calendar days of the date of your receipt of the Postal Service's
final action.  You must submit any statement or brief in support of that appeal
within thirty (30) days of the date of the appeal.  You must use EEOC Form 573. a
copy of which is enclosed, in connection with your appeal.  You may also deliver
your appeal in person or by facsimile provided that briefs filed by facsimile are ten
or fewer pages in length.  **You must provide the Postal Service with a copy of
your appeal and any supporting statement or brief. Send a copy of your
appeal and any supporting statement or brief to the:**

           **Manager, EEO Compliance and Appeals**
           **Great Lakes Area Office**
           **244 Knollwood Drive- 2nd Floor**
           **Bloomingdale, IL 60117-3010**

You have the right to file a civil action in an appropriate U. S. District Court within
ninety (90) calendar days of the date of your receipt of the Postal Service's final
action. within ninety (90) calendar days of the EEOC's final decision on any
appeal, or after 180 days from the date of filing of an appeal with the EEOC if no
final decision has been rendered  Should you choose to file a civil action, your
filing should be styled (Your Name v. John E. Potter, Postmaster General).  If you
do not have or cannot afford an attorney, you may request that the court appoint
an attorney to represent you and that the court permit you to file the civil action
without the payment of fees, costs, or other security.  Whether these requests are
granted or denied is within the sole discretion of the District Judge.  These

Honorable Bernard A. Friedman        Case:  2:06cv12824        135 of 172

Plaintiff Exhibit 8B

Plaintiff Exhibit 8B:    11-14-03    USPS Final Decision
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824;  Judge Bernard A. Friedman

Pages 9 of 10 — Date: 12-15-2003
Complainant's Notice of Appeal/Petition
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:     EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
       Administrative Judge: Honorable Mimi M. Gendreau

3

requests must also be filed within the same ninety-day time period for filing the
civil action.

*Michael L. Garrett*

Manager, EEO Compliance and Appeals

11/14/03

Date

Plaintiff Exhibit 8B

Plaintiff Exhibit 8B:     11-14-03     USPS Final Decision
Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

Pages 10 of 10 — Date: 12-15-2003
Complainant's Notice of Appeal/Petition
Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
RE:     EEOC Cass NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
Administrative Judge: Honorable Mimi M. Gendreau

4



**I hereby certify that the foregoing notice of final action letter was sent this date to:**

Mark E. A. Schaefer       Certified No. 7001 1940 0004 1908 8310
6864 Stahelin
Detroit, MI 48228

USPS Law Department
Attorney Scott A. Mayer
222 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-6105

Administrative Judge Mimi M. Gendreau
Equal Employment Opportunity Commission
477 Michigan Avenue, Room 865
Detroit, MI 48226-9704

Manager, EEO Dispute Resolution
Detroit District

_Wolfgang Grundner_             11/14/03
                                        Date
60117-3010:WGrundner

Plaintiff Exhibit 9A:       05-16-06        EEOC Response to Plaintiff inquiry          Plaintiff Exhibit 9A
Schaefer v. United States - EEOC:           Case # 2:06-cv-12824:  Judge Bernard A. Friedman



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

May 16, 2006

Mr. Mark Schaefer
6864 Stahelin
Detroit, Michigan  48226

Dear Mr. Schaefer:

Thank you for your letter dated April 28, 2006, to Chair Cari M. Dominguez in which you raised several questions. The Chair has asked this office to respond directly to you.

The answers to your questions are as follows:

1.  Are Complainants representatives allowed to place fliers in federal offices on their bulletin boards?

    Answer: EEOC has no policy or position on this matter.

    What is your Department's policy/procedure in response to written procedural inquiries requested from your office?

    Answer: We respond to inquiries by letter, unless they appear to be arguments related to a pending case; in that case, we place such documents in the file.

2.  What is the name and department address that oversees the ethics of the EEOC/OFO Department?

    Answer: The Designated Agency Ethics Official is the Legal Counsel, 1801 L Street, N.W. Washington, DC 20507.

3.  What is your office/department procedure for sending individuals their complete file?

    Answer: OFO does provide copies of appeal files to complainants; however, there is a fee for documents that exceed 100 pages. The information that you are seeking could possibly require production of voluminous records in excess of 100 pages for which there is a fee.

    In order to comply with your request to reproduce your appeal file, it is a requirement that you submit your request to us under the Freedom of Information Act (FOIA). Your written request for copies of documents from your file must specifically state that you are making this request under FOIA. Once we receive your written request under FOIA, your request will be forwarded to our Office of Legal Counsel who will

Honorable Bernard A. Friedman          Case:  2:06cv12824                          138 of 172

Plaintiff Exhibit 9A:    05-16-06      EEOC Response to Plaintiff inquiry         Plaintiff Exhibit 9A
Schaefer v. United States - EEOC:     Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Mr. Mark Schaefer
Page Two

provide you with preliminary information and advise you whether there will be any
cost to you for these copies.

4.  I would like to request my complete OFO file that pertains to Mark Schaefer – 365-
76-4542 to be sent to 6864 Stahelin, Detroit, Michigan 48228.

Answer:  Please provide detailed information, including the case number, in regards
to exactly what information you are seeking.  This will help ensure the accuracy of
the information that we provide to you.  Since you have several appeals docketed,
please provide either the agency number and/ or EEOC docket number for the file(s)
you are requesting.  The number you provided (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) is not listed in our
computer as an agency number for any of your appeals docketed with this office.

5.  Can an EEOC claim be filed against the OFO for its employees or Director?

Answer:  You could file an EEO complaint with EEOC, but it would likely be
dismissed for failure to state a claim under 29 C.F.R. Part 1614.107(a)(1).

6.  Is it your department's policy/ procedure to change and delete the actual stating of
claims by any plaintiff?

Answer: No.

7.  Is it your department's policy/ procedure to ignore specific claims raised against
USPS EEOC processing Department and that were confirmed by the agency and the
AJ?

Answer:  No.

8.  Is it true that your office or department can only deny or accept specific issues
brought forth by a plaintiff as they are written by plaintiff?

Answer:  No.

9.  How is the correction made if your office has been found in the actual changing and
deletion of issues?

Answer: Please clarify your question. We do not understand what you are asking.

Honorable Bernard A. Friedman        Case:  2:06cv12824        139  of 172

Plaintiff Exhibit 9A

Plaintiff Exhibit 9A:      05-16-06         EEOC Response to Plaintiff inquiry
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Mr. Mark Schaefer
Page Three

10. Is it your department's policy/procedure to use an untimely agency motion against a plaintiff while stating the plaintiff is untimely on an issue altered by AJ and OFO?

   Answer: No.

11. Is it your department's policy/procedure to deny a claim because your office/department is personally persuaded instead of reviewing the preponderance of the evidence?

   Answer: No.

12. Is it your department's policy/procedure not use or not to inquire as to Undue Hardship and Direct Threat Analysis in a claim where they were not explored by the AJ or agency?

   Answer: No.

13. Is it your office policy/procedure to allow and accept a late and un-investigative agency report that did not investigate issues that were ordered by the OFO to be investigated?

   Answer: No.

14. What is the name(s) of the staff attorney(s) that made the decision on appeal concerning claim, EEOC Docket Number 05A60146, EEOC Assoc. Number: 01A41246, EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00 (note this is my claim and is a question that has been asked form your office/department for over a year)?

   Answer:  It is OFO's policy not to disclose the names of staff attorneys who draft appeal decisions or decisions in a request for reconsideration.

   Sincerely,

   Robert J. Barnhart, Director
   Compliance and Control Division

Plaintiff Exhibit 9B

Plaintiff Exhibit 9B:    03-19-06    Plaintiff letter of inquiry to the EEOC
Schaefer v. United States - EEOC;    Case # 2:06-cv-12824: Judge Bernard A. Friedman


Carlton M. Hadden, Director
OFO-Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507
Fax: 1-202-663-7022


RE:    Procedural and Policy Question and Requesting Complete File.
        Date: 03-29-2006

Carlton M. Hadden

It appears that there may be a possible job opportunity in the representing EEOC Claims for postal workers and other agencies. Well this being a real possibility for me. Now it is become critical to know that if I have a procedural question for a claim I would be able to freely contact your office and receive a correct and timely answer.

Questions:

1.  Are Complainants representatives allowed to place fliers in federal offices on their bulletin boards?
2.  What is your department's policy/procedure in response to written procedural inquires requested from your office?
3.  What is the name and department address that oversees the ethics of the EEOC/OFO Department?
4.  What is your office/department procedure for sending individuals their complete file?
5.  I would like to request my complete OFO file that pertains to Mark Schaefer - 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 to be sent to 6864 Stahelin, Detroit, Michigan 48228.
6.  Can an EEOC claim be filed against the OFO for its employees or director?
7.  Is it your department's policy/procedure to change and delete the actual stating of a claims by any plaintiff?
8.  Is it your department's policy/procedure to ignore specific claims raised against USPS EEOC Processing Department and that were confirmed by the agency and the AJ?
9.  Is it true that your office or department can only deny or accept specific issues brought forth by a plaintiff as they are written by plaintiff?
10.  How is the correction made if your office has been found in the actual changing and deleting of issues?
11.  Is it your department's policy/procedure to use an untimey agency motion against a plaintiff while stating the plaintiff is untimely on an issue altered by AJ and the OFO?
12.  Is it your department's policy/procedure to deny a claim because your office/department is personally persuaded instead of reviewing the preponderance of the evidence?
13.  Is it your department's policy/procedure not use or not to inquire as to Undue Hardship and Direct Threat Analysis in a claim where they were not explored by the AJ or agency?
14.  Is it your office policy/procedure to allow and accept a late and un-investigative agency report that did not investigate issues that were ordered by the OFO to be investigated?
15.  What is the name(s) of the staff attorney(s) that made the decision on appeal concerning claim, EEOC Docket Number: 05A60146, EEOC Assoc. Number: 01A41246, EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00 (note this is my claim and is a question that has been asked from your office/department for over a year)?

Respectfully,


Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan 48228

Plaintiff Exhibit 9C

Plaintiff Exhibit 9C:    04-07-06    Plaintiff letter of inquiry to the EEOC
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824: Judge Bernard A. Friedman

Carlton M. Hadden, Director
OFO-Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507
Fax: 1-202-663-7022

RE:    Procedural and Policy Question and Requesting Complete File.
Date: 04-07-2006

Carlton M. Hadden

This is a follow up letter to the letter that was faxed to your office on 03-29-06 in which I have not received a response after the running of today's mail. It appears that there may be a possible job opportunity in the representing EEOC Claims for postal workers and other agencies. Well, this being a real possibility for me. Now it is become critical to know that if I have a procedural question for a claim I would be able to freely contact your office and receive a correct and timely answer.

Questions:

1. Are Complainants representatives allowed to place fliers in federal offices on their bulletin boards?
2. What is your department's policy/procedure in response to written procedural inquires requested from your office?
3. What is the name and department address that oversees the ethics of the EEOC/OFO Department?
4. What is your office/department procedure for sending individuals their complete file?
5. I would like to request my complete OFO file that pertains to Mark Schaefer - 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 to be sent to 6864 Stahelin, Detroit, Michigan 48228.
6. Can an EEOC claim be filed against the OFO for its employees or director?
7. Is it your department's policy/procedure to change and delete the actual stating of a claims by any plaintiff?
8. Is it your department's policy/procedure to ignore specific claims raised against USPS EEOC Processing Department and that were confirmed by the agency and the AJ?
9. Is it true that your office or department can only deny or accept specific issues brought forth by a plaintiff as they are written by plaintiff?
10. How is the correction made if your office has been found in the actual changing and deleting of issues?
11. Is it your department's policy/procedure to use an untimely agency motion against a plaintiff while stating the plaintiff is untimely on an issue altered by AJ and the OFO?
12. Is it your department's policy/procedure to deny a claim because your office/department is personally persuaded instead of reviewing the preponderance of the evidence?
13. Is it your department's policy/procedure not use or not to inquire as to Undue Hardship and Direct Threat Analysis in a claim where they were not explored by the AJ or agency?
14. Is it your office policy/procedure to allow and accept a late and un-investigative agency report that did not investigate issues that were ordered by the OFO to be investigated?
15. What is the name(s) of the staff attorney(s) that made the decision on appeal concerning claim, EEOC Docket Number: 05A60146, EEOC Assoc. Number: 01A41246, EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00 (note this is my claim and is a question that has been asked from your office/department for over a year)?

Respectfully,

Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan 48228

Plaintiff Exhibit 9D

Plaintiff Exhibit 9D:       04-19-06        Plaintiff letter of inquiry to the EEOC
Schaefer v. United States - EEOC:          Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Carlton M. Hadden, Director
OFO-Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507
Fax: 1-202-663-7022

RE:     Procedural and Policy Question and Requesting Complete File.
        Date: 04-19-2006

Carlton M. Hadden

This is a follow up letter to the letter that was faxed to your office on 03-29-06 and 04-07-06 in which I have not received a response after the running of today's mail.  It appears that there may be a possible job opportunity in the representing EEOC Claims for postal workers and other agencies.  Well, this being a real possibility for me.  Now it is become critical to know that if I have a procedural question for a claim I would be able to freely contact your office and receive a correct and timely answer.

Questions:

1.  Are Complainants representatives allowed to place fliers in federal offices on their bulletin boards?
2.  What is your department's policy/procedure in response to written procedural inquires requested from your office?
3.  What is the name and department address that oversees the ethics of the EEOC/OFO Department?
4.  What is your office/department procedure for sending individuals their complete file?
5.  I would like to request my complete OFO file that pertains to Mark Schaefer - 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 to be sent to 6864 Stahelin, Detroit, Michigan 48228.
6.  Can an EEOC claim be filed against the OFO for its employees or director?
7.  Is it your department's policy/procedure to change and delete the actual stating of a claims by any plaintiff?
8.  Is it your department's policy/procedure to ignore specific claims raised against USPS EEOC Processing Department and that were confirmed by the agency and the AJ?
9.  Is it true that your office or department can only deny or accept specific issues brought forth by a plaintiff as they are written by plaintiff?
10.  How is the correction made if your office has been found in the actual changing and deleting of issues?
11.  Is it your department's policy/procedure to use an untimely agency motion against a plaintiff while stating the plaintiff is untimely on an issue altered by AJ and the OFO?
12.  Is it your department's policy/procedure to deny a claim because your office/department is personally persuaded instead of reviewing the preponderance of the evidence?
13.  Is it your department's policy/procedure not use or not to inquire as to Undue Hardship and Direct Threat Analysis in a claim where they were not explored by the AJ or agency?
14.  Is it your office policy/procedure to allow and accept a late and un-investigative agency report that did not investigate issues that were ordered by the OFO to be investigated?
15.  What is the name(s) of the staff attorney(s) that made the decision on appeal concerning claim, EEOC Docket Number: 05A60146, EEOC Assoc. Number: 01A41246, EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00 (note this is my claim and is a question that has been asked from your office/department for over a year)?

Respectfully,

Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan 48228

Plaintiff Exhibit 9E

Plaintiff Exhibit 9E:       04-27-06        Plaintiff letter of inquiry to the EEOC
Schaefer v. United States - EEOC:           Case # 2:06-cv-12824:  Judge Bernard A. Friedman

**Carl M. Dominquez, Chair**
OFO-Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507
Fax: 1-202-663-7022

                                    RE:    Procedural and Policy Question and Requesting Complete File.
                                           Date: 04-28-2006

Dear Honorable Cari M. Dominquez,

This is a follow up letter to the letters that was faxed to Carlton M. Hadden on 03-29-06 and 04-07-06 and 04-19-06 in which I
have not received a response after the running of today's mail.

I received your departments denial dated 03-24-06 in which your department allows:
1.  Alteration and changing of claims and un-addressed claims.
2.  No protection as advertised by your agency (confidentially, proper consolidation, hearing, etc).

Now, I have been trying to get answers to procedural questions and my complete file. It is in the discretion of your department
before the next process continues to adjust/correct a decision on reconsideration.

Questions and Request:
1.  Are Complainants representatives allowed to place fliers in federal offices on their bulletin boards?
2.  What is your department's policy/procedure in response to written procedural inquires requested from your office?
3.  What is the name and department address that oversees the ethics of the EEOC/OFO Department?
4.  What is your office/department procedure for sending individuals their complete file?
5.  I would like to request my complete OFO file that pertains to Mark Schaefer - 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 to be sent to 6864 Stahelin,
    Detroit, Michigan 48228.
6.  Can an EEOC claim be filed against the OFO for its employees or director?
7.  Is it your department's policy/procedure to change and delete the actual stating of a claims by any plaintiff?
8.  Is it your department's policy/procedure to ignore specific claims raised against USPS EEOC Processing Department and
    that were confirmed by the agency and the AJ?
9.  Is it true that your office or department can only deny or accept specific issues brought forth by a plaintiff as they are written
    by plaintiff?
10. How is the correction made if your office has been found in the actual changing and deleting of issues?
11. Is it your department's policy/procedure to use an untimely agency motion against a plaintiff while stating the plaintiff is
    untimely on an issue altered by AJ and the OFO?
12. Is it your department's policy/procedure to deny a claim because your office/department is personally persuaded instead of
    reviewing the preponderance of the evidence?
13. Is it your department's policy/procedure not use or not to inquire as to Undue Hardship and Direct Threat Analysis in a claim
    where they were not explored by the AJ or agency?
14. Is it your office policy/procedure to allow and accept a late and un-investigative agency report that did not investigate issues
    that were ordered by the OFO to be investigated?
15. What is the name(s) of the staff attorney(s) that made the decision on appeal concerning claim, EEOC Docket Number:
    05A60146, EEOC Assoc. Number: 01A41246, EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-
    J-481-0155-00 (note this is my claim and is a question that has been asked from your office/department for over a year)?

                                                               Respectfully,

                                                               Mark E. A. Schaefer
                                                               6864 Stahelin
                                                               Detroit, Michigan 48228

Plaintiff Exhibit 9F

Plaintiff Exhibit 9F:    05-08-06    Plaintiff letter of inquiry to the EEOC
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824:  Judge Bernard A. Friedman


**Cari M. Dominquez, Chair**
OFO-Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507
Fax: 1-202-663-7022

                  RE:    Procedural and Policy Question and Requesting Complete File.
                        Date: 05-08-2006

Dear Honorable Cari M. Dominquez,

This is a follow up letter to the letters that was faxed to you directly on 04-28-06 and directly to Carlton M. Hadden on 03-29-06 and 04-07-06 and 04-19-06 in which I have not received a response after the running of today's mail.

I received your departments denial dated 03-24-06 in **which your department allows**:
1.  Alteration and changing of claims and un-addressed (ignored) claims.
2.  No protection as advertised by your agency (confidentially, proper consolidation, hearing, etc).

Now, I have been trying to get answers to procedural questions and my complete file. It is in the discretion of your department before the next process continues to adjust/correct a decision on reconsideration.

Questions and Request:
1.  Are Complainants representatives allowed to place fliers in federal offices on their bulletin boards?
2.  What is your department's policy/procedure in response to written procedural inquires requested from your office?
3.  What is the name and department address that oversees the ethics of the EEOC/OFO Department?
4.  What is your office/department procedure for sending individuals their complete file?
5.  I would like to request my complete OFO file that pertains to Mark Schaefer - 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 to be sent to 6864 Stahelin, Detroit, Michigan 48228.
6.  Can an EEOC claim be filed against the OFO for its employees or director?
7.  Is it your department's policy/procedure to change and delete the actual stating of a claims by any plaintiff?
8.  Is it your department's policy/procedure to ignore specific claims raised against USPS EEOC Processing Department and that were confirmed by the agency and the AJ?
9.  Is it true that your office or department can only deny or accept specific issues brought forth by a plaintiff as they are written by plaintiff?
10. How is the correction made if your office has been found in the actual changing and deleting of issues?
11. Is it your department's policy/procedure to use an untimely agency motion against a plaintiff while stating the plaintiff is untimely on an issue altered by AJ and the OFO?
12. Is it your department's policy/procedure to deny a claim because your office/department is personally persuaded instead of reviewing the preponderance of the evidence?
13. Is it your department's policy/procedure not use or not to inquire as to Undue Hardship and Direct Threat Analysis in a claim where they were not explored by the AJ or agency?
14. Is it your office policy/procedure to allow and accept a late and un-investigative agency report that did not investigate issues that were ordered by the OFO to be investigated?
15. What is the name(s) of the staff attorney(s) that made the decision on appeal concerning claim, EEOC Docket Number: 05A60146, EEOC Assoc. Number: 01A41246, EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00 (note this is my claim and is a question that has been asked from your office/department for over a year)?

                                    Respectfully,


                                    Mark E. A. Schaefer
                                    6864 Stahelin
                                    Detroit, Michigan 48228

Plaintiff Exhibit 146

Plaintiff Exhibit 10:      09-02-05 the last of multiple letters that the EEOC refused to answer
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

Director,
Office of Federal Operations,
Equal Employment Opportunity Commission,
1801 L Street N.W.
Washington, D.C. 20507
Fax: 1-202-663-7022

RE:      EEOC Docket Number: 01A41246
         Complaint of Mark E. Schaefer, Complainant & John E. Potter, Postmaster General USPS Agency
         EEOC Case NO. 230-A2-4077X, Agency No. 4-J-481-0093-01, Agency No. 4-J-481-0155-00
         Administrative Judge: Honorable Mimi M. Gendreau
         **Date: 09-02-2005**

To whom it may concern,

On 06-17-2004 I began to write your office approximately one letter a month to be informed of the status of my claim and to be informed of OFO procedures. I received responses from your office postmarked on 7-21-04, 8-06-04 and 9-21-04. Then the following has occurred:

This is the **12th follow up letter** to the letters I faxed your office on 10-20-04, 11-04-04, 11-22-04, 12-06-04, 01-03-05, 02-01-05, 03-01-05, 4-05-05, 05-10-05, 6-02-05, 7-01-05 and 08-01-05 in which **I have not received a reply from your office.** I look everyday to receive correspondence from your office but there has not been any since 9-20-2004.

I have a couple questions concerning the status of my claim and a couple of procedural questions to help me understand the process.

1.  Are there cases that have a more recent date that have been addressed before the above captioned case?
    If yes, Does the OFO have any policy governing which cases get review first?
    If yes, what is the name of this policy and where could I find a copy of it?
2.  What is the purpose of an assigned EEOC staff attorney?
3.  Is this EEOC staff attorney for or against me in this claim or neutral ?
4.  How is an EEOC Staff attorney chosen for the individual cases?
5.  Has this above captioned case been assigned to an EEOC staff attorney?
    If yes, what is the name and contact information of this EEOC staff attorney?
6.  Is there an expected date that a decision will be made for this claim?
7.  Has a decision been reached?
    If yes, I have not received it as 09-02-05 and could you please resend it?

Respectfully,

Mark E. A. Schaefer
6864 Stahelin
Detroit, Michigan 48228

Sent to OFO and USPS on 09-02-05.

Plaintiff Exhibit 11A: Cappelli Affidavit

Schaefer v. United States - EEOC: Case # 2:06-cv-12824: Judge Bernard A. Friedman

Plaintiff Exhibit 11A

**U.S. Postal Service**
**EEO Investigative Affidavit** *(Witness)*

| | |
|---|---|
| Page No. 1 | No. Pages 3 | Case No. H-4J-481-009 |

1. Affiant's Name (First, Middle, Last)
JAMES HENRY CAPPELLI

2. Employing Postal Facility
LIVONIA, MI. 48150-998

3. Position Title
POSTMASTER

4. Grade Level
ERS-22

5. Postal Address and ZIP + 4
11800 MERRIMAN
LIVONIA, MI. 48150-9998

6. Unit Assigned

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office in response to an inquiry made on behalf of the individual; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees other witnesses.

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2569 if additional space is required)

1. A. JAMES HENRY CAPPELLI B. POSTMASTER. C. ERS-22 D. LIVONIA, MICHIGAN E. 9 YEARS 10 MONTHS 2. AT THIS TIME I WAIVE MY RIGHT TO REPRESENTATION, HOWEVER, I RESERVE MY RIGHT TO NAME REPRESENTATION AT A LATER TIME. 3. I WAS NOT AWARE OF MR. SCHAEFER'S PRIOR EEO ACTIVITY. 4. MR. SCHAEFER DID COME INTO MY OFFICE, HOWEVER HE WAS NOT YET CLEARED TO RESUME HIS DUTIES. I DID INFORM HIM THAT I WOULD LOOK INTO THE SITUATION. I FOUND OUT THAT HE WAS NOT CLEARED THROUGH INJURY COMPENSATION. 5. I DID NOT MAKE A DETERMINATION THAT MR. SCHAEFER WAS DISABLED. 6. POSTAL POLICY IS THAT THE EMPLOYEE MUST BE CLEARED TO WORK THROUGH THE MEDICAL UNIT/INJURY COMPENSATION. THIS POLICY WAS FOLLOWED. 7. DEPENDING ON THE NATURE OF THE ILLNESS, A FITNESS FOR DUTY EXAM WOULD BE REQUESTED BY THE INSTALLATION HEAD OR INJURY COMPENSATION. 8. A FFDE WAS SET UP FOR MR. SCHAEFER.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature: James H. Cappelli

Date Signed: 4/1/02

PS Form 2568-B, March 2001

Plaintiff Exhibit 11A:     Cappelli Affidavit

Plaintiff Exhibit 11A

Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

**UNITED STATES**
**POSTAL SERVICE®**
EEO Investigative Affidavit *(Continuation Sheet)*

| e No. | No. Pages | Case No. |
|---|---|---|
| 2 | 3 | #45-1A-0043-01 |

THE RESULTS OF THE FFDE WERE THAT MR. SCHAEFER IS TOTALLY AND PERMANENTLY DISABLED FOR ANY TYPE OF PRODUCTIVE EMPLOYMENT IN THE POSTAL SERVICE NOW OR IN THE FUTURE. 9. YES, I DID CONTACT INJURY COMPENSATION AND I TALKED TO CHARLOTTE GAINES. I WAS INSTRUCTED THAT MR. SCHAEFER WAS NOT CLEARED TO RETURN TO WORK. 10. MR. SCHAEFER WAS NOT ALLOWED TO PERSONALLY PUT HIS BID CARD IN THE BID BOX, AS HE WAS OFF WORK AND NOT ALLOWED ON THE WORK ROOM FLOOR. 11. I HAD INSTRUCTED MR. SCHAEFER VERBALLY PRIOR TO THE WRITTEN NOTICE TO USE THE FRONT ENTRANCE. MR. SCHAEFER FAILED TO FOLLOW THE VERBAL INSTRUCTIONS. YES, I HAVE TAKEN THIS ACTION WITH OTHER EMPLOYEE'S. 12. THE SEPARATION WAS ISSUED AFTER I RECEIVED MEDICAL DOCUMENTATION STATING THAT MR. SCHAEFER COULD NO LONGER WORK FOR THE POSTAL SERVICES. 13. AS THE REVIEWING AUTHORITY IT IS MY RESPONSIBILITY TO CHECK ALL FACTORS INVOLVED, REVIEW THE DOCUMENTATION, AND TO MAKE SURE THAT THE REASONS FOR ISSUING THE SEPARATION ARE LEGITIMATE. 14. I DO NOT RECOLLECT SAYING THAT MR. SCHAE. WAS NOT A POSTAL EMPLOYEE, NOR DO I RECOLLECT ANY PHONE CALL TO HIS RESIDENCE. I WOULD NOT STATE THAT TO ANY EMPLOYEE UNTIL AN ACTION HAS TOTALLY ADJUDICATED. 15. MR. SCHAEFER WAS NOT ALLOWED TO RETURN TO WORK, BECAUS. WE HAD MEDICAL DOCUMENTATION STATING THAT HE WAS UNFIT FOR DUTY. 16. AN AWARD OF A BID IS NOT CONSIDERED A JOB OFFER FOR THE PURPOSE OF OWCP NOTIFYING OWCP

I declare under penalty of perjury that the foregoing is true and correct.

Affiant Signature     James H. Cappelli                    Date Signed  3/1/02

PS Form 2699, March 2001                                              22

Honorable Bernard A. Friedman              Case:   2:06cv12824                    148  of  172

Plaintiff Exhibit 11A:     Cappelli Affidavit

Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

**UNITED STATES POSTAL SERVICE®**
**EEO Investigative Affidavit** *(Continuation Sheet)*

| Page No. | No. Pages | Case No. |
|---|---|---|
| 3 | 3 | #4J-481-0093-¢ |

THAT MR. SCHAEFER WAS A SUCCESSFUL BIDDER IS NOT MY RESPONSIBILITY. YES, MR. SCHAEFER WAS THE SUCCESFUL BIDDER, BUT HE WAS NOT ABLE TO FUFILL THE DUTIES OF THAT POSITION. THE POSTAL SERVICE HAS A MEMORANDUM WITH THE UNION THAT ALLOWS AN EMPLOYEE TO BID ON A POSITION AS LONG AS THEY CAN FUFILL THE REQUIREMENTS OF THAT POSITION WITHIN SIX MONTHS. 17. I HAVE NO KNOWLEDGE OF AN EMPLOYEE MEETING. 18. EMPLOYEES WHO WERE CURRENTLY WORKING AT THE TIME CONDUCTED THE NALC FOOD DRIVE. 19. THE LETTER WAS SO THAT MR. SCHAEFER KNOW IT WAS O.K. TO ENTER THE BUILDING FOR HIS ARBITRATION HEARING. Currently THERE IS NO FEDERAL WARRANT OUT FOR MR. SCHAEFER'S ARREST TO THE BEST OF MY KNOWLEDGE. 20. I HAVE NO RECOLLECTION OF LEAVING A MESSAGE ON MR. SCHAEFER'S ANSWERING MACHINE. 21. THE ONLY ADDITIONAL INFORMATION THAT I HAVE IS THAT WHEN THE ARBITRATION WAS HELD FOR MR. SCHAEFER, HE FAILED TO SHOW FOR IT. AT THE ARBITRATION A SETTLEMENT WAS REACHED AND THE DISABILITY SEPARATION WAS UPHELD. 22. THE NATIONAL AGREEMENT AND THE EMPLOYEE AND LABOR RELATIONS MANUAL. 23. ATTACHMENTS A. DR. HILL LETTER B MARK SCHAEFER LETTER C CARRIE LETTER D CAPPELLI LETTER

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature: James H. Cappelli     Date Signed: 8/20/03

PS Form 2569, March 2001

Plaintiff Exhibit 11B:      Hixin Affidavit
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

---

```
API-01-02  1X102P USPS DET DIST EEO          31  063 2081         P.08
```

**U.S. Postal Service**
**EEO Investigative Affidavit** *(Witness)*

| | | Aff. No. | No. Pages | Case No. |
|---|---|---|---|---|
| | | 1 | 1 | 4J-481-0093 |

1. Affiant's Name (First, Middle, Last)
   DARNELL ANDERSON HIXON

2. Employing Postal Facility
   JOUEIS STATION

3. Position Title
   SUPERVISOR CUSTOMER SER

4. Grade Level  5. Postal Address and ZIP
   EAS16  16500 Joy  48228-9998

Det MI

*[Privacy Act Notice block — small print]*

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 665)

7. Statement (Continue on Form 2032 if additional space is required)

SOMETIME AGO LAST YEAR 2001 A REQUEST ➊ RECALL MAIL WAS
GIVEN ME FOR MAIL SENT TO AN ADDRESS ON Route 28015 ADDRESSED
TO MR SCHAEFER, MARK THIS MAIL WAS ➋ CALLED AND RETURNED
TO THE SENDER, by MR HIXON. I HAVE ➌ WORKED WITH U.S. POSTAL
SERVICE SINCE 7-11-81. I BECAME AWARE ➍ THAT MR SCHAEFER
BEFORE HAD ACTION THE WEEK FOLLOWING TO ➎ THE RECALL REQUEST
by THE REGULAR CARRIER ON HIS Route 2801 ➍ because OF ADDRESS
AND THIS HAD NOTHING TO DO WITH ANY DEAL ➎ WITH MR. SCHAEFER
AND I HAVE NO KNOWLEDGE OF MR SCHAEFER'S ➏ Validity. I WAS GIVEN
A VERBAL REQUEST by SOMEONE FROM THE ➐ EEO OFFICE TO PULL
THE MAIL THE MAIL WAS FROM THE POSTAL ➑ SERVICE Remit. I AM
NOT SURE OF THE DATE but THE MAIL WAS ➒ RETURN TO THE SENDER.
MR SCHAEFER CONTACTED MELY Phone ASKING ➓ About MAIL THAT
WAS PULLED ADDRESSED TO HIM I TOLD HIM ➊➊ I TOLD MAIL WAS RECALLED
AND RETURNED TO THE SENDER.

I declare under penalty of perjury that the foregoing is true and correct.

*[Signature]* Darnell A. Hixon     Date: 4-1-02

PS Form 2180-B, March 2001

26

Honorable Bernard A. Friedman          Case:  2:06cv12824          150  of  172