Plaintiff Exhibit 11C:    Mlaker Affidavit
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824: Judge Bernard A. Friedman

Plaintiff Exhibit 11C

| U.S. Postal Service **EEO Investigative Affidavit** *(Witness)* | | F | No. 1 | No. Pages 2 | Case No. 4J-4P1-0093... |
|---|---|---|---|---|---|
| 1. Affiant's Name *(First, Middle, Last)* MICHAEL R. MLAKAR | | 2. Employing Postal Facility GREAT LAKES AREA OFFICE | | | |
| 3. Position Title AREA MANAGER LABOR RELATIONS | 4. Grade Level E S | 5. Postal Address and ZIP + 4 244 KNOLLWOOD DR. BLOOMINGDALE, IL 60117 | | | 6. Unit Assigned |

Privacy Act Notice. [fine print privacy act notice text]

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement *(Continue on Form 2569 if additional space is provided.)*

My name is Michael R. Mlaker. I am the Manager of Labor Relations for the Great Lakes Area of the U.S. Postal Service. I am an EAS-25. I have been employed with the Postal Service for 26 years. I was not aware of Mark Schaefer's prior EEO activity. I had no knowledge of any disability issue with Mr. Schaefer. It is the policy of the Postal Service and the Unions to schedule arbitration hearings at the facility where the grievance was initiated. I was not aware that Mr. Schaefer was "banned" from entering the Livonia Post Office. I received his letter. I did not respond because arbitration matters are handled between the Union National Business Agent and my office, not with individual employees. No one contacted me to specifically request to schedule the hearing at Livonia. I have never spoken to Mr. Cappelli. I did not aid him

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed 12/26/01 |
|---|---|

PS Form 2569-B, March 2001

27

Honorable Bernard A. Friedman     Case: 2:06cv12824     151 of 172

Plaintiff Exhibit 11C:    Mlaker Affidavit
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824: Judge Bernard A. Friedman

Plaintiff Exhibit 11C

| UNITED STATES POSTAL SERVICE. EEO Investigative Affidavit *(Continuation Sheet)* | Page No. 2 | No. Pages 2 | Case No. 4T-481-0093-0 |

in writing a letter banning Mr. Schaefer from the
Post Office. To my knowledge, no employee has ever
been arrested for such an action and Mr. Schaefer would
not have been arrested for attending his hearing. A
"ban" placed on Mr. Schaefer by local management
would not affect his contractual rights to appear at
his own hearing.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed 12/26/01 |

PS Form 2569, March 2001

Plaintiff Exhibit 11D

Plaintiff Exhibit 11D:     Gaines Affidavit

Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

| U.S. Postal Service<br>**EEO Investigative Affidavit** *(Witness)* | | Page No.<br>1 | No. Pg.<br>2 | Case No.<br>4J-481-0093-01 |
|---|---|---|---|---|
| 1. Affiant's Name (Last, First, MI)<br>**GAINES, CHARLOTTE A.** | | 2. Employing Postal Facility<br>             **U.S. POSTAL SERVICE** | | |
| 3. Position Title<br>**HUMAN RESOURCES SPECIALIST** | 4. Grade Level<br>**EAS-15** | 5. Postal Address and Zip +4<br>**1401 W. FORT ST.**<br>**DETROIT, MI 48233-9443** | | 6. Unit Assigned<br>**INJURY**<br>**COMPENSATION** |

**Privacy Act Notice**

Privacy Act Notice: The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement *(Continue on Form 2568 if additional space is required)*

My name is Charlotte Ann Gaines. I am a Human Resources Specialist, EAS 15 and assigned to the Detroit District Injury Compensation Office located in Detroit, MI. I have been a Postal Employee for 31 years and 6 months. I am waiving my right to representation, at this time. In the event it becomes necessary, I may be represented by the Detroit District Labor Relations Office. On August 11, 2000, I was made aware that Mr. Schaefer had filed an EEO referencing this open case. A representative from Detroit District EEO requested a review of his file. The knowledge that there was an EEOC case pending had no impact on my dealings with Mr. Schaefer. Based on medical documentation received from Mark Schaefer and the OWCP (Office of Workers' Compensation Programs), I regarded Mr. Schaefer to be totally disabled for all work with the Postal Service. Upon review of medical documentation and concurrence by the Manager, Human Resources, I followed procedures through the Great Lakes Area Office and Headquarters by requesting a Separation Disability for Mr. Schaefer. The Separation Disability was subsequently approved by the authorized higher level Postal Personnel. Mark Schaefer is on the Periodic Rolls with the OWCP. The Periodic Rolls provide totally disabled employees with a compensation check every 28 days, without the need to file a CA7. Injured employees are placed on the Periodic Rolls by the OWCP based on available medical documentation indicating that the employee's disability from work is going to be long term. Employees on the Periodic Rolls must be released to return to work by the OWCP. Upon receipt of valid medical documentation releasing the employee to return to work, the OWCP contacts the employing agency to ascertain if suitable work is available. My role in returning an employee back to work from the Periodic Rolls is to provide suitable work, upon OWCP' request. The Periodic Rolls cases are managed at the Area level. The Detroit District Periodic Rolls cases were managed by Area Human Resource Specialist Debra Benedict in the Alleghany Area Office, located in Cleveland, Ohio. At the local level, I occasionally conversed with Specialist Debra Benedict regarding the status of Mark Schaefer's case. At no time did Ms. Benedict indicate that the OWCP had received valid medical docmumentation releasing Mr. Schaefer to return to work. I was not empowered to return mark Schaefer to full duty or work. The directive to return an employee to work from the Periodic Rolls must come from the OWCP through the Area Human Resources Specialist. This office nor I received any such directive. I sent all documents received by claimant to the OWCP, in a timely manner. I also provided Debra Benedict a copy. My conversation with Mark Schaefer on 03/14/01 consisted of his request for a written response for "why the Post Office is not returning him to work".

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature<br>*Charlotte A. Gaines* | Date Signed<br>**January 3, 2002** |
|---|---|
| PS Form 2568-B, March 2001 | |

30

Plaintiff Exhibit 11D:     Gaines Affidavit
Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

| | | | |
|---|---|---|---|
| **UNITED STATES POSTAL SERVICE®** EEO Investigative Affidavit *(Continuation Sheet)* | Page No. **2** | No. Pages **2** | Case No **4J-481-0093-01** |

I had no conversation with Mr. Schaefer regarding sending him a letter to return to work, which is why he never received one.   I had previously sent the OWCP  a copy of Mark Schaefer's position description (Carrier Technician) at the onset of his claim, in 1997. Debra Benedict received the copy of claimant's position description when she copied his file from the OWCP Periodic Rolls unit. Mr. Schaefer never verbally indicated to me that he had bidded on a position in Livonia, MI and was awarded same. I never received written notification of the bid award and therefore could not submit information to Ms. Benedict regarding his new bid. The OWCP (Office of Workers' Compensation Programs has sole jurisdiction over the FECA (Federal Employees' Compensation Act). The OWCP determines the status of claims (i.e. acceptance, denial, compensation benefits eligibility and work status) based on review of available probative factual and medical information. The local level can not appeal OWCP rulings or override them. Mr. Schaefer's case was primarily managed at the Area level and the OWCP.  There was no error or abuse in the local level management of Mr. Schaefer's case. Attached are letters addressed to Mr. Schaefer referencing the status of his case and his request to return to work. Letters are from the OWCP, Debra Benedict and Leonard L. Brown. Mr. Schaefer's case was managed per 20 CFR 10.2 which indicates ' the Director, Office of Workers' Compensation Programs and his or her designees have the sole authority  for the administration, implementation and enforcement of the provisions under the FECA'. All decisions regarding claim issues are made by the US Department of Labor.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| *[signature]* | **January 3, 2002** |

PS Form 2569, March 2001

EXHIBIT E
P. 2 of 2

3\

Plaintiff Exhibit 11E

Plaintiff Exhibit 11E:     Hill Affidavit

Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

**U.S. Postal Service**
**EEO Investigative Affidavit** *(Witness)*

| | Page No. | No. Pages | Case No. |
|---|---|---|---|
| | 1 | 3 | 4J-481-0093- |

1. Affiant's Name (First, Middle, Last)
George Calvin Hill MD

2. Employing Postal Facility
Detroit GWY

3. Position Title
Associate Area Med. Director

4. Grade Level

5. Postal Address and ZIP + 4
1401 W. Fort m 347
Detroit, MI 48233-9441

6. Unit Assigned
Medical

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations; contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS; to an agency functions; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to investigate, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2569 if additional space is required)

My Name is George C. Hill M.D. My Job title is associate area medical Director GLA. I am stationed at U.S. Post office Detroit CWY on Monday Tuesday Wednesday and Friday and assigned to Royal Oak on Thursday but I am responsible for medical care at all postal facilities in the state of Michigan. I have been employed by the U.S. Postal Service since 11 May 2000. I waive the right for representation. I was not aware of Mark Schaifer's EEO until 19 Sept 01. On that Date I became aware of the EEO activity after seeing a letter sent to Mr. Thomas Erb Esq Judge 19 Sept 01 is the last date of my entry into the medical record of Mr Schaefer and the knowledge of EEO activity did not influence my interactions with Mr Schaefer, as there has been none until I received request for an EEO Investigative Affidavit. I had been instructed to not perform an examination on Mr Sch

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature
George C. Hill, M.D. AFFIDAVIT F

Date GEORGE C. HILL M.D.
DEC 2 1 2001

PS Form 2569-B, March 2001

p. 1 of 3

35

Plaintiff Exhibit 11E: Hill Affidavit
Schaefer v. United States - EEOC: Case # 2:06-cv-12824: Judge Bernard A. Friedman

**UNITED STATES POSTAL SERVICE.**

**EEO Investigative Affidavit** *(Continuation Sheet)* | Page No. 2 | No. Pages 3 | Case No. HCJ-481-0090-c

as he was no longer an employee of the U.S. Postal Service.
This direction to not examine Mr. Schaefer came from the Mgr
of Injury Comp Ms Gwendolyn Johnson. After being on OWC P for an
extended period of time, the employee is re-examined by 2485
Fitness for duty proceeding and if more complicated Evaluation
can be effected by Independent Medical Evaluation. I was
informed by Ms Gwendolyn Johnson, Mgr g Inj comp who stated
the Mr Schaefer should not be examined, as he was no longer
an employee of the U.S. Postal Service. My memo dated 9 mar 01
was based on my assessment of the evaluations of Mr Shaefer
by Dr Edward Nol on 27 Aug 1997, by Dr Richard S. Jackson
on 14 Nov 97, by report g Dr. Jean Alce on 23 July 97 and
repeated not fit for duty statements g Dr. Jean Alce and
the apparent reluctance g Mr. Shaefer to return to work
until he was separated from Service by the Postal Service. It
was also influenced a sudden change in the evaluation
g the fat by Dr Alce. These sudden changes in evaluation g
his physician Dr Alce and the change g desire with respect to
returning to work, all occurred together, and reflected
an acute change in conditions and attitudes. If indeed the
previous conditions were so serious, I could not expect
or comprehend the sudden change in attitudes. There were
also concern for the safety g the employee, other employee's and
the work place. The Policy g requesting medical files by
the employee is that all records in a file will be released
to the employee upon presentation g a signed release by the

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature: George C. Hill M.D

Date Signed: GEORGE C. HILL M.D.   DEC 2 1 2001

PS Form 2569, March 2001

2   3   34

Honorable Bernard A. Friedman      Case: 2:06cv12824      156 of 172

Plaintiff Exhibit 11E

Plaintiff Exhibit 11E:    Hill Affidavit
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824: Judge Bernard A. Friedman

**UNITED STATES POSTAL SERVICE®**

**EEO Investigative Affidavit** *(Continuation Sheet)*

| Page No. | No. Pages | Case No. |
|---|---|---|
| 3 | 3 | 4J481-0093-01 |

employees. However, there is an exception in psychiatric
evaluations as these are released only to a physician
M.D or D.O. Designee by the Employee. Psychiatric record
and evaluations are never released directly (directly)
to the employee but only to a physician designee e.g. the
employee. I don't recall any problem with release of medical
data to this pt. It may have occurred prior to my begin
working here as the problems of Mr Schaefer began in late
June of 1997. I began working here on 11 Mar 2000.
I have records and data in chart dated 25 July 2001 in
which I directed clerk to _____ pull chart for me to re
view prior to release of information. I also have formerly
which an I M E was scheduled by me and this was
cancelled by the Mgr of Injury Compensation Gwen Johnson.
Cancellation an I M E by injury compensation is final in that
that department pays for the I M E as well as directs
me through appropriate request to arrange for an I M E
I am unable to schedule an arrange an I M E with
assurance that remuneration from I M E is available
This is The End. George C. Hill, M.D

---

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | | Date Signed |
|---|---|---|
| George C. Hill M.D | | GEORGE C. HILL M.D |
| PS Form 2569, March 2001 | 3 2 | DEC 2 1 2001   35 |

Honorable Bernard A. Friedman          Case:   2:06cv12824

Plaintiff Exhibit 11F:     Ava Brown  Affidavit

Plaintiff Exhibit 11F

Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

U.S. Postal Service

**EEO Investigative A..davit** *(Witness)*

| Page No. | No. Pages | |
|---|---|---|
| | 1 | |

1. Affiant's Name (First, Middle, Last)

2. Employing Postal Facility

3. Position Title

4. Grade Level

5. Postal Address and ZIP + 4

6. Unit Assigned

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes where pertinent, to a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

...

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2569 if additional space is required)

Mr Schafer was not here when I came to Livonia and has not been here.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant's Signature

Date Signed
4-3-02

PS Form 2569-B, March 2001

G
p. 1 04                                    37

Honorable Bernard A. Friedman          Case:   2:06cv12824                    158  of  172

Plaintiff Exhibit 11F:     Ava Brown  Affidavit
Schaefer v. United States - EEOC:        Case # 2:06-cv-12824:  Judge Bernard A. Friedman

Plaintiff Exhibit 11F

## INSTRUCTIONS FOR COMPLETING AN AFFIDAVIT

---

### READ THE FOLLOWING INSTRUCTIONS COMPLETELY
### *BEFORE* YOU WRITE YOUR AFFIDAVIT

---

*Be advised that an affidavit is a written declaration made under oath and can be entered as evidence in a court of law.  Also, be advised that anyone completing an affidavit has the right to representation should he/she so choose.*

---

**A. COMPLETING EEO INVESTIGATIVE AFFIDAVIT PS Form 2568-B:**

1. Read **all** the information provided so that you know what the issues are about.

2. The questions you must address are enclosed.  Be sure you read them completely and fully understand the issues before you begin you affidavit.

3. Complete the following items on the header of the affidavit:
    Item 1 Affiant's Name:  Your Name  A V A  D i a v e  B r o w n
    Item 2 Employing Postal Facility:  City State and Zip+4 of your office Livonia, Michigan 48150-9998
    Item 3 Position Title:  Your Title Supervisor Customer Service
    Item 4 Grade Level:  Your Grade Level EAS 16
    Item 5 Postal Address and Zip+4:  of your installation 11800 Merriman  Livonia, MI 48150-44
    Item 6 Unit Assigned.  Leave blank if unknown

4. Item 7 is your statement.
    **WRITE A CLEAR, CONCISE STATEMENT OF THE FACTS IN STORY FORM.**

    a.  **DO NOT** number the questions on the affidavit.

    b.  **DO NOT** use yes or no answers.

    **Do -- Convert the questions into a statement written in the first person** -- adding the information that you will be giving.  (Example ---- Question:  Did you see what happened?  Affidavit answer:  I did see what happened and here are the facts...)

    c.  **DO NOT** leave any blank space in the body of your affidavit -- do not indent the first line of each paragraph or leave a line between paragraphs.  Start at the left margin of the page and write all the way to the right margin of the page leaving no empty space in the body of your statement.

    d.  Type or print your affidavit using black ink only.

    e.  Initial any errors, changes, or corrections.

5. Use PS FORM 2569 EEO Investigative Affidavit (Continuation Sheet) when additional space is needed

Page 1 of 2

G<br>2 . 4

38

---

Honorable Bernard A. Friedman          Case:   2:06cv12824                              159  of 172

Plaintiff Exhibit 11F

Plaintiff Exhibit 11F:    Ava Brown  Affidavit
Schaefer v. United States - EEOC:        Case # 2:06-cv-12824: Judge Bernard A. Friedman



### MARK SCHAEFER
### EEO FILE #4J-481-0093-01
### INVESTIGATIVE QUESTIONS FOR AVA BROWN

*Note: In order to ensure your affidavit is clear and detailed, you must answer every question and every subpart of every question. If you cannot answer a question, state why you cannot answer. You may give approximations, but only when you cannot be more specific and only when you indicate that your answer is an approximation.*

1. State the following information:
   A.    Your complete name  AVA Diane BrowN
   B.    Your job title  SupervisoR Customer Service
   C.    Your grade level  EAS 16
   D.    The Post Office at which you are employed  Livonia Main
   E.    The length of time you have been employed with the Postal Service  17 years

2. You have the right to representation. State whether you are waiving this right, or indicate the following information regarding your representative:
   A.    Name
   B.    Title
   C.    Complete address
   D.    Telephone number
   E.    Date retained

3. Prior to March 1, 2001, were you aware of Mark Schaefer's prior EEO activity? If so, state the following information:  NO
   A.    When you became aware
   B.    Specifically how you became aware
   C.    Whether or not this knowledge affected any dealings you had with Mr. Schaefer

4. At this time or any time after, did you regard Mr. Schaefer as being disabled?  NO

5. Mr. Schaefer states he was high bidder on route 5027 yet you never notified him that he was awarded the route. Explain why you never contacted him. Was he assigned to this route? Have you ever notified any other employee(s) they were awarded a route while they were off work on an extended leave pending a return?  NO

6. Mr. Schaefer states he was also the high bidder on route 5406 on 3-21-01 yet you never notified him that he was awarded the route. State why you never contacted him. Was he assigned to this route?  NO

7. What is the policy regarding a recovered employee returning to work after an extended absence? Was this policy followed? If not, explain why not.
   Yes



39

Honorable Bernard A. Friedman          Case:   2:06cv12824                    160  of 172

Plaintiff Exhibit 11F

Plaintiff Exhibit 11F:     Ava Brown  Affidavit
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

8. Is a Fitness for Duty Exam required after an employee has been off ill/injured for an
extended period of time? If so, who is responsible for setting up the FFD? *Yes, Management or and the end of Injury Complyes*

9. To your knowledge, was a FFDE set up for Mr. Schaefer? If so, what was the result?
*Mr. Schaefer is totally and permanently disabled for any type of*

10. Did you contact the injury compensation department regarding Mr. Schaefer's request to return to work? If so, state: *No ☉* *employment. the Postal Ser*
   A. Who you spoke with
   B. What instructions they gave you

11. Mr. Schaefer states you instructed him he wasn't to use the employee entrance. State
why he wasn't allowed to use the employee entrance and whether or not you've ever
not allowed any other employees to use the employee entrance. *We Never Made Cooke*

12. Why did you decide to issue a disability separation to Mr. Schaefer? State any
specific policies you relied upon when making this decision. *Past documentation*

13. Explain why Mr. Schaefer wasn't allowed to return to work. *His FFDE*

14. Mr. Schaefer alleges you delayed and falsified form 3112h, the supervisor statement
for the disability retirement application. Respond to this statement. (A copy of form
3112B that you completed is enclosed for your reference) *I filled out the*
*3112B to the best of my ability.*

15. State any additional information you may have regarding this complaint.

16. State any policies, procedures, etc. you followed or used while handling any of the
incidents cited in this complaint. State specific citations.

17. Provide any documentation you may have that supports your answers or is relevant to
this complaint.

4. $\frac{G}{4}$

40

Plaintiff Exhibit 11G:    L. Brown
Schaefer v. United States - EEOC:        Case # 2:06-cv-12824: Judge Bernard A. Friedman

Plaintiff Exhibit 11G

| U.S. Postal Service | | Page No. | No. Pgs. | Case No. |
|---|---|---|---|---|
| EEO Investigative Affidavit *(Witness)* | | 1 | 2 | |
| 1. Affiant's Name (Last, First, MI) BROWN, LEONARD L. | | 2. Employing Postal Facility DETROIT DISTRICT POST OFFICE | | |
| 3. Position Title MANAGER, HUMAN RESOURCES | 4. Grade Level EAS-24 | 5. Postal Address and Zip +4 1401 WEST FORT STREET, 10TH FLOOR DETROIT, MI 48233-9994 | | 6. Unit Assigned DISTRICT OFFICE |

**Privacy Act Notice**

Privacy Act Notice: The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency at request when relevant to its decision concerning employment, security clearances, security or suitability investigations,    contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement *(Continue on Form 2569 if additional space is required)*

I, Leonard L. Brown, Manager, Human Resources, EAS-24, for the Detroit District, have held this position since November 1999, do hereby waive the right to representation.

I had no knowledge of Mr. Schaefer's EEO activity prior to March 1, 2001, and was made aware of his present case when I received the request for an affidavit. I did not regard Mr. Schaefer as being disabled, however, as unable to perform the requirements and conditions of the employment for which he was hired. With respect to the letter dated March 5, 2001 to Mr. Schaefer, the Injury Compensation Department is but one of the functional departments that report to the Manager of Human Resources.

The Injury Compensation Department's purpose is to receive and process claims associated with work-related illnesses and injuries. As the manager, I am requested to sign, as such, numerous letters to employees who have suffered injuries or illnesses resulting from work-related activities. The correspondence to Mr. Schaefer dated March 5, 2001, was but one of them. It is rare that I am fully knowledgeable of the facts or circumstances of the case or the individual of concern. To my recollection, this was the case with Mr. Schaefer. I rely on my departments to properly administer the program or work within that unit.

While I don't specifically recall speaking to Mr. Schaefer on March 13, 2001, it would be a likely response that I didn't remember sending out the aforementioned letter in light of my earlier comments. I have no knowledge of Postmaster, James Cappelli's involvement with the scheduling of Mr. Schaefer's Fitness for Duty examination, nor do I recall any specific discussions concerning his attempt to return to work. Mr. Schaefer was not allowed to return to work based on the factors outlined in the correspondence to him dated March 19, 2001. It is the District's policy to obtain a Fitness for Duty examination prior to initiating a disability separation.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature *Leonard Brown* | Date Signed 4-8-02 |
|---|---|
| PS Form 2569-B, March 2001 | |

AFFIDAVIT **H**
p. **1** of **2**

41

Honorable Bernard A. Friedman        Case:    2:06cv12824

Plaintiff Exhibit 11G:    L. Brown
Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

| UNITED STATES POSTAL SERVICE® EEO Investigative Affidavit (Continuation Sheet) | Page No. 2 | No. ages 2 | Case No. |
|---|---|---|---|

The Joyfield Station was phoned to hold a "specific" piece of mail from being delivered to Mr. Schaefer. This was at my request. The reason for holding the mail piece was to give me an opportunity to discuss the issues and facts with members of management, who were familiar with the case, prior to delivery.

These efforts, however, were unsuccessful and all mails addressed to Mr. Schaefer were delivered. I don't recall if I had conversations with him concerning this matter, but I do recall speaking with a Postal Inspector who had been contacted concerning this matter. It was my understanding that the Inspector's response would respond to all areas at issue concerning this matter.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| *Leonard Brown* | 4-8-02 |

PS Form 2669, March 2001

AFFIDAVIT **H**
p. **2** of **2**

**4\a**

Honorable Bernard A. Friedman      Case:   2:06cv12824      163 of 172

Plaintiff Exhibit 11H:     Price Affidavit
Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

| U.S. Postal Service<br>EEO Investigative Affidavit *(Witness)* | | Page No.<br>**1** | No. Pag<br>**1** | Case No.<br>**4J481009301** |
|---|---|---|---|---|
| 1. Affiant's Name (Last, First, MI)<br>**PRICE, CAROLYN A.** | | 2. Employing Postal Facility<br>**GEORGE W. YOUNG FACILITY/DETROIT DISTRICT** | | |

| 3. Position Title<br>**MANAGER, EEO DISPUTE RESOLUTION** | 4. Grade Level<br>**EAS-19** | 5. Postal Address and Zip +4<br>**1401 W. Fort Street Room 818<br>DETROIT, MI 48233-9411** | 6. Unit Assigned<br>**EQUAL EMPLOYMENT OPPOR** |
|---|---|---|---|

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct**

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2569 if additional space is required)
I have served as the Manager, EEO for twelve years. Prior to that I was assigned to the position of EEO Counselor/Investigator for four years and to the position of Central Region EEO Investigator for eight years. I at no time withheld any of the necessary documents required by the complainant to file a complaint or in any manner attempted to restrain or impede his right to file a complaint against the Postal Service. I still do not have any idea as to what the complainant was referencing about his mail being pulled by my supervisor or anyone else. All the documents that the complainant filed in his formal complaint were made apart of his investigative file. This was verified with staff from the appeals office. No documents were withheld. My comment to the complainant was "I must be confusing you". If I offended the complainant I apologize. No offense, malice or insult was intended.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature<br>*Carolyn A. Price* | Date Signed<br>*April 5, 2002* |
|---|---|

PS Form 2565-B, March 2001

AFFIDAVIT I
p. 1 of 1

42

Plaintiff Exhibit 11l:    Spencer Affidavit

Schaefer v. United States - EEOC:    Case # 2:06-cv-12824: Judge Bernard A. Friedman

| EEO Investigative Affidavit (WITNESS) | | Page No. I | No. of Pages I | Case No. 4-J-481-0093-01 |
|---|---|---|---|---|
| 1. Affiant's Name (First, Middle, Last) RUBY M. SPENCER | | 2. Employing Postal Facility GEORGE W. YOUNG POSTAL FACILITY | | |
| 3. Position Title DISPUTE RESOLUTION SPECIALIST | 4. Grade Level EAS- 17 | 5. Postal Address and Zip + 4 1401 WEST FORT RM. 816 DETROIT MI 48233-9402 | | 6. Unit Assigned HUMAN RESOURCES |

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.633a; The Rehabilitation Act of 1973, as amended, 29 U.S.C. 794a, and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes, where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearance, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearance, security or suitability

investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

I, Ruby M. Spencer, EEO Dispute Resolution Specialist (DRS), EAS-17, am assigned to the Detroit District EEO Office. I have held this position since July 2000. My previous position, from 1986 until July 2000 was as EEO Counselor/Investigator (C/I). Mark E. Schaefer's, hereinafter referred to as the complainant, EEO complaint was assigned to me on April 18, 2001. During the Initial Interview he completed the same EEO forms, as other employees prior to discussing their EEO case with the DRS. There was no disparity in how his case was handled. Impartial interviews and inquiries were conducted regarding his allegation of discrimination as per usual and customary. The complainant was not pressured or coerced into signing or submitting any documentation. I do not have the authority to discontinue processing any employee's EEO case. I must go through the same process and procedures with all employees who file EEO complaints. The complainant asked a lot of questions and I responded to the best of my ability, based on EEOC regulations, Federal law, Executive Orders, postal regulations, etc. I continuously explained how the EEO process worked throughout the Initial Interview and especially during the Final Interview with the complainant. I did not deliberately delay the complainant's EEO case, mislead, discourage or commit any fraudulent acts against him.

- NOTHING BELOW THIS LINE -

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature _Ruby M. Spencer_ | Date _April 4, 2002_ |
|---|---|

43

Plaintiff Exhibit 11J

Plaintiff Exhibit 11J: Lave letter
Schaefer v. United States - EEOC: Case # 2:06-cv-12824: Judge Bernard A. Friedman

EASTERN AREA INJURY COMPENSATION
U S POSTAL SERVICE

 **UNITED STATES
POSTAL SERVICE**

December 17, 2001

TAMMY KLEIN
EEO COMPLAINTS INVESTIGATOR
1401 W FORT ST    RM 816-B
DETROIT MI 48233-9994

RE: Mark Schaefer

Dear Ms. Klein,

I am in receipt of two affidavits for employees that are not employed by this office. Debra
Benedict transferred to the Dept. of Labor in July of this year and William Naples is the
Manager, Injury Compensation in the Cleveland District office.

While employed by our office, Debra had administrative responsibility for Mr. Schaefer's
injury compensation claim. The case has been reassigned to Beth Eliopoulos of the
Greater Michigan District as of September of this year. I'm returning the affidavits to you as
I cannot assist you without the case file.

If you have any additional questions, please call me at the number listed below.

Sincerely,

*Sharon Lave*

Sharon Lave
A/Human Resources Analyst
Eastern Area

P O BOX 93457
CLEVELAND OH 44181-8457
216-443-4753
FAX  215-443-4973

214

Honorable Bernard A. Friedman          Case:   2:06cv12824                    166  of  172

Plaintiff Exhibit 11K

Plaintiff Exhibit 11K:    Gaines Affidavit
Schaefer v. United States - EEOC:    Case # 2:06-cv-12824; Judge Bernard A. Friedman

| U.S. Postal Service **EEO Investigative Affidavit** (*Witness*) | | Page No. **1** | No. Pages **2** | Case No. **4J-481-0093-01** |
|---|---|---|---|---|
| 1. Affiant's Name (Last, First, MI) **GAINES, CHARLOTTE A.** | | 2. Employing Postal Facility **U.S. POSTAL SERVICE** | | |
| 3. Position Title **HUMAN RESOURCES SPECIALIST** | 4. Grade Level **EAS-15** | 5. Postal Address and Zip +4 **1401 W. FORT ST. DETROIT, MI 48233-9443** | | 6. Unit Assigned **INJURY COMPENSATION** |

### Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a, the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a, and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes, where pertinent, in a legal proceeding to which the USPS is a party or has an interest, to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage, to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an administrative law judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2568 if additional space is required)

My name is Charlotte Ann Gaines. I am a Human Resources Specialist, EAS 15 and assigned to the Detroit District Injury Compensation Office located in Detroit, MI. I have been a Postal Employee for 31 years and 6 months. I am waiving my right to representation, at this time. In the event it becomes necessary, I may be represented by the Detroit District Labor Relations Office. On August 11, 2000, I was made aware that Mr. Schaefer had filed an EEO referencing his open case. A representative from Detroit District EEO requested a review of his file. The knowledge that there was an EEOC case pending had no impact on my dealings with Mr. Schaefer. Based on medical documentation received from Mark Schaefer and the OWCP (Office of Workers' Compensation Programs), I regarded Mr. Schaefer to be totally disabled for all work with the Postal Service. Upon review of medical documentation and concurrence by the Manager, Human Resources, I followed procedures through the Great Lakes Area Office and Headquarters by requesting a Separation Disability for Mr. Schaefer. The Separation Disability was subsequently approved by the authorized higher level Postal Personnel. Mark Schaefer is on the Periodic Rolls with the OWCP. The Periodic Rolls provide totally disabled employees with a compensation check every 28 days, without the need to file a CA7. Injured employees are placed on the Periodic Rolls by the OWCP based on available medical documentation indicating that the employee's disability from work is going to be long term. Employees on the Periodic Rolls must be released to return to work by the OWCP. Upon receipt of valid medical documentation releasing the employee to return to work, the OWCP contacts the employing agency to ascertain if suitable work is available. My role in returning an employee back to work from the Periodic Rolls is to provide suitable work, upon OWCP' request. The Periodic Rolls cases are managed at the Area level. The Detroit District Periodic Rolls cases were managed by Area Human Resource Specialist Debra Benedict in the Alleghany Area Office, located in Cleveland, Ohio. At the local level, I occasionally conversed with Specialist Debra Benedict regarding the status of Mark Schaefer's case. At no time did Ms. Benedict indicate that the OWCP had received valid medical docummentation releasing Mr. Schaefer to return to work. I was not empowered to return mark Schaefer to full duty or work. The directive to return an employee to work from the Periodic Rolls must come from the OWCP through the Area Human Resources Specialist. This office nor I received any such directive. I sent all documents received by claimant to the OWCP, in a timely manner. I also provided Debra Benedict a copy. My conversation with Mark Schaefer on 03/14/01 consisted of his request for a written response for "why the Post Office is not returning him to work".

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| *Charlotte A. Gaines* | **January 3, 2002** |

PS Form 2568-B  March 2001

*Charlotte A. Gaines*     11/25/02     000057

Honorable Bernard A. Friedman            Case:  2:06cv12824            167 of 172

Plaintiff Exhibit 11K

Plaintiff Exhibit 11K:      Gaines Affidavit
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

| **UNITED STATES POSTAL SERVICE®** EEO Investigative Affidavit *(Continuation Sheet)* | Page No **2** | No. Pages **2** | Case No. **4J-481-0093-01** |
|---|---|---|---|

I had no conversation with Mr. Schaefer regarding sending him a letter to return to work, which is why he never received one.   I had previously sent the OWCP a copy of Mark Schaefer's position description (Carrier Technician) at the onset of his claim, in 1997.   Debra Benedict received the copy of claimant's position description when she copied his file from the OWCP Periodic Rolls unit.  Mr. Schaefer had verbally indicated to me that he had bidded on a position in Livonia, MI and was awarded same. I never received written notification of the bid award and therefore could not submit information to Ms. Benedict regarding his new bid. The OWCP (Office of Workers' Compensation Programs has sole jurisdiction over the FECA (Federal Employees' Compensation Act). The OWCP determines the status of claims (i.e. acceptance, denial, compensation benefits eligibility and work status) based on review of available probative factual and medical information.  The local level can not appeal OWCP rulings or override them.  Mr. Schaefer's case was primarily managed at the Area level and the OWCP.  There was no error or abuse in the local level management of Mr. Schaefer's case. Attached are letters addressed to Mr. Schaefer referencing the status of his case and his request to return to work.  Letters are from the OWCP, Debra Benedict and Leonard L. Brown.  Mr. Schaefer's case was managed per 20 CFR 10.2 which indicates ' the Director, Office of Workers' Compensation Programs and his or her designees have the sole authority  for the administration, implementation and enforcement of the provisions under the FECA'. All decisions regarding claim issues are made by the US Department of Labor.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature | Date Signed |
|---|---|
| *Charlotte A. Gaines* | **January 3, 2002** |

PS Form 2569, March 2001

*Charlotte A. Gaines*      11/26/02      000058

Plaintiff Exhibit 11K

Plaintiff Exhibit 11K:      Gaines Affidavit
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

---

Qualification Standards—Bargaining Unit Positions                                      2300x

---

### Carrier Technician—Level 6 (2310-02)

Document Date: November 30, 1987

---

#### Function

As principal carrier for a designated group of not less than 5 letter routes, delivers mail on foot or by vehicle on the routes in his group during the absence of the regularly assigned carrier, and provides job instruction to newly assigned carriers.

#### Description of Work

See Handbook EL-201 (P-1), *Standard Position Descriptions*, for the occupation code given above.

#### Proficiency Requirements

1. **General**

   Applicants must have demonstrated to a sufficient degree the following skills, abilities, and knowledge to assure adequate performance in the position:

   B-6.     Ability to use reference materials and manuals particularly as it relates to city delivery service.

2. **Special**

   Applicants must have:

   a.   Ability to instruct new carriers in the office and street duties and responsibilities of a city carrier.
   b.   Ability to work independently.
   c.   Ability to work with carriers in improving delivery service and in maintaining cooperative relationships with customers.

#### Experience Requirements

1. At least 2 years of postal experience, of which at least 1 year must have been in the performance of city carrier duties.

2. Successful completion of a 4-year high school curriculum may be substituted for 1 year of the required experience, but not for the 1 year of experience as city carrier.

**Note:** The required amount of experience will not in itself be accepted as proof of qualification. The applicant's record of experience and training must show the ability to perform the duties of the position.

EL-303, TL-2, 11-30-87

000060

---

Plaintiff Exhibit 11L

Plaintiff Exhibit 11L: Norfleet Affidavit
Schaefer v. United States - EEOC: Case # 2:06-cv-12824: Judge Bernard A. Friedman

OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY
GREAT LAKES AREA
 UNITED STATES
POSTAL SERVICE®

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

|  |  |  |  |
|---|---|---|---|
| Mark E. Schaefer, | ) | | |
|   Complainant, | ) | | |
| | ) | | |
| v. | ) | **Case Number:** | **4-J-481-0155-00** |
| | ) | **Formal Filing Date:** | **Remanded** |
| John E. Potter, | ) | | **06A21203** |
| **Postmaster General,** | ) | | **01A10356** |
|   Respondent. | ) | | |
| | ) | | |

**Date: October 22, 2002**

**To: Shelia Norfleet**

## REQUEST FOR AFFIDAVIT

Please be advised that an investigation have been commenced into the above EEO complaint. In this complaint, Mr. Schaefer alleges discrimination based on his Mental Disability regarding the following issue(s):

1.      Denied reasonable accommodation when the doctor's orders were not followed and no suitable position or workplace was recommended

2.      Physically assaulted by supervisor

You are requested to submit an affidavit. An affidavit is a declaration made under oath, affirmation, or written statement of penalty of perjury. It is taken without a pledge of confidence and will be included in the investigation file. Once the investigation is completed, a copy of the investigative file will be provided to the Complainant. The investigative file forms the basis upon which a Final Agency Decision on this EEO

1401 W. Fort Street, Room 816-B
Detroit MI 48233-9994
313-226-8106
FAX 313-983-2051

000796

Plaintiff Exhibit 11L

Plaintiff Exhibit 11L:      Norfleet Affidavit
Schaefer v. United States - EEOC:      Case # 2:06-cv-12824: Judge Bernard A. Friedman

complaint will be determined.  *Your testimony is necessary, as it will constitute the official articulation of the Postal Service's non-discriminatory reason for the above action.*  **The enclosed questions must be answered in your affidavit.**

Please be advised you have the right to elect an individual of your choosing to represent you in this matter.  It is important that you begin to prepare your testimony immediately, as your **response must be submitted within five (5) days of your receipt of this request.**

Enclosed for the purpose of submitting your affidavit you will find:

1.  A list of questions to be answered
2.  Instructions for completing your affidavit
3.  One copy Ps Form 2568-B, *EEO Investigative Affidavit (Witness)*
4.  Four copies PS Form 2569, *EEO Investigative Affidavit (Continuation Sheet)*
5.  PS Form 2571, *Certification*

Thank you for your anticipated cooperation in this matter.  If you have any questions, please do not hesitate to contact me at (313) 226-8108.

Sincerely,

Vanessa R. Lodge
Ad Hoc EEO Investigator

Enclosures

1401 W. Fort Street, Room 814-D
Detroit MI 48233-9994
313-226-8108
FAX 313-963-2051

000797

Plaintiff Exhibit 11L:     Norfleet Affidavit                                     Plaintiff Exhibit 11L
Schaefer v. United States - EEOC:     Case # 2:06-cv-12824: Judge Bernard A. Friedman

| U S Postal Service **EEO Investigative Affidavit** *(Witness)* | | Page No. **1** | No Pages | ‥se No |
| 1. Affiant's Name (Last, First, MI) **NORFLEET, SHEILA A.** | | 2. Employing Postal Facility **INKSTER POST OFFICE** | | |
| 3. Position Title **CUSTOMER SERVICE SUPERVISOR** | 4. Grade Level **EAS-17** | 5. Postal Address and Zip +4 **27631 MICHIGAN AVENUE 48141.8998** | | 6. Unit Assigned **0141** |

### Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000a-16: the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, credentials, licenses, grants or other benefits; to a congressional office at your request, in an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

### USPS Standards of Conduct

Postal Service regulations require all postal employees to cooperate in any postal investigation.
Failure to supply the requested information could result in disciplinary action. (ELM 666)

7. Statement (Continue on Form 2569 if additional space is required)

On Saturday, July 6, 2002 Mr. Mark Schaefer kept walking away from his carrier case which was directly behind the supervisors desk. The supervisor desk puts their back to the case which is route 5043 if I'm not mistaken. The route belonged to Donna High and Mr. Schaffer was the T-6 on her route. I had instructed Mr. Schaffer on going to his route and casing the flats on his route. Mr. Schaffer came to my desk and cracked a joke as he so often did. I was talking to a couple of carriers at the time concerning their pay and when he cracked his joke and I laughed and put my hand up which lightly touched his chest and said "get out of here". I continued talking to the carriers and then to the clerks to have 3971's(Notification of Absence) signed and the time put in since it was the end of the pay period. After another 10 minutes I went back in the time office at Livonia and sat and ate a bagel and drank a cup of coffee while I answered the timekeepers questions.

I went back to the workroom floor and observed Mr. Schaefer at another carriers case around the corner from his case. He was having a conversation with two other carriers, Gary Burda and Tom the express person. I again instructed Mr. Schaefer to go back to his case. He turned around and frowned at me and started saying stay away from me, you tried to kill me . Mr. Schaefer then went back to his case and cased some mail on the route. This all happened at approximately 8:30a.m. At approximately 10:00a.m. he was paiged to the telephone and the person said it was the postal inspectors.

Mr. Schaefer's girlfriend(Laura Stimac) filed an EEO against me and lost the case in March of 1997(see attached Summary). I believe this was an attempt to get revenge for her. I believe someone help him put this together due to some of the route changes that had just recently taken place.
Mr. Schaefer didn't ask to seek medical attention until after the Inspector came to our office at approximately 12:00p.m. Per the medical documentation, he showed no signs of injury until three days later on a Monday when he went to injury compensation.

Mr. Schaefer also pressed charges against me and I had to go to court to defend my life and my honor on December 10, 1997. This was a very stressful time although the judicial system in Livonia was fair and the case was dismissed(see court transcript). I am unable to find all of the relevant papers due to remodeling of my basement but they will be forwarded before the week is over. there will be attached statements made at the time.

I declare under penalty of perjury that the foregoing is true and correct.

| Affiant's Signature *Sheila Norfleet* | Date Signed **11/30/02** |

000052

Honorable Bernard A. Friedman         Case: 2:06cv12824                        172 of 172