UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. SCHAEFER,

      Plaintiff,

vs.

CARL M. DOMINQUEZ, Chair of the
Equal Employment Opportunity Commission and
THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Defendants.
_____/

Civil Action No.
06-CV-12824

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the court on defendant's motion to dismiss [docket entry 9]. Plaintiff has filed a response brief and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has brought this action against the Equal Employment Opportunity Commission ("EEOC") and its chairperson, Carl M. Dominquez. The rambling and largely unintelligible complaint purports to assert claims for "Abuse of Process with misrepresentation, deceit, and interference with contract rights as the USPS called it: 'problems with EEOC processing' against the plaintiff rights pursuant 42 USC § 2000e-17." Complaint, p. 2. As best the court can determine, plaintiff is unhappy with the way the EEOC handled one or more complaints he filed with that agency regarding alleged discrimination he suffered while employed by the United States Postal Service. Among other things, plaintiff alleges that the EEOC "has interfered and misrepresented the plaintiff," "did not investigate the plaintiff's

claim #4," "allowed the changing the name of the charged party from the USPS to the OWCP in reference to plaintiff's claims 1,2,3 in 2000," "did not investigate the lack of creditability on the part of the USPS," discourages plaintiff from acting as representative for other EEOC cases," and has "intentionally allowed the USPS to abuse the process." *Id.*, pp. 2-3. He also alleges that defendants have "refused to answer the plaintiff letters," that the EEOC has "intentionally delayed the proper consolidation of plaintiff's complaint," thereby allowing "the plaintiff to be subject to the gross neglect of consolidation." *Id.*, p. 3. Similar additional allegations are made over the course of the next several pages of the complaint. The purported jurisdictional basis is 28 U.S.C. § 1346 (Federal Tort Claims Act) and 42 U.S.C. § 2000e-16(c) (Title VII). For relief, plaintiff seeks $25 million.

Defendants seek dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In short, they argue that the complaint is barred by the doctrine of sovereign immunity. Defendants note that the Federal Tort Claims Act ("FTCA") does not waive immunity for intentional torts and that Title VII authorizes suits against employers but not against the EEOC.

In his 172-page response, plaintiff makes clear that the basis of his lawsuit is that defendants did not handle his claims against the Postal Service to his satisfaction. The law does not recognize any such claim, as demonstrated by the extensive case authority cited at pages 8 through 12 of defendants' brief. Plaintiff's remedy was to sue his employer, the Postal Service, which he did, albeit unsuccessfully. *See Schaefer v. Potter, Postmaster General*, No. 06-CV-12735 (E.D. Mich. April 17, 2007) (accepting magistrate judge's report and recommendation to dismiss some of plaintiff's claims and grant summary judgment for defendant on the others). His claims in this case are not authorized by Title VII, which creates no right of action against the EEOC itself or its

director, and the suit is clearly barred by the doctrine of sovereign immunity. *See, e.g., Fed'l Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *Edwards v. U.S. Dep't of Energy*, 200 Fed.Appx. 382, 388 (6th Cir. 2006) ("The United States is protected from suit by sovereign immunity absent a waiver"); *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: August 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2007, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager